UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| COMMISSIONS IMPORT EXPORT S.A., <br>     86, Avenue Foch <br>     Quartier Cathedrale <br>     BP 1244 <br>     Brazzaville, Republic of the Congo <br><br>                        *Petitioner*, <br><br>                     v. <br><br> REPUBLIC OF THE CONGO, <br>     Blvd. Alfred Raoul <br>     BP 2070 <br>     Brazzaville, Republic of the Congo <br><br>                        *Respondent*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:13-cv-713 |

## PETITION TO CONFIRM ARBITRAL AWARD

Petitioner Commissions Import Export S.A. ("Commisimpex" or "Petitioner"), by and through its attorneys White & Case LLP, alleges as follows:

### NATURE OF THE PROCEEDING AND RELIEF SOUGHT

1. Petitioner is commencing this proceeding to confirm an international arbitration award (the "Final Award") and to have judgment entered thereon, pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207. The Final Award, dated January 21, 2013, is attached as **Exhibit 1** to the Declaration of Michael A. Polkinghorne ("Polkinghorne Declaration"), attached hereto as **Exhibit A.**

### PARTIES, JURISDICTION, AND VENUE

2. Petitioner Commisimpex is a company incorporated under the laws of the Republic of the Congo.

3.     The Congo is a "foreign state" for purposes of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603.

4.     This Court has personal jurisdiction over the Congo pursuant to 28 U.S.C. § 1330(b), which provides that this Court can exercise personal jurisdiction over a foreign state in an action with respect to which the foreign state is not entitled to sovereign immunity under 28 U.S.C. §§ 1605-1607.

5.     The Congo is not entitled to sovereign immunity under 28 U.S.C. § 1605, because this case falls under the exception for cases brought to confirm arbitration awards that "are or may be governed by a treaty or other international agreement in force in the United States calling for the recognition and enforcement of arbitral awards." 28 U.S.C. §1605(a)(6).

6.     Specifically, the Final Award is governed by the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). The New York Convention is implemented at 9 U.S.C. § 201 *et seq.*

7.     This Court also has subject matter jurisdiction pursuant to Chapter 2 of the FAA because this is an action to enforce an arbitral award rendered in France and because the United States and the Congo are contracting states to the New York Convention.

8.     Venue is proper in this District pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(f)(4).

## FACTS

### The Parties' Agreement

9.     From 1984 to 1986, Commisimpex and the Congo executed several contracts for public works and the supply of equipment. On October 14, 1992, the parties signed Protocol No.

566 (the "1992 Protocol"), providing for the payment of unpaid promissory notes by the Congo to Commisimpex.

10. The 1992 Protocol included a dispute resolution clause providing for arbitration under the arbitration rules of the International Chamber of Commerce (Paris) ("ICC"). Article 10 of the 1992 Protocol states:

> In the case of a dispute regarding the interpretation, execution or any other problem between the parties related to this agreement protocol, the parties agree to make their best endeavors to reach an amicable settlement; in the absence of such, the dispute shall be resolved by one or several arbitrators designated in compliance with the arbitration rules of the International Chamber of Commerce (Paris) ruling in the first and final instance.

Translations of the relevant portions of the 1992 Protocol are attached hereto as **Exhibit 2** to the Polkinghorne Declaration.

11. In 1998, the 1992 Protocol became the subject of an arbitration brought by Commisimpex against the Congo, and an award was issued against the Congo on December 3, 2000.

12. On August 23, 2003, Commisimpex and the Congo signed Protocol No. 706 (the "2003 Protocol") providing for the payment by the Congo of the totality of its debt still owed to Commisimpex. The 2003 Protocol formed the basis of Commisimpex's claims in the arbitration that resulted in the Final Award that is the subject of this Petition.

## Arbitration before the ICC

13. On April 17, 2009, Commisimpex filed a Request for Arbitration before the International Court of Arbitration of the ICC. On April 22, 2009, the ICC Secretariat conveyed this Request for Arbitration to the Congo.

14. In the arbitration, the Congo challenged the jurisdiction of the arbitral tribunal. This led to the bifurcation of the arbitration proceedings.

15. On August 20, 2010, the arbitral tribunal rendered its jurisdictional award (the "Award on Jurisdiction"), accepting Commisimpex's argument that the arbitration clause contained in the 1992 Protocol extended to the 2003 Protocol and thus provided the tribunal with jurisdiction to hear the claims. Translations of the dispositive portions of the Award on Jurisdiction are attached hereto as **Exhibit 3** to the Polkinghorne Declaration.

### The Final Arbitral Award

16. The arbitration proceeded to the merits stage. On January 21, 2013, the ICC tribunal decided in favor of Petitioner and issued the Final Award, ruling on the merits. The tribunal ordered Respondent to pay Petitioner the following:

- €222,749,598.82;

- Interest on the awarded sum at a rate of 10%, running from December 31, 2003 until the date of full payment of the awarded sums, compounded annually on December 31;

- €1,956,425 for reimbursement a portion of the Claimant's legal expenses;

- US$ 855,000, representing a portion of the International Chamber of Commerce arbitration costs.

17. As of the present date, the Congo has failed to pay the amounts owed to Commisimpex pursuant to the Final Award.

### CLAIM FOR RELIEF

### (9 U.S.C. § 207)

18. The New York Convention, as implemented by the Federal Arbitration Act, 9 U.S.C. §§ 201 *et seq.* (1999), governs the Final Award, because the Final Award arises from a commercial relationship between Commisimpex and the Congo and does not arise out of a relationship entirely between United States citizens. 9 U.S.C. § 202. The United States and the Congo are contracting states to the New York Convention.

19. This Petition is timely pursuant to 9 U.S.C. § 207 because it is filed within three years of the issuance of the Final Award.

20. This Court has jurisdiction to confirm the Final Award against the Congo.

21. No grounds exist for this Court to refuse confirmation and recognition of the Final Award.

### Count One

### (Confirmation of the Final Award)

22. Petitioner incorporates the above paragraphs as if stated herein.

23. The Federal Arbitration Act provides that the "court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added).

24. None of the grounds available for refusal or deferral of recognition or enforcement of an award specified in the New York Convention are applicable to the Final Award.

25. Therefore, pursuant to 9 U.S.C. § 207, Petitioner requests that this Court confirm and recognize the Final Award and enter judgment in favor of Petitioner and against the Congo in the amount of the Final Award.

26. Under the terms of the Final Award, Petitioner is entitled to interest at a rate of 10% on the amount of the awarded sum, running from December 31, 2003 until the date of full payment of the awarded sums, compounded annually on every December 31.

27. Under the terms of the Final Award, Petitioner is also entitled to €1,956,425 for reimbursement a portion of Commisimpex's legal expenses related to the arbitration and

US$ 855,000, representing a portion of the International Chamber of Commerce arbitration costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests an order:

A. Confirming the Final Award pursuant to 9 U.S.C. § 207 and entering a judgment in favor of Petitioner and against Respondent in accordance with the Final Award;

B. Awarding interest, legal expenses, and arbitration costs in accordance with the Final Award; and

C. Granting such other and further relief as the Court deems just and proper.

Dated: May 15, 2013

Respectfully submitted,

**WHITE & CASE** LLP

/s/ Francis A. Vasquez, Jr.
Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Jonathan C. Ulrich (D.C. Bar No. 500832)
Nicolle E. Kownacki (D.C. Bar No. 1005627)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
*Counsel for Petitioner*
*Commissions Import Export S.A.*