# EXHIBIT B

ROLE N°399
ANNEE : 2012
REPERTOIRE N°19
DU 13.05. 2013

ARRET COMMERCIAL N°19 DU 13 MAI 2013

AFFAIRE :
Société **COMMISIMPEX S.A.**
(Mes Joseph BRUDEY et Gérard DEVILLERS)
CONTRE :
La **Caisse Nationale de Sécurité Sociale**
en sigle CNSS
(Me Firmin MOUKENGUE)

-------------------------------------------------------------------------------

APPEL D'UN JUGEMENT CONTRADICTOIRE RENDU LE 30 OCTOBRE 2012 PAR
LE TRIBUNAL DE COMMERCE DE BRAZZAVILLE

-------------------------------------------------------------------------------

A l'audience publique de la Cour d'Appel de Brazzaville, siégeant
en matière commerciale, tenue au palais de justice de cette ville, salle ordinaire des
audiences, le lundi treize mai deux mille treize à huit heures et où siégeaient
Messieurs :

- Charles Emile **APPESSE**, Premier Président de la Cour d'Appel de
Brazzaville, **Président** ;

- Armand Claude **DEMBA**, Président de la Chambre Commerciale
de ladite Cour, **Membre** ;

- Albert **OKO**, Président de la Chambre d'Accusation de ladite Cour,
**Membre** ;

Assistés de Maître Romain Stéphane **KANZA**, Greffier en Chef ;

En présence de Monsieur Jacques **BIYOURI**, Substitut Général,
tenant le siège du Ministère Public ;

A été rendu l'arrêt suivant :

ENTRE : La société **COMMISSIONS IMPORT EXPORT** (COMMISIMPEX) ,société
de droit congolais immatriculée au RCCM de Brazzaville sous le n°RCCM CG/BZV/07 B
413,siège social sis à Brazzaville au 86,Avenue Foch BP 1244,ayant pour conseils les
Cabinets BRUDEY,ONDZIEL GNELENGA-LOCKO, sis 46 Avenue William Guynet

Galerie Marchande de l'ARC, centre ville Brazzaville BP : 2041 et Maître Gérard DEVILLERS ,Avocat à la Cour, cabinet sis en face de l'Ambassade de la RDC, avenue de l'Indépendance ,BP :1211,centre ville Brazzaville ;

**APPELANTE, D'UNE PART ;**

**ET : La Caisse Nationale de Sécurité Sociale** dite CNSS, siège social sis Avenue Denis SASSOU-NGUESSO, centre ville Brazzaville, ayant pour conseil Maître Firmin MOUKENGUE, Avocat à la Cour, cabinet sis Immeuble SOPROGI (Patte d'Oie), face ENAM, appartement J 492-M BP : 14625, Tél : 05 556 30 16, e-mail :cabinet.moukengue@yahoo.fr Brazzaville ;

**INTIMEE, D'AUTRE PART ;**

Sans que les présentes qualités puissent nuire ou préjudicier aux droits et intérêts respectifs des parties en cause, mais, au contraire, sous les plus expresses réserves de fait et de droit ;

## POINT DES FAITS :

En son audience du 30 Octobre 2012, le Tribunal de Commerce de Brazzaville rendait une décision dans l'affaire ayant opposé la CNSS à la Société COMMISIMPEX SA et dont le dispositif est ainsi conçu :

### « *PAR CES MOTIFS* :

*Statuant publiquement, contradictoirement, en matière commerciale et en premier ressort ;*

*Rejette les fins de non recevoir et toutes les exceptions de nullités soulevées par la Société COMMISIMPEX ;*

*Rejette la demande de sursis à statuer ;*

*Dit que l'interminable état de mise en sommeil de la société COMMISIMPEX s'analyse en une cessation d'activités de la société COMMISIMPEX ;*

*Dit et juge que cette société est en état de cessation des paiements ;*

*Prononce la liquidation des biens de la société COMMISIMPEX SA ;*

*Dit que par l'effet de cette liquidation, la société COMMISIMPEX SA est dissoute ;*

*Fixe la date de cessation des paiements, qui détermine la période suspecte au 30 Avril 2011.*

*Nomme les organes de liquidation ainsi qu'il suit :*

- Edouard TATY MAKAYA, Juge commissaire ;

- Gaston MOSSA, Président du syndic liquidateur ;

- Aimery Patrick TATI, Membre du syndic liquidateur ;

- Emile NZONDO, Membre du syndic liquidateur ;

Dit que la présente décision emporte de plein droit et ce, jusqu'a la clôture de la liquidation, dessaisissement pour COMMISIMMPEX SA de l'administration et de la disposition de ses biens présents et de ceux qu'il peut acquérir à quelque titre que ce soit, à compter du prononcé de la présente décision ;

Dit aussi que les actes, droits et actions de COMMISIMPEX SA sont accomplis ou exercés, pendant toute la durée de la liquidation des biens, par le syndic agissant seul en représentation de COMMISIMPEX ;

Prononce en outre la faillite personnelle de Monsieur Moshin Mohamed HAJAIJ ;

Dit que cette faillite personnelle ainsi prononcée emporte de plein droit ,pour l'intéressé ,interdiction générale de faire le commerce ,de faire une représentation  professionnelle ,de gérer, diriger ,administrer ou contrôler une entreprise commerciale à forme individuelle ,ou toute personne morale ayant une activité économique ;

Dit en outre que cette faillite personnelle produira  ses effets pendant 10 ans à compter du prononcé de la présente décision ;

Ordonne à toute autorité habilitée, notamment à Monsieur le Greffier en Chef du Tribunal de Commerce, de procéder à toutes publicités, communications d'actes ou décisions selon les formes et délais prévus par la loi ;

Dit enfin qu'une exécution provisoire partielle de plein droit est attachée à la présente décision et ce, nonobstant appel ;

Met les dépens à la charge des frais privilégiés de la liquidation » ;

Par acte en date à Brazzaville du 30 Octobre 2012, Maitre Gérard DEVILLERS et le Cabinet BRUDEY-ONDZIEL GNELENGA-LOCKO ont relevé appel de cette décision ;

Par ordonnance de fixation de date du 23 Novembre 2012, Monsieur le Premier Président de la Cour d'Appel de Brazzaville fixait un délai à l'intimée pour présenter ses moyens de défense et ordonnait  que l'affaire soit appelée à l'audience du 18 Mars 2013 ;

