## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

COMMISSIONS IMPORT EXPORT S.A.,

*Petitioner,*

v.

REPUBLIC OF THE CONGO,

*Respondent.*

Civil Action No. 1:13-cv-713-RLW

**RESPONDENT'S VERIFIED
ANSWER TO PETITION TO
CONFIRM ARBITRAL AWARD**

Respondent the Republic of the Congo ("the Congo" or "Respondent"), by its attorneys, Chadbourne & Parke LLP, as and for its Verified Answer to the Petition to Confirm Arbitral Award dated May 15, 2013 (the "Petition"), filed pursuant to LCvR 7(g), alleges as follows:

## AS TO THE NATURE OF THE PROCEEDING AND RELIEF SOUGHT

1. Denies knowledge or information sufficient to respond to the allegations contained in paragraph 1 of the Petition, except admits that the Petitioner purports to be proceeding under Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207 and that Exhibit A to the Declaration of Michael A. Polkinghorne attached to the Petition is a true and correct copy of a purported Final Award dated January 21, 2013.

## AS TO THE PARTIES, THE ALLEGED JURISDICTION, AND VENUE

2. Denies each and every allegation contained in paragraph 2 of the Petition, except states that Commissions Import Export S.A. ("Commisimpex") is a company that had been incorporated under the laws of the Republic of the Congo but which currently by court order has been dissolved and is in liquidation, and whose affairs are currently administered by a

group of trustee liquidators, who have not authorized the filing of the Petition in the name of Commisimpex.

3. States that paragraph 3 of the Petition contains legal conclusions as to which no answer is required, and to the extent any answer is required, denies each and every allegation contained therein.

4. States that paragraph 4 of the Petition contains legal conclusions as to which no answer is required, and to the extent any answer is required, denies each and every allegation contained therein.

5. States that paragraph 5 of the Petition contains legal conclusions as to which no answer is required, and to the extent any answer is required, denies each and every allegation contained therein.

6. States that paragraph 6 of the Petition contains legal conclusions as to which no answer is required, and to the extent any answer is required, denies each and every allegation contained therein, and further states that the purported Final Award is governed by the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") because the purported Final Award is a "foreign" or "non-domestic" commercial arbitral award rendered in the territory of a state that has ratified the New York Convention (namely France) and because the United States of America has ratified the New York Convention.

7. Denies each and every allegation contained in paragraph 7 of the Petition.

8. Paragraph 8 of the Petition contains legal conclusions as to which no answer is required; to the extent an answer is required, the Congo denies each and every allegation contained therein.

## AS TO THE PARTIES' ALLEGED AGREEMENT

9. Denies each and every allegation contained in paragraph 9 of the Petition, except admits that Commisimpex and the Congo signed Protocol No. 566 (the "1992 Protocol") and refers to the terms of the 1992 Protocol for the true and complete contents thereof.

10. Denies each and every allegation contained in paragraph 10 of the Petition, except refers to the terms of the 1992 Protocol for the true and complete contents thereof, and admits that accurate translations of certain portions of the 1992 Protocol are attached as Exhibit 2 to the Polkinghorne Declaration.

11. Denies each and every allegation contained in paragraph 11 of the Petition, except admits that Commisimpex commenced an arbitration against the Congo relating to the 1992 Protocol, that an award was issued in such arbitration dated December 3, 2000, and refers to the terms of such award for the true and complete contents thereof.

12. Denies each and every allegation contained in paragraph 12 of the Petition, and refers to the terms of the Protocol No. 706 (the "2003 Protocol") for the true and complete contents thereof, and refers to the record of the proceedings in the arbitration in which the purported Final Award was issued for the true and complete contents thereof.

## AS TO THE ARBITRATION BEFORE THE ICC

13. Admits the allegations contained in paragraph 13 of the Petition.

14. Denies each and every allegation contained in paragraph 14 of the Petition and refers to the record of the proceedings in the arbitration in which the purported Final Award was issued for the true and complete contents thereof.

15. Denies each and every allegation contained in paragraph 15 of the Petition and refers to the record of the proceedings in the arbitration in which the purported Final Award was issued for the true and complete contents thereof; and further admits that the arbitral tribunal in such proceedings issued a partial award dated August 20, 2010, and refers to such partial award for the true and complete contents thereof; and further admits that accurate translations of certain portions of such partial award are attached as Exhibit 3 to the Polkinghorne Declaration.

## AS TO THE PURPORTED FINAL ARBITRAL AWARD

16. Denies each and every allegation contained in paragraph 16 of the Petition and refers to the record of the proceedings in the arbitration in which the purported Final Award was issued, and to the terms of the purported Final Award, for the true and complete contents thereof.

