UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT, S.A., ) | |
| ) | |
|     *Petitioner*, ) | |
| ) | |
| *v.* ) | Civil Action No. |
| ) | 1:13-CV-000713-RJL |
| REPUBLIC OF THE CONGO, ) | |
| ) | |
|     *Respondent.* ) | |
| ) | |

**DECLARATION OF FRANCIS A. VASQUEZ, JR.**

I, Francis A. Vasquez, Jr., declare as follows:

1. I am a partner in the Washington, D.C. office of White & Case LLP, counsel for Petitioner Commissions Import Export, S.A. ("Commisimpex") in the above-captioned matter. I am an attorney licensed to practice in the District of Columbia and the State of New York.

2. I submit this declaration in support of Commisimpex's Opposition to the Congo's Motion to Vacate the Amended Order and Judgment.

**Service of Process in Proceedings Related to the 2000 Arbitral Award**

3. In June 2009, Commisimpex, through its counsel White & Case LLP, commenced a proceeding in the Queen's Bench Division of the High Court of Justice, Commercial Court in London, England (the "English court") to enforce the final arbitral award issued against the Republic of the Congo ("the Congo") and Caisse Congolaise d'Amortissement ("CCA") on December 3, 2000 by the International Court of Arbitration of the International Chamber of Commerce (the "2000 Award"). These facts are set out in the declaration of John Arthur Higham, Q.C. ("Higham Decl."), which was prepared for later related proceedings in the District Court for the District of Columbia and is attached to my declaration as <u>Exhibit 1</u>.

4.      On July 10, 2009, the English court issued an order ruling that the 2000 Award was enforceable as a judgment and directing service of the judgment on the Congo and CCA. In accordance with English law, Commisimpex took the necessary steps to effect service of the English judgment on the Congo and CCA. As described by Mr. Higham, service on the Congo was accomplished by delivery of the required documents to the Congolese Ministry of Foreign Affairs in Brazzaville, Congo. Higham Decl. ¶ 11. Service on CCA also was accomplished by delivery of the required documents to the Congolese Ministry of Foreign Affairs in Brazzaville, Congo. *Id.*

5.      Neither the Congo nor CCA appeared in the English court to apply to set aside the English judgment, and the judgment became final and enforceable. *Id.* ¶ 13.

6.      On September 2, 2011, Commisimpex, represented by its counsel White & Case LLP, filed a complaint in U.S. District Court for the Southern District of New York seeking confirmation of the English judgment against the Congo and CCA. In accordance with the requirements of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a), Commisimpex served process on each of these parties by sending them a copy of the notice of suit, complaint, summons, affidavits, and accompanying translations by a method of mailing requiring a signed receipt. To serve these documents on the Congo, Commisimpex mailed the documents by UPS mail delivery service to Minister Basile Ikouébé at the Congolese Ministry of Foreign Affairs in Brazzaville. Proof of that mailing is attached to my declaration as <u>Exhibit 2</u>. To serve these documents on CCA—a named party in the 2000 Award, the English judgment, and the related U.S. litigation—Commisimpex mailed the documents by UPS mail delivery service to Theodore Ikiemou at CCA and Minister Gilbert Ondongo at the Ministry of Finance and Budget. Proof of those mailings are attached to my declaration as <u>Exhibit 3</u>. In response to this lawsuit, the Congo

did not contend there was a "special arrangement" for service and did not contest service of process on it in accordance with 28 U.S.C. § 1608(a)(3).

7. The Congo and CCA appeared in the proceeding to confirm the English judgment, represented by the law firm Cleary Gottlieb Steen and Hamilton, LLP, and the Congo did not contest the service of process. After the case was transferred to the District Court for the District of Columbia on April 27, 2012, Commisimpex filed a Motion for Summary Judgment to confirm the English judgment. In its Opposition to Summary Judgment, the Congo argued that the English court had lacked personal jurisdiction over the Congo on a number of bases, but did not argue that service of process in the English proceedings was improper. The Congo's Opposition is attached to my declaration as <u>Exhibit 4</u>. That case remains pending before Judge Lamberth.

8. At no point did counsel for the Congo inform Commisimpex or its counsel that there was a special arrangement for service or a need to serve documents on the Congo by sending them to CCA, rather than the Ministry of Foreign Affairs. Until the Congo filed its Motion to Vacate, I had never heard of any such special arrangement for service.

**<u>Service of Process to Enforce the 2013 Award</u>**

9. On April 17, 2009, Commisimpex filed a Request for Arbitration against the Congo before the International Court of Arbitration of the International Chamber of Commerce ("ICC"). Following submissions by the parties and a hearing on the merits, the ICC tribunal issued the 2013 Award against the Congo that is the subject of Commisimpex's petition in this case. On May 15, 2013, Commisimpex filed its Petition to confirm the 2013 Award against the Congo under the New York Convention.

