# Exhibit 11

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A. | )  |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 14 MISC. 0187 |
| REPUBLIC OF THE CONGO | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: BNP Paribas
787 Seventh Avenue, NY NY 10019
*(Name of person to whom this subpoena is directed)*

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE SCHEDULE A

| Place: GROSSMAN LLP<br>405 Park Avenue - 10th Floor<br>New York, New York 10022 | Date and Time:<br>07/17/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/27/2014

*CLERK OF COURT*

_____   OR   _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* COMMISSION IMPORT EXPORT S.A. , who issues or requests this subpoena, are:
Judd B. Grossman, Esq., GROSSMAN LLP, 405 Park Avenue - 10th Floor, NY NY 10022

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 14 MISC. 0187

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
　(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or
　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Definitions & Instructions

1. The instructions, rules of construction, and definitions set forth in Rules 26, 34, and 69 of the Federal Rules of Civil Procedure and in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York are deemed incorporated by reference into this discovery request as if fully set forth. In addition, the following shall apply:

2. "**Document**" is defined in Local Rule 26.3 as "documents or electronically stored information."

3. "**Communication**" is defined in Local Rule 26.3 as "the transmittal of information (in the form of facts, ideas, inquiries or otherwise)," however recorded, including electronic mail and electronic messaging systems.

4. "**Concerning**" is defined in Local Rule 26.3 as "relating to, referring to, describing, evidencing or constituting."

5. "**Person**" is defined in Local Rule 26.3 as "any natural person or any legal entity, including, without limitation, any business or governmental entity or association."

6. "**You**," "**Your**," or "**BNP**" means BNP Paribas, including any of its branches, and any of its subsidiaries, affiliates, nominees, divisions, or departments, or anyone purporting to act on their behalf individually or collectively, including any of its respective officers, directors, employees, agents, attorneys, advisors, or other representatives, and any predecessor or successor of the foregoing.

7. "**Republic**" means the Republic of the Congo, and any of its agencies or instrumentalities, or anyone purporting to act on their behalf individually or collectively, including any of the Republic's respective ministries, officers, directors, employees, agents, advisors, or other representatives.

8. **"Republic Property"** means any property (whether real or personal, tangible or intangible, presently existing or hereafter arising), including but not limited to cash, deposits, real property, instruments, securities, security entitlements, security accounts, equity interests, claims, and contractual rights, and interests of any kind in the foregoing, held or maintained at any point during the Relevant Period in the name of or for the use or benefit of the Republic, or any fund, trust, or other investment vehicle administered by or under the auspices of the Republic, held at, by, with, or through You, including all securities beneficially owned by the Republic, regardless of where those securities are traded, the issuers located, or certificates representing those securities are ultimately held.

9. **"Custodian"** means any Person that keeps custody of any Republic Property, including without limitations any securities intermediaries that in the ordinary course of business maintain accounts for securities or securities entitlements.

10. **"Relevant Time Period"** means between December 3, 2000 and the date of Your responses to these Discovery Requests.

11. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation."

12. The use of a verb in a tense shall be construed as use of a verb in the past, present, or future tense wherever necessary to bring within the scope of each document request any documents that might otherwise be construed to be outside its scope.

13. These requests encompass all items within your possession, custody or control.

14. These requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material information.

2

15. If, in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

16. Any document requested is to be reproduced in its entirety, without abbreviation or expurgation, including any attachments thereto, whether referred to in the document or otherwise, and including any enclosures therewith, whether referred to in the document or otherwise.

17. Produce all non-identical copies of documents, as well as drafts of documents, produced in response to these requests.

18. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing any document, state the following: (a) the date(s) the document was created, sent and received; (b) the name, the present or last known home and business addresses, the telephone numbers, the title (or position) and the occupation of those individuals who prepared, produced, or reproduced, or who were recipients of, said document; (c) a description of the document sufficient to identify it without revealing the information for which the privilege is claimed, including the general subject matter and character of the document (*e.g.*, letter, memorandum, notes); (d) the location of the document; (e) the custodian of the document; and (f) the basis on which such privilege is claimed or on which the document is otherwise withheld. Notwithstanding the assertion of any objection, any requested document which defendants object to furnishing but which nevertheless contains non-objectionable information that is responsive to this request must be produced, but that portion of the document for which the objection is asserted may be redacted, provided that the above-requested identification is furnished.

19. If any document or portion thereof that was known to exist cannot be produced because it is believed to have been destroyed, or cannot be located, or is otherwise thought to be

3

incapable of being produced or not to exist at present, please separately identify each such document on an itemized list according to the numbered document request to which it is responsive, and set forth all available information about the document or portion thereof, including its form, subject matter, date of preparation, author(s), addressee(s), and recipient(s), and the date and reason for the document's destruction or disappearance, and, if known, the person or entity to whom the document was transferred.

20. All documents retained in electronic form shall include all metadata and shall be produced in native format (*e.g.*, Microsoft Outlook, Excel, and Word files), unless such native format is not readily accessible (*e.g.*, a file format that can be accessed only by proprietary software).

### Documents You Are Required To Produce

1. All Documents Concerning the amount, composition, location, and Custodian(s) of Republic Property and the manner and circumstances under which You hold or maintain such property, including but not limited to account statements, trade reports, financial statements, tax statements, or other disclosures or reports.

2. All Documents Concerning any cancellation, withdrawal, transfer, closing or other activity or request for such activity in any account containing Republic Property.

3. Any Communications between You and the Republic Concerning Republic Property.

4. Any Communications Concerning the Republic Property between You and any other creditor of or plaintiff against the Republic, including without limitation any Communication or Documents provided to any other creditor or plaintiff pursuant to N.Y. C.P.L.R. § 6219.

Dated: June 27, 2014
      New York, New York

                          **GROSSMAN LLP**

                        By: *[signature]*
                             Judd B. Grossman, Esq.
                             jgrossman@grossmanllp.com
                             405 Park Avenue, Tenth Floor
                             New York, New York 10022
                             Telephone: (646) 770-7445
                             Facsimile: (646) 417-7997

                             *Attorney for Plaintiff*
                             *Commissions Import Export S.A.*