Inscrite au rôle et appelée à l'audience du 18 Mars 2013, cette affaire a été renvoyée successivement au 08 Avril 2013, au 22 Avril 2013, puis au 06 Mai 2013, date à laquelle elle a été plaidée ;

Maîtres Joseph BRUDEY et Gérard DEVILLERS ont été entendus en leurs plaidoiries ;

Maître Firmin MOUKENGUE a été entendu en ses plaidoiries ;

Le Ministère Public a été entendu en ses réquisitions ;

Sur ce, les débats étant clos, la Cour a mis l'affaire en délibéré, pour arrêt être rendu le 13 Mai 2013 ;

Advenue cette dernière audience, la Cour, vidant son délibéré a rendu l'arrêt suivant :

## LA COUR :

Vu les pièces du dossier ;

Ouï Monsieur Armand Claude DEMBA, Président de la Chambre Commerciale, en son rapport ;

Ouï Maîtres Joseph BRUDEY et Gérard DEVILLERS en leurs demandes, fins et conclusions ;

Ouï Maître Firmin MOUKENGUE en ses explications et moyens de défense ;

Ouï le Ministère Public en ses réquisitions ;

## APRES EN AVOIR DELIBERE CONFORMEMENT A LA LOI :

Considérant qu'en date à Brazzaville du 30 Novembre 2012, les cabinets d'avocats DEVILLERS et BRUDEY, agissant au nom et pour le compte de la société COMMISIMPEX et de Moshin Mohamed HAJAU, ont relevé appel d'un jugement rendu le même jour par le tribunal de commerce de Brazzaville, et dont le dispositif, reproduit ici en substance, est libellé comme suit :

*« ...statuant publiquement, contradictoirement, en matière commerciale et en premier ressort ;*

*Rejette les fins de non recevoir et toutes les exceptions de nullité soulevées par la COMMISIMPEX ;*

*Rejette la demande de sursis à statuer ;*

*Dit que l'interminable état de mise en sommeil de la société COMMISIMPEX s'analyse en une cessation d'activités de ladite société ;*

*Dit et juge que cette société est en état de cessation des paiements ;*

*Prononce la liquidation des biens de la société COMMISIMPEX SA ;*

*Dit que par l'effet de cette liquidation, la COMMISIMPEX SA est dissoute ;*

*Fixe la date de cessation des paiements qui détermine la période suspecte au 30 Avril 2011 ;*

*Nomme les organes de liquidation ainsi qu'il suit :*

*- Edouard TATY MAKAYA, juge commissaire ;*

*- Gaston MOSSA, Président du syndic liquidateur ;*

*- Aimery Patrick TATI, membre du syndic liquidateur ;*

*- Emile NZONDO, membre du syndic liquidateur ;*

*Dit que la présente décision emporte de plein droit et ce, jusqu'a la clôture de la liquidation, dessaisissement pour COMMISIMPEX SA de l'administration et de la disposition de ses biens présents et de ceux qu'elle peut acquérir à quelque titre que ce soit à compter du prononcé de la présente décision ;*

*Dit aussi que les actes, droits et actions de COMMISIMPEX S.A. sont accomplis ou exercés, pendant toute la durée de la liquidation des biens par le syndic agissant seul en représentation de COMMISIMPEX ;*

*Prononce en outre la faillite personnelle de Moshin Mohamed HAJAIJ ;*

*Dit que cette faillite personnelle ainsi prononcée emporte ,de plein droit pour l'intéressé, interdiction générale de faire le commerce ,de faire une représentation professionnelle, de gérer ,diriger ,administrer ou contrôler une entreprise commerciale à forme individuelle ,ou toute personne morale ayant une activité économique ;*

*Dit en outre que cette faillite personnelle produira ses effets pendant 10 ans à compter du prononcé de la présente décision ;*

*Ordonne à toute autorité habilitée, notamment à Monsieur le Greffier en Chef du Tribunal de Commerce, de procéder à toutes publicités, communications d'actes ou décisions, selon les formes et délais prévus par la loi ;*

*Dit enfin qu'une exécution partielle de plein droit est attachée à la présente décision et ce, nonobstant appel... »* ;

## En la forme

Interjeté dans les formes et délai légaux, l'appel de la société COMMISIMPEX S.A et celui du sieur Moshin Mohamed HAJAIJ sont réguliers. Il échêt de les déclarer recevables en la forme.

## AU FOND

Courant septembre 2012, la Caisse Nationale de Sécurité Sociale, en sigle CNSS, avait fait citer à comparaître par devant le Tribunal de Commerce de Brazzaville la société Commissions Import Export SA, dite COMMISIMPEX SA, ainsi que le sieur Moshin Mohamed HAJAIJ, aux fins de d'entendre statuer sur les mérites de la demande en liquidation des biens de ladite société ainsi que la mise en faillite personnelle dudit Moshin Mohamed HAJAIJ.

La demanderesse se prévalait des impayés de cotisations sociales dues par la COMMISIMPEX SA, chiffrées à 2.823.739.920 Francs CFA et auxquelles il était ajouté des dommages-intérêts de 3.500.000.000 ; elle fondait son action sur l'article 28, alinéa 1er et 2 de l'Acte uniforme portant organisation des procédures collectives d'apurement du passif (AUPC). La mise en faillite personnelle de Moshin Mohamed HAJAIJ était, quant à elle, sollicitée en application de l'article 96 de l'Acte uniforme précité car, a estimé la CNSS, celui-ci a posé des actes de mauvaise foi et des imprudences inexcusables qui ont enfreint gravement les règles et usages de commerce.

Pour sa défense, la COMMISIMPEX SA soulevait plusieurs incidents de procédure à savoir sa citation devant une juridiction des référés, alors que seule est compétente la formation collégiale du tribunal de commerce de Brazzaville, la violation des articles 38,39 et 40 du Code de procédure civile, commerciale ,administrative et financière (CPCCAF) en ce que l'ordonnance de fixation de date signée par le Président du Tribunal de Commerce n'a été servie qu'à la seule COMMISIMPEX et non à Moshin Mohamed HAJAIJ, la saisine du Tribunal de Commerce non par voie d'assignation comme le prescrit l'article 28 de l'AUPC mais par une requête non contradictoire ,de telle sorte que le tribunal n'est pas valablement saisi, la non-validité du titre (« *situation cotisante COMMISIMPEX au 31 Décembre 2011* ») établi par Léonie NZAMA, Directrice du Recouvrement et du contentieux de la CNSS, l'inadéquation de l'article 29 de l'APUC et le non-respect des formalités prévues par les articles 185 à 188 du Code de Sécurité Sociale et, enfin, un sursis à statuer dès lors que la COMMISIMPEX a déposé entre les mains d'un juge d'instruction une plainte contre X pour infractions de faux,excroquerie et tentative d'escroquerie...