17. Denies each and every allegation contained in paragraph 17 of the Petition except admits that the Congo has not made any payments claimed to have been called for by the purported Final Award.

## AS TO THE CLAIM FOR RELIEF
### (9 U.S.C. § 207)

18. States that paragraph 18 of the Petition contains legal conclusions as to which no answer is required, and to the extent any answer is required, denies each and every allegation contained therein except admits that the United States is a contracting state to the New York

4

Convention, and that the purported Final Award did not arise out of a relationship entirely between United States citizens, and refers to the record of the proceedings in the arbitration in which the purported Final Award was issued, and to the terms of the purported Final Award, for the true and complete contents thereof.

19. Denies each and every allegation contained in paragraph 19 of the Petition, and further states that the legally authorized representatives of Commisimpex did not authorize or cause the Petition to be filed, and therefore no timely petition was filed.

20. Denies each and every allegation contained in paragraph 20 of the Petition.

21. Denies each and every allegation contained in paragraph 21 of the Petition.

## <u>AS TO COUNT ONE</u>
### (Confirmation of the Purported Final Award)

22. Repeats and realleges every admission, denial and allegation set forth above in response to those paragraphs of the Petition referenced in paragraph 22 of the Petition as if fully set forth at length herein.

23. States that paragraph 23 of the Petition contains a purported quotation from statutes as to which no answer is required, and to the extent an answer is required, denies each and every allegation contained therein.

24. Denies each and every allegation contained in paragraph 24 of the Petition.

25. Denies each and every allegation contained in paragraph 25 of the Petition except admits that it purports to identify the relief sought in the Petition.

26. Denies each and every allegation contained in paragraph 26 of the Petition and refers to the terms of the purported Final Award for the true and complete contents thereof.

27. Denies each and every allegation contained in paragraph 27 of the Petition and refers to the terms of the purported Final Award for the true and complete contents thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Lack of Subject Matter Jurisdiction Due to Lack of Standing)**

28. The legally-authorized representatives of Commisimpex did not authorize or otherwise cause to the Petition to be filed.

29. On September 26, 2012, the Congo's National Social Security Fund (Caisse Nationale de Sécurité Sociale) began liquidation proceedings against Commisimpex in the Commercial Court of Brazzaville under the OHADA "Uniform Act Organizing Collective Proceedings for Wiping Off Debts" as a result of Commisimpex's failure to pay over 2.8 billion Congolese francs (approximately US$3 million) in social security contributions and taxes for over 20 years.

30. In an October 30, 2012 ruling, the Commercial Court of Brazzaville liquidated Commisimpex's property, dissolved Commisimpex as a corporate body and appointed three liquidation trustees and a supervisory judge to oversee the liquidation of Commisimpex. In its ruling, the court ordered that "the acts, rights and actions of COMMISIMPEX SA shall be done or exercised for the duration of the liquidation of assets by the trustee acting alone in representing COMMISIMPEX." (Emphasis added.)

6

31. On May 13, 2013, the Appellate Court of Brazzaville issued a ruling on the October 30, 2012 Commisimpex liquidation order, which confirmed the liquidation of Commisimpex under Congolese law and appointed a modified group of three liquidation trustees (the "Trustees") and a supervisory judge.

32. The Petition in this action was filed on May 15, 2013, two day <u>after</u> the Appellate Court of Brazzaville issued its May 13, 2013 ruling confirming the liquidation of Commisimpex and appointing the Trustees as the sole representatives with power to  act on behalf of Commisimpex.

33. The Trustees did not authorize or otherwise cause the Petition to be filed on behalf of Commisimpex.  Instead, the attorneys that represented Commisimpex in the arbitration against the Congo that had been initiated by Commisimpex's *prior management* filed the Petition in the name of Commisimpex notwithstanding the lack of any authorization from the Trustees for such attorneys to do so.  Accordingly, the persons who caused the Petition to be filed and who are purporting to act in this proceeding in the name of Commisimpex are not in fact authorized representatives of Commisimpex.

34. As a result of the foregoing, the purported petitioner herein (i.e., the persons who filed the Petition in the name of Commisimpex) did not have the requisite standing to cause the Petition to be filed in the name of Commisimpex, and this Court therefore lacks Article III subject-matter jurisdiction over this action.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction Under Federal Arbitration Act Due to Absence of Written Agreement to Arbitrate)

35. The Court lacks subject matter jurisdiction over the Petition in this action because the Congo never agreed in writing to arbitrate disputes arising under the 2003 Protocol.

36. The 2003 Protocol was the entire basis for the arbitration that led to the purported Final Award.

37. Pursuant to Article II of the New York Convention, as implemented by § 201 of the Federal Arbitration Act, 9 U.S.C. § 201, in order for a United States court to have subject matter jurisdiction to enforce a foreign arbitration award under the New York Convention, the parties must have agreed "in writing" to arbitrate the dispute giving rise to the award.