10. In accordance with the requirements of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a), Commisimpex determined first that there was no special arrangement for service between the parties and second that there was no international convention on service of judicial documents applicable to this action. Commisimpex therefore proceeded with service of process upon the Congo in accordance with the requirements of 28 U.S.C. § 1608(a)(3), as it had done in the prior U.S. action. On May 28, 2013, Commisimpex arranged for the service documents to be sent to the Congo through the Clerk of the Court, via two methods of delivery: international commercial carrier DHL and registered mail, both methods requiring a signed receipt. (*See* Affidavits of Foreign Mailings and Certificates of Mailing, ECF Nos. 5-10.) The service documents were addressed to Basile Ikouébé at the Congolese Ministry of Foreign Affairs in Brazzaville.

11. After the documents were sent, Commisimpex tracked their delivery on the DHL tracking website and obtained the digital records confirming that the service documents were received at the Congolese Ministry of Foreign Affairs and signed for by "MPIO J Paul" on June 3, 2013. Commisimpex filed the detailed DHL tracking log as proof of service of process with its Return of Service on August 28, 2013 (ECF No. 11). The DHL "proof of delivery" form is attached to my declaration as Exhibit 5.

12. In addition to the initial service of process received by the Congo on June 3, 2013, Commisimpex also sent five additional filings in this case by DHL to the Ministry of Foreign Affairs, all of which were signed for and received between September 2 and November 8, 2013. The DHL proofs of delivery for each of those mailings are attached to my declaration as set forth here:

- Return of Service (ECF No. 11), filed August 28, 2013 – DHL proof of delivery attached as Exhibit 6;

- Commisimpex's Motion for Default Judgment and Proposed Order (ECF No. 12), filed September 3, 2013 – DHL proof of delivery attached as Exhibit 7;

- Status Report (ECF No. 13), filed September 4, 2013 – DHL proof of delivery attached as Exhibit 8;

- Commisimpex's Proposed Amended Order (ECF No. 17), filed October 8, 2013 – DHL proof of delivery attached hereto as Exhibit 9; and

- The Clerk's Entry of Default (ECF No. 15), dated September 11, 2013, and the Amended Order and Judgment (ECF No. 18), dated October 9, 2013 – DHL proof of delivery attached hereto as Exhibit 10.

**Proceedings to Enforce this Court's Amended Order and Judgment**

13. On June 18, 2014, Commisimpex, represented by the law firm Grossman LLP, registered this Court's Amended Order and Judgment in the U.S. District Court for the Southern District of New York. On June 27, 2014, Commisimpex initiated post-judgment discovery by issuing a subpoena against the French bank, BNP Paribas. A copy of the subpoena is attached to my declaration as Exhibit 11.

14. On July 17, 2014, BNP Paribas-New York Branch, represented by the Congo's longstanding counsel, Cleary Gottlieb Steen & Hamilton LLP, responded with objections to the subpoena, attached to my declaration as Exhibit 12.

15. On July 24, 2014, Commisimpex responded by letter to Cleary Gottlieb, noting, among other issues, its concern that Cleary Gottlieb's "dual representation of BNP and Defendant Republic of the Congo" posed a "potential, if not actual, conflict of interest." That letter is attached to my declaration as Exhibit 13.

16. Cleary Gottlieb replied on August 4, 2014, claiming, *inter alia*, there was no "actual or perceived conflict of interest" because the law firm Chadbourne & Parke LLP represents the Congo in the action pertaining to the Amended Judgment. Cleary Gottlieb's letter is attached to my declaration as Exhibit 14.

5

**The Congolese Judiciary**

17.     The U.S. government and international organizations have issued reports commenting on the impartiality and lack of due process in the Congolese judiciary.  A true and correct copy of the U.S. State Department report *Country Reports on Human Rights Practices for 2013 (Republic of the Congo)* (2013), available at http://www.state.gov/documents/organization/220314.pdf, is attached to my declaration as Exhibit 15.

18.     A true and correct copy of the U.S. State Department report *2014 Investment Climate Statement – Republic of the Congo* (June 2014), available at http://www.state.gov/documents/organization/ 227342.pdf, is attached as Exhibit 16.

19.     A true and correct copy of the United Nations report, Rep. of the Working Grp. on the Universal Periodic Rev., 17th sess., Oct. 21-Nov. 1, 2014, U.N. Doc. A/HRC/25/16 (Jan. 6, 2014), is attached as Exhibit 17.

*     *     *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of November 2014 in Washington, D.C.

/s/ Francis A. Vasquez, Jr.
Francis A. Vasquez, Jr.