Au fond de la procédure, la COMMISIMPEX soutenait que la « *créance* » de la CNSS étant hautement contestable, la demande d'ouverture d'une procédure de liquidation de biens ne saurait prospérer. En effet, à l'opposé de ce que prétend la CNSS, les cotisations sociales entre 1981 et 1988 ont bien fait l'objet de paiements, lesquels ne sont mêmes pas retracés dans la fameuse « situation cotisante » de dame NZAMA.

Quant à l'affirmation selon laquelle la COMMISIMPEX comptait 264 salariés en 1981 et que sa cotisation annuelle était de 3.915.611 Francs CFA, elle est tout simplement mensongère car, durant cette période, la société n'avait aucun employé. En 1988, elle avait licencié la quasi-totalité de ses employés et en 1991, au cours d'une assemblée générale des actionnaires, elle était mise en sommeil provisoire. La cessation d'activités est prévue à l'article 65 de l'Acte uniforme du 15 Décembre 2010 portant droit commercial général ; elle a notamment pour conséquence d'exonérer la société du paiement des cotisations sociales.

Par ailleurs, poursuivait la COMMISIMPEX, aux termes d'un Protocole d'accord daté du 14 Octobre 1992 et signé entre la République du Congo et elle, elle est exonérée du paiement des cotisations sociales.

S'agissant de la mise en faillite personnelle de Moshin Mohamed HAJAIJ, les conditions prévues aux articles 196,197 et 198 de l'A.U.P.C ne sont pas réunies d'après la défenderesse qui en déduisait que la procédure de liquidation n'a en réalité été conçue que pour nuire à cette société qui est en litige avec l'Etat congolais.

Le 30 Octobre 2012, le Tribunal de Commerce vidait sa saisine comme reproduit supra, suscitant aussitôt l'appel des parties défenderesses.

En cause d'appel ,la COMMISIMPEX SA arguait que la procédure suivie devant le premier juge et le jugement rendu par celui-ci sont à bien des égards « *choquants* » ;l'affaire a été instruite et jugée précipitamment ,comme en une procédure de référé et au mépris des droits de la défense, le principe de l'égalité des armes n'a pas été respecté et l'examen de la cause par le Tribunal n'a pas été impartial, violant ainsi le droit de commisimpex à un procès équitable.

L'appelante reprend donc de plus fort ses moyens de défense de première instance et demande à la Cour , à titre principal ,de constater que la citation à comparaître a été délivrée à une audience de référé et non à une audience collégiale, que l'action de la CNSS a été introduite par voie de requête et non par voie d'assignation, que ladite requête ne comporte pas l'indication du titre sur lequel elle se fonde et que, conséquemment ,l'annulation de la citation à comparaître et de la requête de la CNSS s'imposent.

A titre subsidiaire, la Cour constatera que les juridictions répressives sont saisies d'une plainte portant sur le seul et unique document servant de fondement à la demande de la CNSS et que la décision de ces juridictions aura une influence sur la présente procédure. Un sursis à statuer devra donc être ordonné.

A titre plus que subsidiaire, la Cour constatera que la CNSS ne justifie d'aucune créance certaine, liquide et exigible au sens de l'AUPC avant de la dire et juger irrecevable en ses demandes.

A titre infiniment subsidiaire, il sera constaté l'absence de passif exigible de COMMISIMPEX et l'absence de cessation des paiements. Il n'y a donc pas lieu à sa liquidation.

En tout état de cause, la COMMISIMPEX demande reconventionnellement la condamnation de la CNSS au paiement de la somme de 300.000.000 Francs CFA à, titre de dommages-intérêts pour mise en cause hasardeuse, vexatoire et revêtant un caractère abusif.

Pour sa part, l'intimée réitérait toutes ses sollicitations de première instance et concluait à la confirmation intégrale du jugement querellé.

## Sur Quoi, la Cour

Considérant que la Cour d'Appel de Brazzaville doit se pencher tour à tour sur les griefs d'appel reproduits infra ;

### 1) Sur les supposés ambiguïtés et irrégularités de la procédure :

Considérant que la COMMISIMPEX SA reproche d'abord au tribunal de commerce de Brazzaville d'avoir statué au fond de l'affaire alors qu'il s'agissait d'une procédure de référé puisque la citation à comparaitre a été délivrée à une audience de référé et non à une audience collégiale de fond;

Mais considérant que l'ordonnance du 28 Septembre 2012 du Président du Tribunal de Commerce qui fixe la date d'audience vise les articles 5,6,7,9,11,12,13,14,32,33 et suivants du CPCCAF relatifs à la procédure au fond d'une affaire ,la procédure de référé étant ,en ce qui la concerne ,régie par les articles 207 à 218 du CPCCAF ;

Que par ailleurs, la décision rendue l'a bien été par la formation collégiale du tribunal de commerce et non par le juge unique du provisoire ;

Que ce premier grief d'appel est donc infondé et mérite rejet ;

Considérant que le deuxième reproche de la  COMMISIMPEX porte sur la violation, selon elle, de l'article 28 de l'Acte uniforme portant organisation des procédures collectives d'apurement du passif  (AUPC) en ce que le Tribunal de commerce de Brazzaville a été saisi, non par voie d'assignation, mais plutôt par une simple requête non contradictoire, ce qui impliquerait la nullité de celle-ci ;

Mais considérant que s'il est exact qu'à l'énonciation de l'alinéa 14 de l'article 28 précité la procédure collective peut être ouverte sur la demande d'un créancier ,quelle que soit la nature de sa créance ,pourvu qu'elle soit certaine ,liquide et exigible, il est également vrai que la COMMISIMPEX SA est incapable d'établir le préjudice subi du fait  de la saisine par requête ;

Que l'"AUPC n'a pas prévu de sanction encourue en cas de pareille saisine alors que le CPCCAF dispose bien,lui,en son article 190 qu'aucun acte de procédure ne peut être déclaré nul pour vice de forme   si la nullité n'est pas expressément prévue par la loi ;