38. The 2003 Protocol did not contain any agreement in writing to arbitrate disputes arising thereunder.  The parties did not have any other agreement in writing to arbitrate disputes arising out of the 2003 Protocol or any disputes that were the subject of the purported Final Award.  The Tribunal that issued the purported Final Award purported to require the Congo to arbitrate based on a legally improper "group of contracts" theory to which the Congo objected and continues to object.

39. As a result, there is no subject-matter jurisdiction under the Federal Arbitration Act over the Petition in this action.

**THIRD AFFIRMATIVE DEFENSE**
**(Lack of Personal Jurisdiction Due to Improper Service**
**Under the Foreign Sovereign Immunities Act)**

40. The Court lacks personal jurisdiction over the Congo, a foreign state, because the Petitioner failed to properly serve the Congo in the manner required by 28 U.S.C. § 1608(a)(1) of Foreign Sovereign Immunities Act ("FSIA").

41. To the extent that the dispute that gave rise to the purported Final Award has been or may be deemed arbitrable on the basis that the arbitration provision in the parties' 1992 Protocol must be deemed implicitly incorporated into the 2003 Protocol under a "group of contracts" theory (which the Congo disputes), then the 2003 Protocol must also be deemed to likewise incorporate the special arrangement for service upon the Congo set forth in the 1992 Protocol, which required service of process upon the Congo to be made through the Caisse Congolaise D'Amortissement at the address "Caisse Congolaise D'[A]mortissement, B.P. 2090- Telex 5294 KG, Brazzaville (Republic of Congo)."

42. The Petitioner did not serve the Petition in this action upon the Congo in accordance with the special arrangement for service upon the Congo set forth in the 1992 Protocol, in violation of the FSIA requirements set forth at 28 U.S.C. § 1608(a)(1).

43. The Petitioner additionally failed to serve the Congo in accordance with any other even potentially applicable FSIA service provisions.

44. The Congo is not a party to any "applicable international convention on service of judicial documents," and thus cannot be served pursuant to 28 U.S.C. § 1608(a)(2).

45. Petitioner did not mail the Petition to the Congo "by any form of mail requiring a signed receipt," thus precluding proper service pursuant to 28 U.S.C. § 1608(a)(3).

46. Petitioner did not serve the Petition upon the Congo with "through diplomatic channels," thus precluding proper service pursuant to 28 U.S.C. § 1608(a)(4).

47. Accordingly, the Court lacks personal jurisdiction over the Congo because the Petition was not properly served upon the Congo in the manner required, or through any manner permitted, under the FSIA.

## FOURTH AFFIRMATIVE DEFENSE
### (Petition Not Filed by Real Party In Interest)

48. Repeats and realleges paragraphs 28-33 of this Verified Answer as if fully set forth at length herein.

49. Once Commisimpex was put into liquidation, dissolved as a corporate body, and had the Trustees appointed, the Trustees became the real party in interest for the purpose of asserting any claims in the name of or that were claimed to belong to Commisimpex.

50. The Trustees have not caused or authorized the filing of the Petition.

51. Accordingly, the purported petitioner herein, or the persons who caused the Petition to be filed, are not the real party in interest for the claims asserted herein.

## FIFTH AFFIRMATIVE DEFENSE
### (Petitioner's Lack of Capacity to Sue)

52. Repeats and realleges paragraphs 28-33 of this Verified Answer as if fully set forth at length herein.

53. Commisimpex was a company formed under Congolese law.  It was put into liquidation, dissolved as a corporate body, and had the Trustees appointed as its sole and exclusive representatives, by a Congolese court acting pursuant to Congolese law.

54. Accordingly, the purported petitioner herein, or the persons who caused the Petition to be filed, lacked capacity to bring this action or file the Petition in the name of Commisimpex.

**SIXTH AFFIRMATIVE DEFENSE**
**(Prematurity of Confirming Purported Final Award**
**While Set-Aside Proceedings as to the Award**
**Remain Pending in the Court of Primary Jurisdiction)**

55. The Court may not confirm the purported Final Award at this time because judicial proceedings to set it aside are currently pending and ongoing in France, the seat of the underlying arbitration.

56. The arbitration proceedings that led to the purported Final Award were conducted under French law and were held in France, thus making the French courts the "competent authority of the country in which, or under the law of which, that award was made" under Article V(1)(e) of the New York Convention.

57. On February 20, 2013, the Congo moved to set aside the purported Final Award in the courts of France.  Cour d'appel [CA] [regional court of appeal] Paris, 1e ch., Pole 1, Dossier No. 37964, Case No. 13/03410.  This French set-aside proceeding remains pending.