Qu'il s'en déduit que la saisine du tribunal de commerce étant consommée et la COMMISIMPEX n'ayant pas établi un quelconque préjudice découlant de ladite saisine, c'est à bon droit que ce moyen de défense a été rejeté ;

Que la Cour d'Appel de céans adopte la motivation du premier juge et dit et arrête non fondé ce moyen ;

Considérant que le grief d'appel suivant de la COMMISIMPEX SA est relatif au titre et aux caractères certain, liquide et exigible de la créance, conditions qui, selon elle, ne sont point remplies ;

Qu'elle appuie ses dires sur l'article 6 d'un protocole d'accord conclu le 14 Octobre 1992 entre la société COMMISIMPEX  et la République du Congo et aux termes duquel « *tout impôt, taxe ou droit quelconque de nature que ce soit, présent ou à venir ,exigible à l'occasion du présent accord et des suites légalement en République du Congo sont à la charge de la République* » ;

Mais considérant que c'est logiquement que la CNSS soutient à ce sujet qu'elle est dotée  de la personnalité morale et de l'autonomie financière ;

Qu'elle est donc différente de la République du Congo et n'a jamais été partie audit protocole : en conséquence, ce texte ne peut lui être opposable ;

Que s'agissant des caractères de la créance, la Cour fait sienne la motivation du tribunal selon laquelle la créance est dite certaine lorsqu'elle tire son origine d'une relation contractuelle non contestée par les parties et

lorsqu'elle se déduit d'une appréciation souveraine des pièces produites au dossier, elle est exigible dès l'instant où pour payer sa dette la COMMISIMPEX ne saurait se prévaloir d'aucun délai ,la survenance du fait générateur de la dette de cotisation sociale est suffisant pour que cette dette soit exigible ,elle est liquide dès lors qu'elle peut être chiffrée ,comme en l'espèce ,dans un document signé par Madame la Directrice du Recouvrement et du Contentieux ;

Qu'ainsi, ce grief d'appel est aussi inopérant que les autres et mérite le même rejet ;

Considérant que l'appelante a critiqué le rejet par le Tribunal de Commerce de sa demande de sursis à statuer basée sur l'article 195 du CPCCAF et en vertu du principe du « criminel qui tient le civil en état » ;

Mais considérant que la Cour constate que la COMMISIMPEX a déposé entre les mains du juge d'instruction à la date du 22 Octobre 2012,donc après que la procédure commerciale ait été enclenchée ,une plainte contre X pour infractions de faux, usage de faux, escroquerie et tentative d'escroquerie ;

Qu'il est aisé de relever que cette saisine plus qu'opportune du juge répressif n'est qu'une manœuvre dilatoire initiée pour retarder l'issue de la procédure en cours ;

Que les seconds juges adoptent la motivation du Tribunal selon laquelle l'identité de fait entre les deux actions (commerciale et pénale) n'est nullement acquise et disent non fondé ce grief ;

2) Sur la demande de liquidation des biens de la commisimpex :

Considérant que l'appelante demande à la Cour de constater l'absence de son passif exigible et de toute cessation des paiements pour, sur le final, infirmer la décision entreprise sur la liquidation de la société ;

Mais considérant qu'il y a lieu de dire et arrêter , à l'instar du Tribunal de Commerce, qu'aucun concordat n'a été proposé par COMMISIMPEX conformément à l'article 33 de l'AUPC et que, surtout ,la cessation d'activités professionnelle à titre définitif et total par la COMMISIMPEX consacre son état de cessation de paiements qui,lui,s'entend comme étant l'impossibilité pour cette société anonyme de faire face à son passif exigible avec son actif disponible ;

Que c'est donc à bon droit que la liquidation des biens a été prononcée et que le jugement est confirmé sur ce point également ;

### 3) Sur la faillite personnelle de Monsieur Moshin Mohamed HAJAIJ :

Considérant que sur demande expresse de la CNSS, le Tribunal de Commerce de Brazzaville a prononcé la faillite personnelle du sieur Moshin MOHAMED HAJAIJ sur le fondement des articles 196,197 et 198 de l'AUPC ;

Mais considérant qu'en statuant comme il l'a fait, le premier juge commercial a tenu en parfait mépris la procédure prévue aux articles 200 et suivants du même Acte uniforme ;

Qu'il en ressort que cette procédure ne peut être enclenchée par la juridiction compétente que sur rapport du juge-commissaire, saisi lui-même par le syndic qui aura eu connaissance de faits susceptibles de justifier la faillite personnelle ;

Que le jugement qui prononce la liquidation des biens ne peut donc, d'office, statuer sur la faillite personnelle d'un dirigeant, personne physique ou morale ;

Que le jugement attaqué est infirmé de ce point et les juges du second degré, statuant à nouveau et pour les mêmes motifs ayant conduit à l'infirmation précitée, déboutent purement et simplement la CNSS de sa demande de faillite personnelle du nommé Moshin Mohamed HAJAIJ;

### 4) Sur la nomination des organes de la liquidation :

Considérant qu'en application de l'article 35 de l'AUPC, le Tribunal de Commerce de Brazzaville a nommé un juge-commissaire et trois syndics dont un « *président* » ;

Considérant que la Cour d'Appel infirme ces nominations pour les raisons suivantes :

- le juge-commissaire choisi l'a été de manière inédite, hors la circonscription du Tribunal de Commerce de Brazzaville, et même de la Cour d'Appel de céans !!