58. If the French court were to set aside the purported Final Award, such determination would warrant denial of recognition and enforcement of the purported Final Award in United States courts under the New York Convention and the Federal Arbitration Act.

59. While the French set-aside proceeding remains pending, this action should be dismissed without prejudice, or at a minimum stayed, pursuant to Article VI of New York Convention, which calls for proceedings on arbitration award to be "adjourn[ed]" while such set-aside proceedings are pending.

### SEVENTH AFFIRMATIVE DEFENSE
**(Public Policy Defense to Recognition of Purported Final Award Under New York Convention Article V(2)(b) Because the 2003 Protocol Underlying the Purported Final Award Was Procured Through Corruption)**

60. The Court should deny enforcement and recognition of the Final Award pursuant to Article V(2)(b) of the New York Convention because the Final Award violates the public policy of the United States.

61. As the Congo has asserted in the French set-aside proceedings, confirmation of the Final Award is improper because: (a) the main evidence submitted by Commisimpex to support the 2003 Protocol (a letter dated October 7, 1992) was manufactured, as demonstrated by the fact that it was not referred to in any contemporaneous correspondence, it went missing until reappearing in 2003 and a signatory to the letter testified that he only signed said letter in 2003; (b) Commisimpex and others acting on its behalf engaged in corruption with members of the Congolese government to grant improper favorable treatment relating to the 2003 Protocol, as evidenced by the testimony of, *inter alia*, Mr. Roger Gossaki, the Director General of the Caisse Congolaise d'Amortissement, and Mr. Théodore Ikemo, former Director of the Debt of the Caisse Congolaise d'Amortissement; (c) the 2003 Protocol refers to a fictitious debt based on manufactured evidence; and (d) the persons who were involved in executing the 2003 Protocol on behalf of the Congo lacked the legal authority or necessary approvals to bind the Congo.

62. Because of the these facts underlying the Final Award, enforcement and recognition of the

Award should be denied on public policy grounds pursuant to Article V(b)(2) of the New

York Convention.

WHEREFORE, Respondent respectfully demands judgment in its favor dismissing the

Petition with prejudice, and awarding Respondent, as against Commisimpex and/or those

persons who have purported to authorize the filing of the Petition herein in the name of

Commisimpex, interest, costs and disbursements and such other and further relief as this Court

may deem just and proper.

Dated:   New York, New York
         September 24, 2014

                              CHADBOURNE & PARKE LLP

                    By   */s/ Robert A. Schwinger*
                         Robert A. Schwinger (DC Bar ID #NY0092)
                         Rachel W. Thorn
                         Marc Suskin
                         Attorneys for Respondent
                          Republic of the Congo
                         1301 Avenue of the Americas
                         New York, NY  10019
                         Tel. (212) 408-5100
                         Fax (212) 541-5369
                         *rschwinger@chadbourne.com*
                         *rthorn@chadbourne.com*
                         *msuskin@chadbourne.com*

Dana Frix
CHADBOURNE & PARKE LLP
1200 New Hampshire Avenue, N.W.
Washington, DC  20036
Tel. (202) 974-5600

                    Of Counsel

13

## **VERIFICATION**

I, Marc Suskin, make this verification pursuant to 28 U.S.C. § 1746:

I am a member of the law firm of Chadbourne & Parke LLP, attorneys for Respondent Republic of the Congo ("the Congo") in this action. As such, I have been authorized to make this Verification on the Congo's behalf.

I have read the foregoing Verified Answer to Petition to Confirm Arbitral Award ("Verified Answer") and know the contents thereof. The Verified Answer was prepared from information contained in the Declaration of Robert A. Schwinger in Support of Respondent's Motion to Vacate Amended Default Judgment, executed September 24, 2014, and the exhibits thereto; the Declaration of Marc Suskin in Support of Respondent's Motion to Vacate Amended Default Judgment, executed September 24, 2014, and the exhibits thereto; the Declaration of Gaston Mossa, executed September 18, 2014, and the exhibits thereto; the Declaration of Gilbert Ondongo, executed September 15, 2014; the Declaration of Boaz S. Morag, executed September 23, 2014, and records I have reviewed from arbitration proceedings between Commissions Import Export, S.A. ("Commisimpex") and the Congo, litigation proceedings in the United States and France between Commisimpex and the Congo, and Congolese legal proceedings concerning the liquidation of Commisimpex. Based upon the information set forth in the foregoing, the Verified Answer is true and accurate to the best of my knowledge, except as to matters therein stated to be upon information and belief, and as to those matters I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct. Executed this 24th day of September 2014.

                                        _____
                                                  Marc Suskin