- l'Acte uniforme ne prévoit nulle part une fonction de « *président du syndic* » ; tout au plus se borne t-il à préciser (alinéa 2 de l'article 43) que s'il a été nommé plusieurs syndics, ils agissent collectivement. Toutefois le juge-commissaire____et non le tribunal____peut, selon les circonstances, donner à un ou plusieurs d'entre eux, le pouvoir d'agir individuellement ;

- l'un des trois syndics nommés, avocat de son état, est en délicatesse notoire avec son barreau ;

11

Considérant que de tout ce qui précède, il sied de restructurer les deux organes de liquidation susmentionnés et de décider ainsi que transcrit dans le dispositif du présent arrêt ;

## 5) Sur les dépens :

Considérant qu'en application de l'article 57 du CPCCAF, et les parties ayant succombé chacune sur des points de la procédure, il convient de faire masse des dépens ;

## PAR CES MOTIFS :

Statuant publiquement, contradictoirement, en matière commerciale et en dernier ressort ;

## En la forme :

Reçoit les appels ;

## Au fond :

Infirme partiellement le jugement du Tribunal de Commerce du 30 Octobre 2012 ;

## Statuant à nouveau :

Nomme les organes de liquidation ainsi qu'il suit :

1) Charles Emile **APPESSE**, juge-commissaire ;

2) Gaston **MOSSA**, Emile **NZONDO** et Edouard **TATI MAKAYA** syndics ;

Déboute la Caisse Nationale de Sécurité Sociale (CNSS) de sa demande en faillite personnelle du sieur Moshin Mohamed HAJAIJ ;

Déboute les parties de toutes leurs demandes infondées ;

Confirme le jugement entrepris en toutes ses autres dispositions ;

Fait masse des dépens ;

Ainsi fait, arrêté et prononcé en audience publique les jour, mois et an que dessus ;

En foi de quoi, le présent arrêt a été signé, après lecture faite, par Monsieur le Président qui l'a rendu et par le Greffier-------------------------------------

--------------------------------SUIVENT LES SIGNATURES (é), ILLISIBLES,CELLES DU
PRESIDENT ET DU GREFFIER-------------------------------------------------------------
--------------------------------POUR      EXPEDITION      CERTIFIEE      CONFORME
COLLATIONNEE A LA MINUTE ,SIGNEE ET DELIVREE SUR TREIZE  (13) ROLES PAR
NOUS GREFFIER EN CHEF DE LA COUR D'APPEL DE CEANS,SOUSSIGNE----------------
-------------------------------BRAZZAVILLE 14 JANVIER  2014-----------------------------
-------------------------------------LE GREFFIER EN CHEF-------------------------------------

Maitre
Romain ... Sano SANO
Greffier en Chef

[NOTARIAL COPY- Stamp]

ROLL No.399          COMMERCIAL DECISION No. 19 OF MAY 13, 2013

YEAR: 2012

DIRECTORY No.19

OF 05/13/2013

CASE:

**COMMISIMPEX S.A.** Company

(Mes Joseph BRUDEY and Gerard DEVILLERS)

VERSUS

The **Caisse Nationale de Sécurité Sociale** (National Social Security Fund)

under the initials CNSS

(Me Firmin MOUKENGUE)

-----------------------------------------------------------------------------------------------------------------

APPEAL OF AN ADVERSARIAL JUDGMENT RENDERED ON OCTOBER 30, 2012 BY THE COMMERCIAL COURT OF BRAZZAVILLE

-----------------------------------------------------------------------------------------------------------------

At the public hearing of the Court of Appeal of Brazzaville, sitting in commercial matters, held at the Palais de Justice [Courthouse] of this same city, common hearing room, on Monday May thirteen two thousand twelve at eight o'clock and where sitting Misters:

- Charles Emile **APPESSE**, First Presiding Judge of the Court of Appeal of Brazzaville, **President**;

- Armand Claude **DEMBA**, Presiding Judge of the Commercial Chamber of said Court, **Member;**

- **Albert** OKO, Presiding Judge of the Indictment Chamber of said Court, **Member**;

Assisted by Maître Romain Stéphane **KANZA**, Chief Clerk;

In the presence of Mr. Jacques **BIYOURI**, General Deputy, holding the seat of the Department of the Public Prosecutor;

The following Judgment was rendered:

BETWEEN: The **COMMISSIONS IMPORT EXPORT** Company (COMMISIMPEX), company incorporated under Congolese law registered with the RCCM of Brazzaville under the No. RCCM CG/BZV/07 B 413, registered office located at Brazzaville at 86, Avenue Foch POB 1244, having as counsel the Firms BRUDEY, ONDZIEL GNELENGA-LOCKO, located 46 Avenue William Guynet

[Page 1 of Translation]

Mall of the ARC, Downtown Brazzaville POB: 2041 and Maître Gerard DEVILLERS, Attorney to the Court, office located across from the Embassy of the RDC, Avenue of Independence, POB: 1211, Downtown Brazzaville;

**APPELLANT; ON THE ONE HAND;**

<u>AND</u>: **The National Social Security Fund** known as CNSS, headquarters located Avenue Denis SASSOU-NGUESSO, downtown Brazzaville, having as counsel Maître Firmin MOUKENGUE, Attorney to the Court, office in the SOPROGI Building (Patte D'oie), facing ENAM, Apartment J 492-M POB: 14625, Tel.: 05 556 30 16, e-mail: cabinet.moukengue@yahoo.fr Brazzaville;

**RESPONDENT, ON THE OTHER HAND:**

Without that these capacities can harm or prejudice the respective rights and interests of the parties in question, but, on the contrary, under the most express reservations of fact and of law;

<u>POINT OF FACTS</u>:

At its hearing on October 30, 2012, the Commercial Court of Brazzaville rendered a decision in the case between the CNSS and the COMMISIMPEX SA Company whose disposition reads as follows:

***"FOR THESE REASONS"***

*Acting publicly, adversarially, in commercial matters and in the first resort.*

*Rejects the demurrer and all the exceptions of nullity raised by the COMMISIMPEX;*

*Rejects the application to stay the proceedings;*

*Says that the endless state of dormancy of COMMISIMPEX amounts to a ceasing of COMMISIMPEX's business activities;*

*Says and judges that this company is in default;*

*Pronounces the liquidation of the assets of COMMISIMPEX SA;*

*Says that as a result of this liquidation, COMMISIMPEX SA is dissolved;*

*Fixes the date of suspension of payments, which determines the suspect period, at April 30, 2011.*

*Appoints the liquidation bodies as follows:*

[Page 2 of Translation]

*- Edouard TATY MAKAYA, Supervisory Judge;*

*- Gaston MOSSA, President of the Bankruptcy Trustee;*

*- Aimery Patrick TATI; Member of the Bankruptcy Trustee;*

*- Emile NZONDO, Member of the Bankruptcy Trustee;*

*Says that this decision entails ipso jure and, until the completion of the liquidation, dispossession for COMMISIMPEX SA of the administration and of the disposition of its present assets and those that it may acquire in any regard whatsoever, as of the pronouncement of this decision;*

*Says also that the acts, rights and actions of COMMISIMPEX SA shall be done or exercised for the duration of the liquidation of assets by the trustee acting alone in representing COMMISIMPEX SA;*

*Pronounces furthermore the personal bankruptcy of Mr. Moshin Mohamed HAJAIJ;*

*Says that this personal bankruptcy thus pronounced carries by full right, for the interested party, general prohibition to do business, to make a professional representation, to manage, direct, administer or control a business as an individual, or any legal person having a business activity;*

*Says in addition that this personal bankruptcy will produce its effects during 10 years as of the pronouncement of this decision;*

*Orders any authority, particularly the Chief Clerk of the Commercial Court, to proceed with all advertisements, communications of acts or decisions in accordance with the forms and deadlines provided by law;*

*Says finally that a partial provisional enforcement is by right attached to this decision, notwithstanding appeal;*

*Puts the costs at the expense of the costs of the liquidation";*

By Act dated at Brazzaville on October 30, 2012, Maître Gérard DEVILLERS and the Firm of BRUDEY-ONDZIEL GNELENGA-LOCKO have lodged appeal of this decision;

By Order setting the date of November 23, 2012, the first Presiding Judge of the Court of Appeal of Brazzaville established a deadline for the respondent to present its defenses and ordered that the case be called at the hearing of March 18, 2013;

[Page 3 of Translation]

Entered on the roll and called at the hearing of March 18, 2013, this case was referred successively to April 8, 2013, to April 22, 2013, and May 6, 2013, date on which it was argued;

Maîtres Joseph BRUDEY and Gérard DEVILLERS have been heard in their pleadings;

Maître Firmin MOUKENGUE was heard in his pleadings;

The Department of the Public Prosecutor has been heard in its requisitions;

On this, the debates being closed, the Court has put the matter under advisement, for judgment to be rendered on May 13, 2013;

At the advent of this last hearing, the Court, giving its verdict after consultation delivered the following judgment:

## THE COURT

Having regard to the documents in the case file.

Deposed Mr. Armand Claude DEMBA, Presiding Judge of the Commercial Chamber in his report;

Deposed Maîtres Joseph BRUDEY and Gérard DEVILLERS in their applications, purposes and pleadings;

Deposed Maître Firmin MOUKENGUE in his explanations and means of defense;

Deposed the Department of the Public Prosecutor in its requisitions;

## AFTER HAVING DELIBERATED IN ACCORDANCE WITH THE LAW:

Whereas on the date in Brazzaville of November 30, 2012, the law firms of DEVILLERS and BRUDEY, acting in the name and on behalf of COMMISIMPEX and of Mr. Moshin Mohamed HAJAIJ, lodged appeal of a judgment delivered on the same day by the Commercial Court of Brazzaville, and whose disposition, reproduced here in substance, is worded as follows:

*"...ruling publicly, adversarially, in commercial matters and in the first resort;*

*Rejects the demurrer and all the objections of nullity raised by COMMISIMPEX;*

*Rejects the application to stay proceedings;*

[Page 4 of Translation]

*Says that the endless state of dormancy of COMMISIMPEX amounts to a suspension of COMMISIMPEX's business activities;*

*Says and judges that this company is in default;*

*Pronounces the liquidation of the assets of COMMISIMPEX SA;*

*Says that as a result of this liquidation, COMMISIMPEX SA is dissolved;*

*Fixes the date of suspension of payments, which determines the suspect period, at April 30, 2011.*

*Appoints the liquidation bodies as follows:*

*- Edouard TATY MAKAYA, Supervisory Judge;*

*- Gaston MOSSA, President of the Bankruptcy Trustee;*

*- Aimery Patrick TATI; Member of the Bankruptcy Trustee;*

*- Emile NZONDO, Member of the Bankruptcy Trustee;*

*Says that this decision entails ipso jure and, until the close of the liquidation, dispossession for COMMISIMPEX SA of the administration and of the disposition of its present assets and those that it may acquire in any regard whatsoever, as of the pronouncement of this decision;*

*Says also that the acts, rights and shares of COMMISIMPEX SA are carried out or exercised for the duration of the liquidation of assets by the trustee acting solely in representing COMMISIMPEX SA;*

*Pronounces furthermore the personal bankruptcy of Moshin Mohamed HAJAIJ;*

*Says that this personal bankruptcy thus pronounced carries by full right, for the interested party, general prohibition to do business, to make a professional representation, to manage, direct, administer or control a business as an individual, or any legal person having a business activity;*

*Says in addition that this personal bankruptcy will produce its effects during 10 years as of the pronouncement of this decision;*

*Orders any authority, particularly the Chief Clerk of the Commercial Court, to proceed with all advertisements, communications of acts or decisions according to the forms and deadlines provided by law;*

*Says finally that a partial provisional enforcement is by right attached to this decision, notwithstanding appeal";*

<u>In the form</u>

Lodged within the forms and legal deadlines, the appeal of COMMISIMPEX SA and that of Mr. Moshin Mohamed HAJAIJ are proper. It should declare them admissible in form.

<u>ON THE MERITS</u>

During September 2012, the National Social Security Fund, in acronym CNSS, had summoned to appear before the Commercial Court of Brazzaville the Commissions Import Export SA Company, known as COMMISIMPEX SA, as well as Mr. Moshin Mohamed HAJAIJ, in order to hear a ruling on the merits of application for liquidation of the assets of such company as well as the declaration of personal bankruptcy of such Moshin Mohamed HAJAIJ.

The Applicant claimed the arrears of social contributions due by COMMISIMPEX SA, calculated at 2,823,739,920 CFA Francs and to which was added damages of 3,500,000,000; It based its action on Article 28, paragraph 1 and 2 of the Uniform Act organizing collection proceedings for the clearance of liabilities (AUPC). The personal bankruptcy of Moshin Mohamed HAJAIJ was, meanwhile, sought in accordance with Article 96 of the Uniform Act cited above since, as considered by the CNSS, the latter had filed acts in bad faith and with inexcusable carelessness that seriously violated commercial policies and practices.

In its defense, COMMISIMPEX SA raised several procedural incidents, namely its summons before a court for interim relief, whereas only the collegial form of the Commercial Court of Brazzaville has jurisdiction, in violation of Articles 38, 39 and 40 of the Code of Civil, Commercial, Administrative and Financial Procedure (CPCCAF) in that the order fixing the date signed by the Presiding Judge of the Commercial Court was only served on COMMISIMPEX and not on Moshin Mohamed HAJAIJ, the referral to the Commercial Court was not by means of summons as required by Article 28 of the AUPC but by a non-adversarial motion, so that it was not validly referred before the Court, the invalidity of the title (*"contributing situation COMMISIMPEX at December 31, 2011")* prepared by Léonie NZAMA, Director of Recovery and Litigation for the CNSS, the inadequacy of Article 29 of the APUC and the failure to comply with the formalities required by Articles 185 to 188 of the Social Security Code and, finally, a stay of proceedings since COMMISIMPEX has filed into the hands of an Investigating Magistrate a complaint against X for offences of forgery, fraud and attempted fraud...

On the merits of the proceedings, COMMISIMPEX SA claimed that as the "*debt*" of CNSS was highly debatable, the motion to open asset liquidation proceedings should not prosper. In fact, contrary to what the CNSS claims, the social contributions between 1981 and 1988 were indeed paid, which are even tracked in the famous "contributing situation" from Ms. NZAMA.

As to the assertion according to which COMMISIMPEX had 264 employees in 1981 and that its annual contribution was 3,915,611 CFA Francs, this is very simply false since, during this period, the company did not have any employees. In 1988, it had dismissed nearly all of its employees and in 1991, during a general meeting of shareholders, it was put into temporary dormancy. The suspension of business activities is provided for in Article 65 of the Uniform Act of December 15, 2010 on General Commercial Law; It has in particular the consequence of exempting the company from the payment of social contributions.

Moreover, continued COMMISIMPEX, under the terms of a Memorandum of Understanding dated October 14, 1992 signed between the Republic of Congo and itself, it is exempted from the payment of social contributions.

With regard to the personal bankruptcy of Moshin Mohamed HAJAIJ, the conditions provided in Articles 196, 197 and 198 of the AUPC are not fulfilled according to the Defendant who infers that the liquidation proceedings were in reality only designed to harm this company that is in litigation with the Congolese State.

On October 30, 2012, the Commercial Court concluding the case as shown supra, then raising appeal by the Defendant parties.

In the appeals case, COMMISIMPEX argued that the proceedings before the trial judge and the judgment rendered by him are in many regards "*shocking*"; The case was investigated and judged precipitously, as in an interim proceeding and in defiance of the rights of the defense, the principle of equality of arms was not respected and the consideration of the case by the Court was not impartial, thus violating the right of COMMISIMPEX to a fair trial.

The Appellant thus more strongly repeats its means of defense at the trial and asks the Court, mainly, to find that the Summons to Appear was issued at a summary proceeding and not at a collegial hearing, that the action of the CNSS was brought by summary means and not by means of a summons, that such motion does not indicate the basis on which it is based and that, consequently, the annulment of the Summons to Appear and of the motion of the CNSS are required.

Alternatively, the Court will find that the criminal courts have been referred a complaint bearing on the sole and only document serving as the foundation for the motion of the CNSS and that the decision of these courts will have an influence on the present proceedings. A stay of proceedings must therefore be ordered.

More alternatively, the Court will find that the CNSS has not proven any certain, liquid and payable debt within the meaning of the AUPC before adjudging and declaring it inadmissible in its applications.

In the infinitely alternative, it will find the absence of current liabilities of COMMISIMPEX and the absence of suspension of payments. There are therefore no grounds for its liquidation.

In any case, COMMISIMPEX, as counterclaim, asks for the condemnation of the CNSS to the payment of the sum of CFAF 300,000,000 as damages for involvement in a case that is of a hazardous, vexatious and abusive nature.

For its part, the Respondent reiterated all of its motions at trial and pleaded for the full confirmation of the disputed judgment.

## **UPON WHICH, THE COURT**

Whereas the Court of Appeal of Brazzaville needs to address in turn the appeal grievances reproduced infra;

(1) <u>On the Supposed Ambiguities and Irregularities of the Proceedings</u>

Whereas COMMISIMPEX SA first criticizes the Commercial Court of Brazzaville for having ruled on the merits of the case whereas it was an interim relief proceeding since the Summons to Appear was issued at a procedure on ex-parte application and not at a collegial hearing on the merits;

But whereas the Order of September 28, 2012 of the Presiding Judge of the Commercial Court, which fixes the date of hearing, refers to Articles 5, 6, 7, 9, 11, 12, 14, 32, 33 and following of the CPCAF relative to the proceedings on the merits of a case, the procedure on ex-parte application being, in this case, governed by Articles 207 to 218 of the CPCCAF;

That furthermore, the decision issued was indeed by the collegial form of the Commercial Court and not solely by the interim judge;

That this first ground for appeal is therefore unfounded and deserves rejection;

[Page 8 of Translation]

Whereas the second criticism from COMMISIMPEX deals with the violation, according to it, of Article 28 of the Uniform Act establishing organization of collective proceedings for discharge of liabilities (AUPC) in that the Commercial Court of Brazzaville was referred, not by means of summons, but rather by a simple non-adversarial motion, which would imply the invalidity thereof;

But considering that if it is true that, in the wording of paragraph 14 of Article 28 supra, collective proceedings can be opened at the request of a creditor, regardless of the nature of its claim, provided that it is certain, liquid and payable, it is also true that COMMISIMPEX SA is unable to establish the damage suffered by the fact of the referral by interim motion;

That the AUPC has not provided for penalties incurred in the event of such referral whereas the CPCCAF indeed provides, in its Article 190, that no procedural act may be declared null and void for want of form if the nullity is not expressly provided by the law;

It thus follows that the referral to the Commercial Court being consummated and COMMISIMPEX not having established any damage whatsoever resulting from such referral, it is right that this means of defense was rejected.

That this Court of Appeal adopts the reasoning of the trial judge and says and rules this means unfounded;

Considering that the following appeals grievance of COMMISIMPEX SA is related to the claim and to the certain, liquid and payable nature of the debt, conditions which, according to it, are not fulfilled;

That it bases its position on Article 6 of a Memorandum of Understanding concluded on October 14, 1992 between COMMISIMPEX and the Republic of the Congo and by which "*any tax, fee or duty of any nature whatsoever, present or future, legally payable on the occasion of this agreement and its continuations in the Republic of the Congo are the responsibility of the Republic*";

But whereas it is logical that the CNSS claims on this topic that it is endowed with legal personality and financial autonomy;

That it is therefore different from the Republic of the Congo and was never party to such Protocol: Accordingly, this text cannot be enforceable against it;

Regarding the nature of the claim, the Court draws its reasoning from the trial court according to which the debt is said to be certain when it originates from a contractual relationship not disputed by the parties and

when a sovereign assessment can be deduced from the documents produced in the case file, it is payable from the moment when COMMISIMPEX cannot claim any delay in order to pay its debt, the occurrence of the fact generating the social contribution debt is enough for this debt to be payable, and it is liquid as soon as it may be calculated, as in this case, in a document signed by the Director of Recovery and Litigation;

Thus, this appeal grievance is as inoperative as the others and merits the same rejection.

Whereas the Appellant criticized the rejection by the Commercial Court of its motion to stay proceedings based on Article 195 of the CPCCAF and the principle of the "criminal charge holds in abeyance the civil case";

But whereas the Court finds that COMMISIMPEX filed into the hands of the Investigating Magistrate on the date of October 22, 2012, thus after the commercial proceedings had been initiated, a complaint against X for offenses of forgery, use of forgery, fraud and attempted fraud;

That it is easy to find that this more than opportunistic referral to the criminal judge is only a delaying tactic initiated to delay the end of the current proceedings;

That the second judges adopt the reasoning of the Court according to which the identity of fact between the two actions (commercial and criminal) is not acquired and say this grievance unfounded;

2) On the Motion for Liquidation of the Assets of COMMISIMPEX:

Whereas the Appellant asks the Court to find the absence of its payable liabilities and of any suspension of payments to, finally, set aside the decision undertaken on the liquidation of the company;

But whereas there are grounds to say and order, as did the Commercial Court, that no arrangement with creditors was proposed by COMMISIMPEX in accordance with Article 33 of the AUPC and that, above all, the final and total cessation of professional activities by COMMISIMPEX is deemed its default, which is understood to be the inability of this company to face its current liabilities with its available assets;

That it is therefore rightly that the liquidation of assets has been pronounced and that the judgment is affirmed on this point as well;

    (3) <u>As to the Personal Bankruptcy of Mr. Moshin Mohamed HAJAIJ</u>;

Whereas that on specific motion of the CNSS, the Commercial Court of Brazzaville has pronounced the personal bankruptcy of Mr. Moshin MOHAMED HAJAIJ on the basis of Articles196, 197 and 198 of the AUPC;

But whereas in acting as he did, the commercial trial judge held in perfect defiance of the procedure provided in Articles 200 and following the same Uniform Act;

That it appears that this proceeding can only be initiated by the court with jurisdiction upon report from Supervisory Judge, himself referred by the trustee who will have had knowledge of facts that justify the bankruptcy;

That the judgment that pronounces the liquidation of assets may not therefore, automatically, decide on the personal bankruptcy of an officer, individual or entity;

That the disputed judgment is set aside on this point and the second degree judges, acting again and for the same reasons that led to the aforementioned reversal, dismiss outright the CNSS of its motion for the personal bankruptcy of the named Moshin Mohamed HAJAIJ;

    (4) <u>On the Appointment of the Liquidation Bodies</u>

Whereas that in application of Article 35 of the AUPC, the Commercial Court of Brazzaville has appointed a Supervisory Judge and three Trustees with one as "*president*".

Whereas that the Court of Appeal reverses these appointments for the following reasons:

- the Supervisory Judge was selected in an unprecedented manner, outside of the territory of the Commercial Court of Brazzaville, and even of this Court of Appeals!

- the Uniform Act nowhere provides a position of "*president of the trustee in bankruptcy*"; at most it merely specifies (paragraph 2 of Article 43) that if several trustees have been appointed, they act collectively. However the Supervisory Judge _____ and not the court _____ may, depending on the circumstances, give to one or more of them, the power to act individually;

- one of the three appointed Trustees, lawyer in his state, is known to be in a delicate position with his bar;

Whereas from all the foregoing, the two above-mentioned liquidation bodies should be restructured and be decided as transcribed in the disposition of this Judgment;

(5) <u>As to the Costs</u>:

Whereas in accordance with Article 57 of the CPCCAF, and the parties having each succumbed on points of the proceedings, all of the costs should be combined;

**<u>ON THESE GROUNDS</u>**:

Acting publicly, adversarially, in commercial matters and as a last resort;

**As to the form:**

Admits the appeals;

**As to the merits:**

Partially reverses the Judgment of the Commercial Court of October 30, 2012;

**<u>Ruling again:</u>**

Appoints the liquidation bodies as follows:

**1)** Charles Emile **APPESSE,** Supervisory Judge;

**2)** Gaston **MOSSA,** Emile **NZONDO** and Edouard **TATI MAKAYA,** Trustees;

Dismisses the National Social Security Fund (CNSS) of its motion for the personal bankruptcy of Mr. Moshin Mohamed HAJAIJ;

Dismisses the parties of all their unfounded demands;

Confirms the judgment a quo in all its other provisions;

Combines all of the costs;

Thus done, ordered and delivered in public hearing on the day, month and year as above;

In witness whereof, this decision has been signed, after reading done, by the Presiding Judge who rendered it and by the Clerk----------------------------------------------------------------

----------------------------------------------FOLLOW THE SIGNATURES (e) ILLEGIBLE, THOSE OF THE PRESIDING JUDGE AND OF THE CLERK----------------------------------------------------------------
----------------------------------------------FOR ORIGINAL CERTIFIED COPY COLLATED IN THE MINUTES, SIGNED AND DELIVERED ON THIRTEEN (13) ROLLS BY US CHIEF CLERK OF THIS COURT OF APPEAL, UNDERSIGNED-------------------------------------------------------------------
----------------------------------------------BRAZZAVILLE, JANUARY 14, 2014----------------------------------
----------------------------------------------THE CHIEF CLERK -------------------------------------------

[Round stamp - illegible - Signature - illegible - Chief Clerk]

450 7th Ave
6th Floor
New York, NY 10123
Tel 212.643.8800
Fax 212.643.0005
www.morningtrans.com

# Morningside Translations

# TRANSLATOR CERTIFICATION

**County of New York**
**State of New York**

Date: September 24, 2014

To whom it may concern:

This is to certify that the attached translation from French into English is an accurate representation of the documents received by this office.

The documents are designated as:

- Declaration M. MOSSA
- 2012.10.30 - Jugement de liquidation Brazzaville - 30 10 12
- 2013.05.13 - Appellate Court of Brazzaville 30 October 2012

Belinda Lai attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____
Signature of Belinda Lai