# Exhibit 4

ROLE COMMERCIAL N°173
ANNEE 2012

EXPEDITION

F°145/248

-DU 30/10/2012-

REPERTOIRE N°076
DU 30 OCTOBRE 2012.

### AUDIENCE COMMERCIALE DU MARDI TRENTE OCTOBRE DEUX MIL DOUZE A HUIT HEURES DU MATIN

--------------------------------------------------------------

### AFFAIRE

### LA CAISSE NATIONALE DE SECURITE SOCIALE (Maître MOUKENGUE)

### CONTRE

### LA SOCIETE COMMISIMPEX (Maîtres BRUDEY ET DEVILLERS)

### LIQUIDATION DES BIENS ET FAILLITE PERSONNELLE D'UN DIRIGEANT

--------------------------------------------------------------

A l'audience publique du Tribunal de Commerce de Brazzaville siégeant en matière commerciale tenue au palais de justice de cette ville, dans la salle ordinaire des audiences, le Mardi trente (30) octobre deux mil douze à huit heures trente minutes du matin ;

Par Messieurs : - Gérard BIKINDOU,    Président ;
                 - Vincent MAKANGA, Juge Assesseur ;
                 - Sermon NGOMA,    Juge assesseur ;

En présence de Monsieur T. J. Chris ZEKAKANY, Procureur de la République Adjoint tenant le siège du Ministère Public ;

Assistés de Maître Irène Mariette BIKAMBIDI, Greffier en Chef ;

A été rendu le jugement contradictoire suivant :

### ENTRE :

LA CAISSE NATIONALE DE SECURITE SOCIALE, ayant pour conseil Maître MOUKENGUE, avocat à la Cour,

### DEMANDEURESSE

                                        D'UNE PART
ET

La Société COMMISIMPEX, ayant pour conseils Maîtres BRUDEY et DEVILLERS, avocats à la Cour ;

### DEFENDERESSE

                                        D'AUTRE PART

Le 26 septembre 2012, la Caisse Nationale de Sécurité Sociale en sigle C.N.S.S a adressé à Monsieur le Président du Tribunal de Commerce une requête aux fins de liquidation de la société COMMISIMPEX;

Ensuite de cette requête, Monsieur le Président du Tribunal rendait le 28 septembre 2012, une ordonnance autorisant la requérante à assigner la société COMMISIMPEX devant le Tribunal de Commerce de Brazzaville pour entendre statuer sur les mérites de la requête susdites ;

En vertu de cette ordonnance et suivant notification de Maître Irène M. BIKAMBIDI, Greffier en chef près le Tribunal de Commerce de Brazzaville, notification faite à la société COMMISIMPEX, aux fins de s'entendre statuer sur les mérites susdites ;

Inscrite au rôle et appelée à l'audience du 02 Octobre 2012 ;

Cette affaire a subi plusieurs renvois jusqu'au 23 octobre 2012, date à laquelle elle a été retenue et plaidée;

Maître MOUKENGUE a été entendu en ses demandes, fins et conclusions ;

Maîtres BRUDEY et DEVILLERS en leurs explications et moyens de défense ;

Le Ministère Public invité à prendre ses réquisitions a requis le sursis à statuer ;

Sur quoi les débats étant clos, le Tribunal a mis l'affaire en délibéré pour jugement être rendu le 30 Octobre 2012 ;

Advenue l'audience de ce jour, le Tribunal vidant son délibéré a rendu le jugement contradictoire dont la teneur suit :

LE TRIBUNAL :

Ouï, Maître MOUKENGUE en ses demandes, fins et conclusions ;

Ouï Maîtres BRUDEY et DEVILLERS en leurs explications et moyens de défense ;

Ouï le Ministère Public en ses réquisitions ;

2

## APRES EN AVOIR DELIBERE CONFORMEMENT A LA LOI :

Suivant requête, à Brazzaville, en date du 26 septembre 2012, la Caisse Nationale de Sécurité Sociale dite CNSS, dont le siège social est sis avenue Denis SASSOU NGUESSO , centre ville, Brazzaville ; poursuites et diligences de son Directeur Général, domicilié en tant que de besoin audit siège ; ayant pour conseil, Maître Firmin MOUKENGUE, avocat inscrit au barreau de la Cour d'Appel de Brazzaville ; a attrait devant le Tribunal de Commerce de Brazzaville, la société COMMISSION IMPORT EXPORT S.A. dite COMMISIMPEX ; ayant pour siège social, avenue FOCH, centre ville –Brazzaville ; ainsi que Monsieur Moshin Mohamed HAJAIJ dont les intérêts sont défendus par le cabinet d'Avocats BRUDEY -ONDZIEL GNELENGA – LOCKO et le Cabinet Gérard DEVILLERS ; aux fins de s'entendre statuer sur les mérites de sa demande en liquidation des biens de la société COMMISIMPEX ainsi que la mise en faillite personnelle de Monsieur Moshin Mohamed HAJAIJ ;

## FAITS, MOYENS ET PRETENTIONS DES PLAIDEURS

Il résulte autant de la requête introductive d'instance que des écritures en réponse que la Caisse Nationale de Sécurité Sociale dite CNSS, organisme public ayant pour mission de gérer le régime de sécurité sociale pour les travailleurs relevant du Code de travail, se prévalant des impayés des cotisations sociales dues par la société COMMISIMPEX S.A ; et chiffrées à francs Cfa 2.823.739.920, auxquelles il est ajouté des dommages intérêts de francs Cfa 3.500.000.000, sollicite dans la présente cause la liquidation des biens de la société débitrice sur le fondement de l'article 28 alinéa 1er et 2 de l'Acte Uniforme portant organisation des procédures collectives d'apurement du passif ;

De même, il est sollicité la mise en faillite personnelle de Monsieur Moshin Mohamed HAJAIJ, en application de l'article 196 du même Acte Uniforme, car ; estime la CNSS, ce dernier a posé des actes de mauvaise foi des imprudences inexcusables qui ont enfreint gravement les règles et usages de commerce ;

S'expliquant sur la demande en liquidation des biens de la société COMMISIMPEX, la demanderesse au procès affirme que la dernière déclaration annuelle de COMMISIMPEX indiquant l'effectif des travailleurs, le montant total des rémunérations ou gains perçus, ainsi que la durée du travail effectué, remonte au 1er août 1981 ;

Or selon l'article 23 alinéa 1er de la loi du 25 février 1986 instituant le Code de Sécurité Sociale,ces éléments doivent être contenus dans une déclaration annuelle qui doit être produite par l'employeur, faute de quoi, renchérit l'article 25 du même Code, la taxation d'office est



3

effectuée sur la base des Salaires ayant fait l'objet de la déclaration la plus récente, majoré de 25 pour cent, ou à défaut sur la base de la comptabilité de l'employeur ;

Cette situation générée par COMMISIMPEX, mais aussi les autres entreprises, paralyse non seulement la nouvelle vision de la Caisse d'assainir et d'organiser le paiement automatique des pensions de retraite et d'autres prestations, mais aussi la politique générale du gouvernement dans ce domaine ; d'où en raison du mauvais fonctionnement de COMMISIMPEX, de sa situation délétère, la mise en liquidation des biens s'avère nécessaire ;

Mieux encore, la  COMMISIMPEX n'a pas déposé au greffe du Tribunal de Commerce de Brazzaville ses états financiers de synthèse des exercices 2008, 2009,2010 et 2011 comme en témoigne le certificat de non dépôt délivré par Monsieur le greffier en chef du  Tribunal de Commerce de Brazzaville ;

Pourtant, il s'agit là d'une obligation légale résultant des dispositions de l'article 269 de l'Acte Uniforme relatif au droit des sociétés commerciales et du groupement d'intérêt économique, exprimée en ces termes : « les sociétés anonymes sont tenues de déposer au greffe du Tribunal pour être annexés au registre du commerce et du crédit mobilier ; dans le mois qui suit leur approbation par l'Assemblée générale des actionnaires, les états financiers de synthèse, à savoir le bilan, le compte de résultat, le tableau financier des ressources et emplois et l'état annexé de l'exercice écoulé » ;

Ainsi, il est incontestablement établi que la COMMISIMPEX S.A se trouve dans l'impossibilité de faire face à son passif exigible avec son actif disponible, de sorte que son état de cessation de paiement donne inéluctablement lieu à l'ouverture d'une procédure  de liquidation des biens, pour permettre à la  CNSS de rentrer dans ses fonds augmentés des dommages intérêts,ceci, pour la sauvegarde des droits des travailleurs, donc des droits sociaux qui constituent leurs créances alimentaires, dès lors que lesdits travailleurs sont admis à faire valoir leurs droits à la retraite ;

En prononçant la liquidation des biens, conclu la partie demanderesse au procès, le Tribunal de céans devra nommer les organes de liquidation dont la durée s'étendra jusqu'à la clôture des opérations de liquidation, fixer souverainement la date de la cessation des paiements, dire que les émoluments du liquidateur seront fixés par décision du Président du Tribunal de Commerce statuant à bref délai, cantonner la créance de la CNSS à francs Cfa 2.823.739.920 en principal et à francs Cfa 3.500.000.000 à titre de dommages intérêts et, enfin ordonner l'exécution provisoire de la présente décision



4

conformément aux dispositions de l'article 217 de l'Acte Uniforme portant organisation des procédures collectives d'apurement du passif ;

Répondant à cette requête, la société COMMISIMPEX, sous la plume de ses conseils, soulève plusieurs incidents de procédure avant de conclure sur le mal fondé de la demande en liquidation des biens et celle de la faillite personnelle de Monsieur Moshin Mohamed HAJAIJ ;

D'abord d'après COMMISIMPEX, la notification de l'ordonnance de fixation de date à elle servie, la cite à comparaître devant le Tribunal de Commerce de Brazzaville à l'audience commerciale des référés du 02 octobre à 8 heures précises ;

Le Tribunal de Commerce de Brazzaville dans sa forme collégiale n'étant pas une juridiction des référés, on ne saurait citer COMMISIMPEX à comparaître devant une juridiction des référés, sans encourir une irrecevabilité ; laquelle, en pareille circonstance conduira le Tribunal de Commerce de Brazzaville à se dessaisir du dossier ;

Ensuite l'ordonnance de fixation de date signée du Président du Tribunal de Commerce de Brazzaville ; laquelle est prévue aux articles 38,39 et 40 du Code de Procédure Civile, Commerciale, Administrative et Financière ne vise pas Monsieur Moshin Mohamed HAJAIJ, et même la notification de cette ordonnance valant citation à comparaître, non plus, n'a été servie qu'à la seule COMMISIMPEX ;

« En conséquence, Monsieur Moshin Mohamed HAJAIJ n'est pas partie à la présente procédure et n'entend pas comparaître volontairement »,conclu la société COMMISIMPEX qui ajoute que Monsieur HAJAIJ ne pourra être concerné par aucune disposition de la décision à intervenir ;

En outre, poursuivant d'argumenter sur les moyens de procédure, la société COMMISIMPEX fait valoir que l'article 28 de l'Acte Uniforme portant organisation des procédures collectives d'apurement du passif, ne permet l'ouverture d'une procédure collective de liquidation des biens, à la demande d'un créancier, que lorsque la saisine du juge s'effectue par voie d'assignation ; laquelle assignation doit, à peine de nullité reproduire un certain nombre de mentions, notamment la nature et le montant de la créance, de même que le titre sur lequel se fonde le créancier assignant ;

Or en l'espèce, c'est par une requête non contradictoire et non par voie d'assignation que la CNSS a saisi le Tribunal de Commerce de Brazzaville,de sorte que l'instance n'étant pas valablement introduite, le Tribunal ne pourra que se déclarer non valablement saisi ;



Quant au titre, la requête introductive d'instance, affirme que « le titre sur lequel elle se fonde est bien connu », faisant ainsi allusion à un document intitulé « Situation cotisante COMMISIMPEX au 31 décembre 2011 », établi par Léonie NZAMA, Directrice du recouvrement et du contentieux de la CNSS ;

Ce titre n'est pas valable et devra être considéré comme nul ;

En effet, la jurisprudence, notamment la Cour d'Appel de Dakar, a considéré que « l'appelant n'a pas produit de titre exécutoire ; les créances alléguées résultent des documents unilatéraux ne comportant pas la signature du débiteur et non certifiés par une autorité légalement habile » cité in OHADA, Traité et Actes Uniformes commentés et annotés, Juriscope 2012, p 1177 ;

De même les juridictions ivoiriennes ont indiqué que le créancier qui n'est pas muni d'un titre exécutoire non exécuté n'apporte pas la preuve de l'état de cessation des paiements de son débiteur (Traité et Actes uniformes commentés et annotés,Juriscope 2012, p 1176) ;

Le Tribunal de Commerce de Brazzaville n'a pas davantage pu être saisi sur le fondement de l'article 29 de l'Acte Uniforme précité, lequel article prévoit le respect d'une procédure spécifique ; notamment la signification au débiteur par acte extrajudiciaire et la reproduction intégrale de l'article 29 de l'Acte Uniforme portant organisation des procédures collectives d'apurement du passif ;

Si l'article 28 impose au créancier de démontrer qu'il a entrepris des vaines poursuites pour faire la preuve que la créance qu'il prétend détenir n'est pas contestable dans son principe ; l'article 29, pour sa part, exige la démonstration d'un état de cessation de paiement mais, la CNSS ne fait aucune démonstration à propos ;

Tout compte fait, il n'est pas possible que la CNSS se délivre un titre à elle-même en y mettant le montant de la créance qui pourrait être éventuellement due par COMMISIMPEX à cet organisme social ;

Le montant des cotisations sociales pouvant être dues par la CNSS ne peut être déterminé qu'au bout d'une procédure respectant les formalités expressément prévues par les articles 185,186,187 et 188 du Code de sécurité sociale ;

D'après ces dispositions, la procédure commence par la délivrance d'une contrainte à COMMISIMPEX, à la diligence de la CNSS ; laquelle contrainte est visée et rendue exécutoire par le Président du Tribunal de Travail ;



6

L'étape suivante est la signification de la contrainte au débiteur présumé ; étant précisé que ladite contrainte n'est exécutoire que s'il n'y a pas opposition du débiteur ;

La dernière étape est la tentative de conciliation devant le Président du Tribunal de travail, en cas d'opposition du débiteur ; la non conciliation conduit le Président à rendre une décision fixant le montant de la créance, avec possibilité pour le débiteur de relever appel de cette décision ;

La CNSS ne pouvant s'affranchir des dispositions impératives du Code de sécurité sociale, doit être renvoyée par le juge commercial à faire établir sa créance dans le respect de la procédure ci-dessus décrite, car il n'appartient même pas au Tribunal de Commerce de Brazzaville, saisi du présent litige, de déterminer le montant de la créance éventuellement due par COMMISIMPEX à la CNSS ;

Toujours et enfin, au nombre des incidents de procédure, la société COMMISIMPEX, soulève le sursis à statuer dans ses conclusions du 22 octobre 2012, produites au dossier le jour même de l'audience des plaidoiries , soit le 23 octobre courant ;

Appuyée dans cette demande de sursis statuer par le Ministère public qui, quelques jours auparavant avait sollicité communication de l'entier dossier de la procédure et qui, au cours de l'audience des plaidoiries a développé des réquisitions orales ; la société COMMISIMPEX explique qu'elle a déposé entre les mains de Monsieur le Doyen des Juges d'Instruction, pour les infractions de faux, escroquerie et tentative d'escroquerie, une plainte avec constitution de partie civile portée contre X ;

En effet, d'abord le document de base sur lequel la CNSS prétend qu'elle est créancière des arriérés de cotisations sociales, signé de Madame la Directrice du Contentieux et du Recouvrement de la CNSS, est constitutif d'un faux et d'un faux témoignage ;

Ensuite, les moyens utilisés par la CNSS qui ont pour objectif de récupérer les sommes prétendument dues, sont à l'évidence des manœuvres frauduleuses, prévues et réprimées par les dispositions de l'article 405 du Code Pénal et sont constitutifs du délit d'escroquerie ;



Le jugement de l'affaire pénale aura nécessairement une influence sur l'instance dont le Tribunal de Commerce se trouve aujourd'hui saisi ;

C'est ainsi que de concert et en chœur avec le Ministère public, la société COMMISIMPEX sollicite le sursis à statuer dans la présente procédure et ce, jusqu'au prononcé de la décision au pénal ;

Après avoir soulevé ces incidents de procédure, la société COMMISIMPEX affirme que la demande d'ouverture d'une procédure de liquidation des biens est mal fondée dès lors que la créance de la CNSS est hautement contestable ;

D'après la CNSS, la société COMMISIMPEX a cessé de payer ses cotisations sociales depuis août 1981 et qu'ensuite COMMISIMPEX n'a pas respecté les dispositions de l'article 269 de l'Acte Uniforme relatif aux sociétés commerciales et du groupement d'intérêt économique ;

Toujours d'après la CNSS, les cotisations sociales entre 1981 et 1988 n'ont pas été payées ; alors même que conformément aux dispositions du Code de sécurité sociale ci-dessus rappelées, il n'appartient pas à la société COMMISIMPEX de rapporter la preuve qu'elle s'est bien acquittée de ses cotisations, et malgré la difficulté qu'elle éprouve d'avoir à rechercher des preuves de paiement des créances aussi anciennes, COMMISIMPEX a pu retrouver, dans l'urgence, quelques photocopies de chèques de règlement au profit de la CNPS/CNSS ;

On le voit ; la créance de la CNSS pour la période de 1981 à 1988 a fait l'objet des paiements ; cette créance est donc contestable ; ces paiements ne sont même pas retracés dans « la situation cotisante » ;

Quant à l'affirmation selon laquelle COMMISIMPEX aurait compté 264 salariés en 1981, et que sa cotisation annuelle aurait été de 3.915.611 francs Cfa cette affirmation est simplement mensongère, puisqu'en 1981, la société n'avait aucun employé ; elle n'a commencé en avoir en faible nombre que dans le courant 1982-1983, comme cela est attesté par les comptes d'exploitation de ces deux années ;

La CNSS réclame le paiement des cotisations sociales entre 1988 et 2011 alors que COMMISIMPEX a licencié la quasi-totalité de ses salariés en 1988, puis a été mis en sommeil en 1991 ; la lettre adressée par COMMISIMPEX à Monsieur le Directeur régional du Travail le 04 mai 1988, puis le procès verbal d'assemblée générale mixte du 29 juin 1991 en faisant foi ;

La mise en sommeil provisoire de la société a été décidée par les actionnaires de COMMISIMPEX, lors de leur Assemblée générale en date du 28 juin 1991 et le licenciement de l'ensemble de son personnel



8

est intervenu à la suite de l'annulation du projet Etoumbi-Kunda, car COMMISIMPEX s'est vue dans l'obligation de cesser ses activités ;

La cessation d'activité est prévue à l'article 65 de l'Acte Uniforme OHADA du 15 décembre 2010 portant droit commercial général ; elle a notamment pour conséquence d'exonérer la société du paiement des cotisations sociales ;

Dans ce cas, on ne voit pas dans quelles conditions des cotisations sociales auraient pu naître au profit de la CNSS ;

Enfin sur cette question des cotisations sociales la COMMISIMPEX relève qu'aux termes du Protocole d'Accord conclu le 14 octobre 1992 entre elle et la République du Congo, il a été prévu (article 6) que « tout impôt, taxe ou droit de quelque nature que ce soit, présent ou à venir, exigible à l'occasion de l'exécution du présent accord et des suites légalement en  République du Congo sont à la charge de République » ;

Ayant cessé toute activité, COMMISIMPEX bénéficie d'une exonération conventionnelle de paiement des cotisations sociales ; lesquelles, si elles existent auraient pues être prises en charge par la République du Congo ;

S'agissant de la mise en faillite personnelle de Monsieur Moshin Mohamed HAJAIJ , les conditions de cette mise en faillite prévues aux articles 196, 197 et 198 de l'Acte Uniforme portant procédures collectives d'apurement du passif ne sont pas remplies en l'espèce ;

La CNSS ne tente même pas d'établir l'un quelconque des actes prévus par les dispositions légales ci-dessus rappelées ; le Tribunal ne pourra que, en l'espèce, rejeter les demandes de la CNSS tendant à prononcer la mise en faillite personnelle de  Monsieur Moshin Mohamed HAJAIJ ;

Pour finir, la société COMMISIMPEX, à titre reconventionnel, souligne le caractère abusif et vexatoire de la présente procédure, et sollicite en réparation, à titre des dommages intérêts, la somme de francs Cfa 300.000.000 ;

En effet la vacuité du dossier présenté par la  CNSS à l'appui d'une demande aussi grave que celle de la mise en liquidation d'une société, démontre à elle seule que la présente procédure n'a été conçue que pour tenter de tromper , dans l'urgence, la religion du Tribunal de céans et extorquer un jugement de liquidation de COMMISIMPEX, dans le seul but, non pas de recouvrer une créance, en

9

réalité, totalement imaginaire, mais de nuire purement et simplement à COMMISIMPEX qui,par ailleurs est en litige avec l'Etat Congolais ;

### MOTIFS DE LA DECISION

Attendu que procédant à l'analyse des faits, moyens, prétentions des plaideurs ainsi que des pièces produites à l'appui des demandes des parties au procès, la juridiction de céans devra statuer sur les points ci-après :

### 1- Sur la demande de sursis à statuer formulée par la société COMMISIMPEX et par le Ministère public

Attendu qu'en vertu du principe, « le criminel tient le civil en état », la société COMMISIMPEX qui justifie avoir déposé, à la date du 22 octobre 2012, entre les mains de Monsieur le Doyen des Juges d'Instruction , une plainte avec constitution de partie civile, contre X , pour les infractions de faux , usage de faux, escroquerie et tentative d'escroquerie ; sollicite qu'il soit sursis au jugement de l'action introduite par la CNSS devant le juge commercial, aux fins de liquidation des biens de COMMISIMPEX et de faillite personnelle d'un dirigeant ;

Mais attendu que cette demande est sérieusement critiquable et ne saurait résister à l'analyse ;

Attendu que juridiquement, les conditions de la mise en œuvre du sursis à statuer par le juge civil (ou commercial) sont essentiellement constituées par la mise en mouvement de l'action publique ; une identité de fait entre les deux actions et l'identité des parties (pas nécessairement obligatoire) ;

Que si en l'espèce ; la mise en mouvement de l'action publique a été réalisée par le dépôt de la plainte avec constitution de partie civile, l'identité de fait entre l'action civile et l'action pénale n'est acquise en la cause ;

Qu'en effet l'identité entre les deux actions est certaine lorsque l'action en réparation portée devant le juge civil est une action aux fins des dommages intérêts, fondée sur l'infraction, sur la faute pénale ;

Que par contre, comme en l'espèce, l'identité de fait est discutable, dans le cas où le procès civil porte sur une action de nature civile, née du même fait matériel qui a généré l'action publique, mais n'ayant pas pour objet la réparation du dommage causé par l'infraction, comme par exemple, renchérit la doctrine (« Procédure Pénale » G.Stefani et G. Levasseur ;  septième édition ; Dalloz, pp. 189-

10

190), une action en divorce pour adultère, alors que ce délit est poursuivi devant le Tribunal Correctionnel ;

Que par application de cette théorie doctrinale, il n'y a pas, dans l'affaire qui oppose la CNSS contre COMMISIMPEX, portée devant le Tribunal de Commerce une identité de fait, et pas même une identité de cause ; avec l'action qui est soumise devant le juge pénal ;

Qu'en effet, toute réflexion faite il y a une différence de cause juridique entre les deux actions : si la finalité de la saisine du juge commercial est l'ouverture d'une procédure collective de liquidation des biens et la mise en faillite personnelle d'un dirigeant ; celle poursuivie devant le juge pénal est la répression d'un éventuel délinquant, auteur des délits de faux, usage de faux, escroquerie et tentative d'escroquerie ;

Que dans ce cas, l'autorité de la chose jugée au pénal n'influencera pas le jugement de l'affaire commerciale en cours ;

Que s'agissant de la troisième condition de la mise en œuvre du sursis à statuer, la doctrine retient que l'identité des parties peut être requise, mais elle n'est pas nécessaire ;

Que le juge civil doit surseoir à statuer, même si l'action au pénal n'est exercée que contre le civilement responsable de l'auteur de l'infraction ;

Que cependant le seul grief de la non identité de fait entre les actions, puis la différence de cause qui en résulte, conduit le juge de céans à constater que les conditions du sursis au jugement commercial ne sont pas réunies ; lesquelles au demeurant sont cumulatives et non alternatives ;

Qu'il convient de rejeter le sursis à statuer sollicité par la société COMMISIMPEX ;

Attendu que tenant le siège du Ministère public à l'audience des plaidoiries du 23 octobre 2012, Monsieur le Procureur de la République qui a, quelques jours auparavant, sollicité communication du dossier de la présente procédure, a requis le sursis à statuer ;

Attendu que si la demande de sursis à statuer formulée par la société COMMISIMPEX a été rejetée après examen, celle du Ministère public devra être déclarée irrecevable sans avoir été examinée ;

Qu'en effet le principe jurisprudentiel dégagé par la Cour Commune de Justice et d'Arbitrage dans l'arrêt n° 003/2002 du 10



11

janvier 2002 (Affaire SIEM C/ Société ATOU et BICIC), et l'arrêt n° 016/2004 du 29 avril 2004 (Affaire SCIERIE D'AGNIBILEKROU WAHAB NOUHAD dite SDA, WAHAB NOUHAD Rachid C/ HASSAN SAHLY) ; est le suivant :

« Toute disposition de droit interne d'un Etat partie qui prévoit l'obligation de communiquer au Ministère public, les causes concernant les litiges d'un certain montant ou d'une certaine nature est contraire à la lettre et à l'esprit des dispositions des articles 28, 336 et 337 de l'Acte Uniforme portant organisation des procédures simplifiées de recouvrement et des voies d'exécution » (In « La Problématique de l'unification de la Jurisprudence par la Cour Commune de Justice et d'Arbitrage » par Félix ONANA ETOUNDI, avec la Collaboration de Pierre BOUBOU ; Ed.Droit au Service du Développement ; février 2008 ;

Qu'en vertu de ce principe jurisprudentiel, les réquisitions orales du Ministère public relatives au sursis à statuer sont irrecevables et ce, d'autant plus que selon les auteurs de l'ouvrage ci-dessus cité (page 183) quelque soit l'Acte Uniforme en cause, ce principe vaut pour « toutes dispositions analogues antérieurement en vigueur dans les textes de droit national des autres Etats OHADA » ;

### 2 - Sur le prétendu défaut de saisine du Tribunal de Commerce

Attendu que si la notification de l'ordonnance de fixation de date invite la société COMMISIMPEX à comparaître « devant le Tribunal de Commerce de Brazzaville à l'audience commerciale des référés du 02 octobre 2012 à 8 heures précises pour entendre statuer sur les mérites de la requête dont s'agit » ; la société COMMISIMPEX ne saurait tirer avantage de cette peccadille pour prétendre que l'action de la CNSS encourt une irrecevabilité ;

Que d'abord la notification, en procédure est un acte permettrant de porter à la connaissance de l'intéressé un autre acte : acte administratif, ordonnance de fixation de date etc....... ;

Qu'en l'espèce, il s'agit d'une ordonnance de fixation de date qui lui, « fixe au 02 octobre 2012 à 8 heures, date à laquelle l'affaire sera appelée au lieu ordinaire de nos audiences aux fins de statuer sur les mérites de ladite requête » ;

Que la simple notification, ne saurait être supérieure à l'ordonnance de fixation de date qu'elle porte ;

Qu'ensuite et en toute hypothèse, la notification dont grief mentionne bien la date du 02 octobre 2012 qui correspond à un mardi, jour ordinaire des audiences de fond pour le Tribunal de Commerce ;

lequel Tribunal qui veut dire composition collégiale à trois juges a été aussi mentionné autant dans l'ordonnance de fixation de date que dans la notification y relative ;

Que le moyen de pure forme tendant à l'irrecevabilité de l'action de la CNSS, manque de sérieux et surtout de pertinence et ne saurait emporter la conviction du juge commercial ;

Qu'il convient de rejeter l'irrecevabilité tirée de la prétendue irrégularité de la notification de l'ordonnance de fixation de date ;

### 3- Sur la prétendue absence de mise en cause de Monsieur Moshin Mohamed HAJAIJ ;

Attendu que selon COMMISIMPEX, son dirigeant, Monsieur Moshin Mohamed HAJAIJ, quoique faisant l'objet d'une demande de faillite personnelle dans la requête introductive d'instance, n'ayant pas été visé par l'ordonnance de fixation de date et n'ayant pas, non plus, été cité à comparaître, devant le Tribunal de Commerce dans la notification, ne saurait être partie à la présente procédure et n'entend comparaître volontairement ;

Mais attendu que l'examen minutieux des éléments de la cause établit que le dirigeant de COMMISIMPEX, Monsieur Moshin Mohamed HAJAIJ ne saurait se soustraire de la présente procédure ;

Que si, en effet la société COMMISIMPEX S.A qui a une personnalité morale distincte de la personne physique de Monsieur Moshin Mohamed HAJAIJ, peut se permettre de faire observer au Tribunal de céans que l'ordonnance de fixation de date ainsi que la notification de cette ordonnance, n'ont ni visé, ni cité à comparaître la personne de Monsieur HAJAIJ ; la COMMISIMPEX ne saurait, par contre, développer des arguments liés au fond du litige et tendant à démontrer le mal fondé de la demande en faillite personnelle de Monsieur HAJAIJ et cela, en lieu et place de ce dernier ;

Qu'il n'est pas admissible ni compréhensible que ce soit la société COMMISIMPEX qui, en page 15 des conclusions conjointes des deux avocats assurant la défense de COMMISIMPEX, tente de démontrer que les conditions de la mise en faillite personnelle de Monsieur HAJAIJ, prescrites à l'article 196, ensemble les dispositions des articles 197 et 198 de l'Acte Uniforme sur les procédures collectives d'apurement du passif, ne sont pas remplies ;

Que la distinction de la personnalité morale de COMMISIMPEX d'une part, et la personnalité physique de Monsieur HAJAIJ d'autre part (lesquelles personnalités ne sauraient ni se confondre, ni se substituer

13

d'une à l'autre), amène le Tribunal à considérer que, Monsieur HAJAIJ a fait une comparution volontaire et se défend au travers les écritures de ses avocats ;

Qu'au bout de l'analyse qui précède, la comparution volontaire de Monsieur HAJAIJ étant acquise, il y a lieu de rejeter le moyen relatif à l'absence de mise en cause de Monsieur HAJAIJ ;

### 4 – Sur la prétendue irrégularité de la procédure aux fins de liquidation judiciaire, introduite par CNSS.

Attendu que la société COMMISIMPEX reproche, premièrement à la CNSS d'avoir saisi le Tribunal de Commerce de Brazzaville, non pas, par voie d'assignation, comme indiqué à l'article 28 de l'Acte Uniforme portant organisation des procédures collectives d'apurement du passif (l' AUPC en sigles), mais plutôt par une simple requête non contradictoire ce qui, conclu la société COMMISIMPEX, amène le Tribunal à constater que sa saisine n'a donc pu régulièrement intervenir ;

Attendu que s'il est établi que la saisine du Tribunal de céans a été faite par voie de requête et non par voie d'assignation, l'irrégularité qui en résulte ne saurait, cependant, déboucher sur une sanction d'irrecevabilité de la requête ; laquelle irrecevabilité ; au demeurant, n'a pas été sollicité par COMMISIMPEX, partie défenderesse au procès, dans ses écritures du 08 octobre 2012 ;

Que, en effet, l'examen munitieux des conclusions du 08 octobre 2012, notamment à la page 7 où la question de l'invalidité de la saisine du tribunal est traitée, laisse entrevoir que la COMMISIMPEX se contente d'affirmer que le Tribunal de Commerce n'a pas été valablement saisi, sans tirer la nécessaire conséquence qui aurait pu lui permettre de soulever l'irrecevabilité de la requête introductive d'instance ;

Que , le Tribunal de céans n'est lié et n'est tenu de répondre que lorsqu'une prétention ou demande est formulée par une partie au procès ; or tel n'est pas le cas en l'espèce ;

Qu'à cette page 7, on peut lire les phrases suivantes :

« la CNSS n'ayant délivré aucune assignation, la requête ne saurait avoir valablement introduit l'instance afin de liquidation judiciaire... la saisine du tribunal n'a donc pu régulièrement intervenir. Dans ces conditions, l'instance n'étant pas valablement introduite, le Tribunal ne pourra que se déclarer non valablement saisi... » ;



Qu'à la suite de ce constat d'irrégularité de la saisine du juge commercial, fait par la société COMMISIMPEX , le même juge s'interroge qu'elle est la demande de sanction de cette irrégularité formulée par la COMMISIMPEX : est ce la nullité de la requête , l'irrecevabilité de cette requête ?

Que même la phrase suivante : « déclarer irrecevables les demandes formées par la CNSS » écrite dans le dispositif des conclusions  en réponse du 08 octobre 2012, concerne non pas la requête introductive d'instance, mais plutôt « les demandes », c'est à dire l'action en liquidation des biens de la  COMMISIMPEX et en faillite personnelle d'un dirigeant ;

Qu'en doctrine, on distingue l'irrecevabilité de la requête tenant à des griefs de pure forme affectant la requête, ou même tout acte introductif, et l'irrecevabilité de l'action tirée, par exemple, du défaut de qualité ou d'intérêt pour agir... etc ;

Que l'irrecevabilité de la requête introductive n'ayant pas été clairement sollicitée par la COMMISIMPEX, le juge commercial de céans ne saurait pallier cette carence sans verser dans l'excès de l'ultra petita ;

Attendu que la présente discussion portant sur la recevabilité ou non de la requête introduisant une instance de liquidation des biens, à l'initiative d'un créancier, est d'autant plus importante pour solutionner la question de l'irrégularité de la procédure, soulevée par COMMISIMPEX, que le législateur OHADA lui – même n'a pas prévu de sanction à l'article 28 de l'AUPC ;

Qu'en effet l'article 28 de l'AUPC prescrit que la saisine de la juridiction compétente se fait par voie d'assignation, sans prévoir par contre, la sanction encourue en cas de saisine par requête ;

Que le manque de précision sur la sanction ne saurait être considéré comme une omission du législateur OHADA, car ce dernier, en d'autres matières ; telle en matière d'injonction de payer, prescrit à l'article 4 de l'Acte Uniforme sur les procédures de recouvrement des créances et des voies d'exécution que la requête en injonction de payer est frappée d'irrecevabilité, lorsqu'elle ne contient pas les noms, prénoms, profession et domiciles des parties ( pour les personnes physiques) ou leurs formes, dénomination et siège social ( pour les personnes morales) ;

Que cette imprécision du législateur OHADA donne lieu à des diverses et multiformes applications en jurisprudence, laquelle jurisprudence reste assez variée, puisque la Cour Commune de Justice

et d'Arbitrage dite CCJA, qui est, d'après l'article 14 du Traité OHADA, seule habilitée à assurer « dans les Etats parties, l'interprétation et l'application commune du présent traité, des règlements pris pour son application et des Actes Uniformes » ; ne s'est pas encore prononcé sur la sanction en cas d'ouverture d'une procédure de liquidation des biens, à l'initiative du créancier, par voie de requête ;

Qu'il s'ensuit que les jurisprudences de certains pays de l'espace OHADA citées en exemple par COMMISIMPEX, ne sauraient être considérées comme péremptoires et ne sauraient nécessairement s'appliquer au cas d'espèce ;

Attendu que approfondissant son argumentaire, pour faire admettre au juge de céans, la prétendue irrégularité de la saisine du juge par la CNSS, la société COMMISIMPEX fait valoir que la demanderesse au procès est dépourvue de titre exécutoire, alors même que la mention de ce titre, dans l'acte de saisine est une exigence de l'article 28 de l'AUPC ;

Que le document intitulé « Situation de la cotisante COMMISIMPEX au 31 décembre 2011 », document unilatéral, dressé par la seule CNSS, ne saurait constituer un titre exécutoire, au sens de l'article 28 ;

Que « cette requête ne mentionnant pas un titre valable, elle devra être considérée comme nulle et non avenue » (page 8, paragraphe 2 des conclusions conjointes en réponse de la COMMISIMPEX) ;

Attendu qu'il convient de rappeler qu'en droit OHADA, le régime juridique des nullités, consiste en des nullités textuelles, automatiques et sans griefs ;

Que ces nullités ne sauraient être admises lorsqu'elles naissent de l'imaginaire d'un plaideur, sans aucun texte ;

Que l'article 28 n'ayant prévu lui-même la nullité de l'acte de saisine qui ne mentionne pas un titre valable, il convient de rejeter la nullité de la requête introductive d'instance ;

Attendu par ailleurs que l'alinéa 2 de l'article 28 est libellé ainsi qu'il suit : « l'assignation du créancier doit préciser la nature et le montant de sa créance et viser le titre sur lequel elle se fonde » ;

Attendu que la lecture de ces dispositions établit que la loi requiert du créancier poursuivant d'avoir un titre ;



Que ce titre ne saurait être nécessairement un titre exécutoire, car selon les circonstances de la cause, le juge de céans peut se satisfaire d'un titre non exécutoire, sans pour autant violer les dispositions de l'article 28 qui elles mêmes ne prescrivent pas que le titre exécutoire est obligatoire ;

Que là aussi, les jurisprudences citées à titre illustratif, par la COMMISIMPEX ne sont nullement péremptoires, tant qu'elles n'expriment pas la position de la Cour Commune de Justice et d'Arbitrage sur cette question ;

Qu'encore que s'agissant de la jurisprudence de la Cour d'Appel de Dakar au Sénégal, le juge sénégalais retient que « les créances alléguées résultent des documents unilatéraux ne comportant pas la signature du débiteur et non certifiés par une autorité légalement habile » ;

Qu'à l'inverse de l'espèce soumise au juge sénégalais, le titre qui, en la cause, est querellé par la COMMISIMPEX est un état de paiement dit « situation de la cotisante COMMISIMPEX… » qui est, par la nature des choses et suivant les règles administratives, un document nécessairement unilatéral, puisqu'il est produit par la seule administration de la CNSS, et contrairement à la jurisprudence du Sénégal, ce document est « certifié » c'est-à-dire signé par une autorité « habile » ; qui est Madame Léonie DZAMA, Directrice du recouvrement et du contentieux de la CNSS ;

Que s'agissant des cotisations sociales, des majorations et pénalités de retard qui, en cas de non paiement, sont garantis, à compter de leur date d'exigibilité, par un privilège sur les biens meubles du débiteur, le créancier poursuivant, en l'occurrence le CNSS, n'a pas besoin, en raison de l'exigibilité sans délai, desdites cotisations, d'obtenir d'abord un titre exécutoire dont la procédure est décrite aux articles 184 et suivants du Code de la Sécurité Sociale ;

Qu'au bout de l'analyse qui précède, il convient de considérer que l'état des dettes de la COMMISIMPEX, appelé « Situation de la cotisante COMMISIMPEX au 31 décembre 2011 » est un titre exécutoire au sens de l'article 28 de l'AUPC ;

Qu'il convient, sur ce point, de rejeter les arguments développés par la COMMISIMPEX ;

Attendu que la créance ainsi évaluée par la CNSS est bien certaine, liquide et exigible au sens de l'article 28 de l'AUPC ci-dessus rappelé ;

17

Qu'à titre illustratif, le juge de la Cour Commune de Justice et d'Arbitrage, considère en matière d'injonction de payer que la créance est dite certaine, lorsqu'elle tire son origine d'une relation contractuelle non contestée par les parties et lorsqu'elle se déduit d'une appréciation souveraine des pièces produites au dossier par le demandeur au procès (Arrêt n° 019/2003 du 06 novembre 2003 ; affaire : SOGEFIBAIL Contre DRAMERA MAMADOU) ;

Quoique cet arrêt a été rendu en matière d'injonction de payer, le principe posé par la Cour relatif à la créance certaine peut être applicable en toutes matières ;

Qu'en l'espèce, dès lors que l'obligation légale consistant à payer les cotisations sociales pèse sur la COMMISIMPEX et qu'il existe un document appelé « Situation  de la cotisante COMMISIMPEX… » ; lequel ne peut être produit que par la seule autorité habilitée de la CNSS ; il y a lieu de dire que la créance de la CNSS est certaine ;

Qu'également cette créance est exigible dès l'instant où pour payer sa dette, la COMMISIMPEX ne saurait se prévaloir d'aucun délai : la survenance du fait générateur de la dette de cotisation sociale suffit pour que cette dette soit exigible ;

Qu'enfin la créance est liquide dès lors qu'elle peut être chiffrée, comme en l'espèce dans un document signé par Madame la Directrice du Recouvrement et du Contentieux ;

Attendu que la COMMISIMPEX se prévaut d'un protocole d'accord conclu avec l'Etat Congolais pour se soustraire de l'obligation de payer ses cotisations sociales, étant donné que ledit protocole d'accord exempte la COMMISIMPEX du paiement de tous droits et taxes ;

Mais attendu que ce protocole ne saurait être évoqué dans la présente procédure à l'avantage de la COMMISIMPEX, dès lors que la C.N.S.S qui a une personnalité morale distincte de celle de l'Etat n'est pas partie prenante au protocole d'accord ;

Attendu que l'examen des pièces versées dans le présent dossier de la procédure par la société COMMISIMPEX, montre que la contestation alléguée de la créance de la CNSS, ne pouvant prospérer, en raison de ce que, cette contestation n'étant nullement sérieuse, il s'ensuit que cette créance est bien certaine, liquide et exigible ;

Qu'en effet, c'est COMMISIMPEX elle-même qui, dans ses écritures en réponse, en page 14, affirme que le 25 avril 1988, elle a

18

licencié la quasi-totalité de son personnel puis, le 28 juin 1991, elle a cessé toute activité et a formellement été mise en sommeil ; la lettre adressée par la COMMISIMPEX à Monsieur le Directeur régional du Travail le 04 mai 1988 ; et le procès-verbal d'assemblée générale mixte du 29 juin 1991, en faisant foi ;

Que la COMMISIMPEX ajoute « on ne voit pas dans ses conditions, comment des cotisations sociales auraient pu naître au profit de la CNSS » ;

Que bien curieusement et paradoxalement, le nombre des travailleurs licenciés étant au total de 256, la quasi-totalité des travailleurs ayant été licenciés, ce qui a « notamment pour conséquence d'exonérer la société du paiement des cotisations sociales » ; la COMMISIMPEX, dans son bordereau des pièces tente de justifier le paiement des cotisations sociales, en produisant des bordereaux de versement des cotisations pour toute l'année 1989 et l'année 1990, avec des salaires bruts payés culminant parfois à 19.344.623 francs Cfa , pour le seul mois de décembre 1989 ;

Que l'examen de ces bordereaux laisse transparaître, pour les deux années 1989 et 1990, une situation d'exploitation pleine et normale ; ce qui est en contradiction avec l'affirmation selon laquelle, la COMMISIMPEX a licencié la quasi-totalité de ses travailleurs ;

Qu'il s'ensuit que dans la précipitation, la COMMISIMPEX a essayé, pour les besoins de la cause, de façonner des pièces qui, finalement contredisent sa propre thèse et fragilise la contestation élevée par elle et ayant pour but de rendre inapplicable l'article 28 de l'AUPC ;

Qu'en définitive cette contestation n'est pas sérieuse et ne mérite pas d'être retenue et ce, d'autant plus que les chèques produits pêle-mêle, pouvant, semble t-il, justifier les paiements de la période allant de 1981 à 1988, ne saurait soutenir la contestation, dès lors qu'il n'est pas démontré que ces chèques ont été encaissés par la CNSS, et qu'en tout et pour tout, il y a un seul chèque pour l'année 1984 ( daté du 12 novembre 1984), un chèque pour l'année 1985 (daté du 03 octobre 1985) et, enfin, cinq chèque pour l'année 1986 ;

Attendu qu'au total, en considération des motifs qui précèdent, contrairement aux arguments développés par la COMMISIMPEX, il n' y a aucune irrégularité de la procédure aux fins de liquidation des biens qu'on peut reprocher à la CNSS, partie demanderesse au procès ;



19

### 5 – Sur la mise en sommeil de la société COMMISIMPEX et ses effets :  la cessation d'activité.

Attendu que dans ses conclusions conjointes en réponse, la COMMISIMPEX écrit à la page 4 « lors de leur assemblée générale en date du 28 juin 1991, les actionnaires de COMMISIMPEX ont pris acte de cette cessation d'activité et décidé la mise en sommeil provisoire de la société » ;

Qu'en effet le procès verbal des délibérations de l'assemblée générale mixte du 28 juin 1991, produit au présent dossier de la procédure par la COMMISIMPEX, en sa cinquième  résolution, montre que les actionnaires ont décidé de « suspendre ses activités (de la COMMISIMPEX) et donc de la mettre en sommeil, sans toutefois juger nécessaire de procéder à sa liquidation » ;

Attendu qu'il convient de faire observer que la décision de la mise en sommeil de la COMMISIMPEX qui affecte sérieusement et même gravement la vie de la société n'a pas fait l'objet d'une inscription modificative ou complémentaire au Registre de Commerce et des sociétés de l'époque, à la diligence de COMMISIMPEX ou mieux de ses organes dirigeants ;

Que ni dans le bordereau des pièces produit par la COMMISIMPEX, encore moins dans ses écritures en réponse, il n'y apparaît que la formalité modificative ou complémentaire a été réalisée au registre de Commerce ;

Qu'en plus l'extrait du Registre de Commerce de la COMMISIMPEX produit dans cette procédure par la CNSS et délivré par Monsieur le Greffier en chef du Tribunal de Commerce en date du 27 février 2012, fait montre d'une société qui fonctionne normalement avec un Président du Conseil d'Administration, Monsieur HAJAIJ, un siège social, celui de l'avenue Foch n°86, Centre ville, Brazzaville ;

Qu'aucune mention ne renseigne sur la prétendue mise en sommeil ;

Que le statut modifié (la mise en sommeil) de la COMMISIMPEX n'ayant pas fait l'objet d'une publicité au Registre de Commerce, alors même qu'il s'agit d'une obligation légale, la conséquence engendrée par cette inobservation de l'obligation légale est l'inopposabilité de ce statut modifié au tiers ;

Qu'il s'ensuit que la COMMISIMPEX ne saurait se prévaloir de cette mise en sommeil pour se soustraire de l'obligation de payer ses cotisations sociales à compter du 28 juin 1991 jusqu'à ce jour, sachant

qu'il a été démontré ci haut que même les dettes relatives à la période précédente n'ont jamais été soldées par la COMMISIMPEX ;

Attendu que ne pouvant se prévaloir de sa mise en sommeil, la COMMISIMPEX n'a cependant réglé ses cotisations sociales ;

Que la seule explication à ce manquement est la cessation d'activité de la COMMISIMPEX qui dure depuis la date de la supposée mise en sommeil, soit depuis plus de vingt ans ;

Qu'en effet, il est de notoriété publique que la COMMISIMPEX n'a plus, depuis cette époque, d'activité visible à Brazzaville et dans le reste de la République du Congo ;

Que, par pure hypothèse, à supporter que la mise en sommeil est opposable aux tiers, c'est-à-dire à la CNSS ; on ne saurait admettre que cette mise en sommeil qui est, comme l'affirme COMMISIMPEX « provisoire » puisse durer deux décennies sans qu'elle ne soit perçue comme une cessation d'activité professionnelle totale et définitive ;

Qu'il s'agit en effet d'une cessation d'activité professionnelle totale et définitive, ce qui correspond à l'hypothèse jurisprudentielle de mettre la clé sous le paillasson (TPI de Libreville, répertoire n°11/2000-2001 du 12 mars 2001) ;

Attendu que le changement de siège non déclaré au registre de Commerce est un élément suffisamment révélateur de la cessation d'activité professionnel ;

Que si le siège de la société, publié au registre de commerce est sis n°86, avenue Foch, Centre Ville Brazzaville, c'est en vain que Madame le Greffier Irène M. BIKAMBIDI a cherché à notifier l'ordonnance de fixation de date à cette adresse, car COMMISIMPEX a quitté les lieux depuis très longtemps ;

Que finalement, Madame le Greffier s'est résolu de signifier cette ordonnance au Consulat du Liban où, le dénommé Hamal Hamar, se déclarant être agent de sécurité du Consul du Liban, a reçu la notification pour le compte de la COMMISIMPEX ;

Que de même, le non dépôt des états financiers de synthèse pour les années 2008, 2009, 2010 et 2011, par la COMMISIMPEX (le certificat y relatif délivré par Monsieur le Greffier en Chef, faisant foi) confirme la cessation d'activité professionnelle ;



### 6)-Sur la demande de liquidation des biens de la COMMISIMPEX et de la mise en faillite personnelle de Monsieur HAJAIJ :

Attendu que selon les dispositions de l'article 33 de l'A.U.P.C, la juridiction qui constate la cessation de paiement, prononce la liquidation des biens, au lieu du redressement judiciaire, dans le cas où aucun concordat sérieux n'a été proposé par le débiteur ;

Qu'en l'espèce, aucun concordat n'a été proposé par COMMISIMPEX ;

Que la cessation d'activité professionnelle à titre définitif et total par la COMMISIMPEX consacre un état de cessation de paiement qui, lui, s'entend comme étant l'impossibilité pour la COMMISIMPEX de faire face à son passif exigible avec son actif disponible ;

Qu'en effet à défaut pour le créancier poursuivant de faire la preuve de la cessation de paiement au travers les plus récents états financiers des trois dernières années de la COMMISIMPEX, la jurisprudence admet néanmoins, que l'on s'en tienne aux manifestations extérieures de l'entreprise ;

Que c'est ainsi que la cessation d'activité professionnelle est un indicateur certain de la cessation des paiements ;

Attendu que la COMMISIMPEX étant en cessation de paiement, il est de bon droit de prononcer la liquidation de ses biens ;

Que selon l'article 53 de l'A.U.P.C, le prononcé de la liquidation des biens de COMMISIMPEX, emporte de plein droit sa dissolution ;

Qu'il convient, conformément à la loi de désigner les organes de liquidation et de rappeler tous les pouvoirs qui s'y attachent, ainsi qu'il est articulé dans le dispositif du présent jugement ;

Attendu qu'il a été sollicité par la CNSS, la mise en faillite personnelle de Monsieur Moshen Mohamed HAJAIJ sur le fondement des dispositions de l'article 196 de l'A.U.P.C, lesquelles énumère cinq hypothèses possibles pour conduire le juge à prononcer la faillite personnelle d'un dirigeant ;

Que de même, les dispositions suivantes, celles de l'article 198 du même Acte Uniforme retiennent que la faillite personnelle d'un dirigeant peut également être prononcée, entre autre, lorsque ce dirigeant n'a pas déclaré dans les 30 jours, la cessation de paiement de la personne morale ;



Que de la combinaison de ces deux dispositions, il résulte que les griefs mis à la charge de Monsieur Moshen Mohamed HAJAIJ, sont de nature à conduire la juridiction de céans à prononcer la faillite personnelle de ce dernier ;

Qu'en effet, il résulte des éléments du dossier qu'alors même que Monsieur HAJAIJ est le Président du Conseil D'Administration, les actionnaires de COMMISIMPEX, en Assemblée générale mixte, ont décidé, en date du 28 juin 1991 de la mise en sommeil de la société ;

Que tout compte fait, il s'agit d'une mise en sommeil, feinte, décidé dans le seul but de maintenir artificiellement une activité professionnelle, une exploitation commerciale, en réalité inexistante, car étant éteinte par la cessation de paiement, aux fins d'éviter à COMMISIMPEX, une liquidation des biens ;

Que d'ailleurs, la cinquième résolution du procès verbal des délibérations de l'Assemblée générale mixte du 28 juin 1991 révèle qu'il est décidé « de suspendre ses (COMMISIMPEX) activités et donc de la mettre en sommeil, sans toutefois juger nécessaire de procéder à sa liquidation » ;

Que tous ces artifices qui, pendant plus de vingt ans, ont permis à COMMISIMPEX de feindre, une existence simplement apparente dans le monde des affaires, sont à la charge de Monsieur HAJAIJ seul qui, selon les énonciations contenues dans l'extrait du Registre de Commerce de la COMMISIMPEX, est toujours le Président du Conseil d'Administration de cette société ; Directeur général de cette société ;

Qu'en droit positif, ces articles sont caractéristiques de poursuite abusive d'une exploitation déficitaire qui ne peut conduire l'entreprise qu'à la cessation de paiement, ou encore d'absence d'une comptabilité conforme aux règles comptables et aux usages reconnus de la profession, qui constituent, au sens des articles 196 et 197 des actes de mauvaise foi, imprudences inexcusables ou infractions graves aux règles et usages du commerce ;

Que sur le fondement des motifs qui précèdent, il est de bon droit de prononcer la faillite personnelle de Monsieur Moshen Mohamed HAJAIJ avec toutes les conséquences de droit qui sont attachées à cette sanction, comme il est précisé dans le dispositif de la présente décision ;

Que cette sanction est d'autant plus justifiée en droit que Monsieur HAJAIJ, pourtant conscient, pendant plus de vingt ans, de la cessation d'activité de l'entreprise et donc, de la cessation de paiement qui en est le corollaire, n'a pas fait la déclaration de

cessation de paiement, tombant ainsi sous le coup des dispositions de l'article 198 de l'A.U.P.C qui prévoient, dans ce cas, la sanction de la faillite personnelle ;

Attendu qu'aux termes de l'article 34 alinéa 1 et 2, de l'Acte Uniforme précité, le juge saisi aux fins de liquidation des biens, doit fixer provisoirement la date de cessation de paiement, laquelle ne peut être antérieure de plus de dix huit mois au prononcé de la décision d'ouverture, faute de quoi, celle-ci est réputée avoir lieu à la date de la décision qui la constate ;

Que conformément à cette disposition, il convient de fixer provisoirement, la date de cessation des paiements au 30 avril 2011 ;

Attendu qu'il est dit à l'article 35 du même Acte Uniforme que la décision d'ouverture nomme le juge commissaire, en principe parmi les juges de la juridiction ; ainsi que le ou les syndics sans que leur nombre ne puisse excéder trois ;

Que cependant, le but recherché étant le bon déroulement de la procédure, et pour des raisons liées aux aptitudes du juge commissaire à pouvoir conduire les opérations de liquidation quant aux tâches réservées par la loi à ce Magistrat, il convient de désigner Monsieur TATY MAKAYA Edouard, Magistrat exerçant en dehors de la juridiction commerciale de Brazzaville, à cette fonction du juge commissaire ;

Que l'expertise de Messieurs Gaston MOSSA, Aimery Patrick TATI et Emile NZONDO, étant sans conteste, en matière d'opérations de liquidation des biens, il sied de les nommer en qualité de syndic ;

### 7)- Sur la demande reconventionnelle formulée par la COMMISIMPEX

Attendu que la COMMISIMPEX, partie défenderesse au procès, estime que la présente procédure introduite par la C.N.S.S , étant abusive et vexatoire ; il y a lieu de lui allouer la somme de francs Cfa 300.000.000 à titre des dommages intérêts, en réparation du préjudice subi ;

Attendu qu'une procédure est qualifiée d'abusive et vexatoire, lorsqu'elle est initiée dans un but manifeste de nuire à l'autre partie, ou bien, lorsqu'elle procède, d'après la jurisprudence, d'une erreur grossière équipollente au dol ;

Mais attendu qu'en considération des motifs qui précèdent, c'est à bon droit que la C.N.S.S a saisi la juridiction commerciale en



24

liquidation des biens de la COMMISIMPEX et de la faillite personnelle de Monsieur HAJAIJ ;

Que, dans ces conditions, la demande reconventionnelle formulée par la COMMISIMPEX doit être rejetée ;

Qu'elle est, en effet, rejetée ;

### 8)- <u>Sur l'exécution provisoire et les dépens</u>

Attendu que selon la règle posée à l'article 217 de l'AUPC , les décisions rendues en matière de redressement judiciaire ou de la liquidation des biens, sont exécutoires par provision , nonobstant opposition ou appel, à l'exception de la décision homologuant le concordat, ainsi que les décisions prononçant la faillite personnelle ;

Attendu qu'en application de cette règle, il convient, pour l'exécution provisoire de la présente décision, sollicitée par la C.N.S.S, opérer une distinction entre les dispositions relatives à la liquidation des biens de la COMMISIMPEX, et celles portant sur la faillite personnelle de Monsieur HAJAIJ ;

Que toutes les mesures prononcées dans le dispositif du présent jugement et qui concernent la liquidation des biens de la COMMISIMPEX, s'exécutent de plein droit, nonobstant appel ;

Que cependant, l'exercice de la voie d'appel suspend toutes les mesures touchant à la faillite personnelle de Monsieur Moshen Mohamed HAJAIJ ;

Attendu que les dépens liés à cette procédure doivent être mis à la charge des frais privilégiés de la liquidation ;

### 9)- <u>Sur les publicités et communications de la présente décision requises par la loi</u>



Attendu que sur ce point, il est simplement ordonné à toute autorité habilitée, notamment à Monsieur le Greffier en chef du Tribunal de Commerce de Brazzaville de procéder à toutes publicités ou/ et communication d'actes ou décisions, selon les formes et délais prévus par la loi ;

## PAR CES MOTIFS

Statuant publiquement, contradictoirement, en matière commerciale et en premier ressort ;

Rejette les fins de non recevoir et toutes les exceptions de nullité soulevées par la société COMMISIMPEX ;

Rejette la demande de sursis à statuer ;

Dit que l'interminable état de mise en sommeil de la société COMMISIMPEX s'analyse en une cessation d'activité de la société COMMISIMPEX ;

Dit et juge que cette société est en état de cessation de paiement ;

Prononce la liquidation des biens de la société COMMISIMPEX S.A ;

Dit que, par l'effet de cette liquidation, la société COMMISIMPEX S.A est dissoute ;

Fixe la date de cessation de paiement, qui détermine la période suspecte au 30 avril 2011 ;

Nomme les organes de liquidation ainsi qu'il suit :

- Edouard TATY MAKAYA juge commissaire;
- Gaston MOSSA, Président du syndic liquidateur ;
- Aimery Patrick TATI, Membre du syndic liquidateur ;
- Emile NZONDO, Membre du syndic liquidateur ;

Dit que la présente décision emporte, de plein droit et ce, jusqu'à la clôture de la liquidation, dessaisissement pour COMMISIMPEX S.A de l'administration et de la disposition de ses biens présents et de ceux qu'il peut acquérir à quelque titre que ce soit, à compter du prononcé de la présente décision ;

Dit aussi que les actes, droits et actions de COMMISIMPEX S.A sont accomplis ou exercés, pendant toute la durée de la liquidation des biens, par le syndic agissant seul en représentation de COMMISIMPEX ;

Prononce en outre la faillite personnelle de Monsieur Moshin Mohamed HAJAIJ ;

26



Dit que cette faillite personnelle ainsi prononcée emporte, de plein droit, pour l'intéressé , interdiction générale de faire le commerce, de faire une représentation professionnelle, de gérer, diriger, administrer ou contrôler une entreprise commerciale à forme individuelle, ou toute personne morale ayant une activité économique ;

Dit en outre que cette faillite personnelle produira ses effets pendant 10 ans, à compter du prononcé de la présente décision ;

Ordonne à toute autorité habilitée, notamment à Monsieur le Greffier en chef du Tribunal de Commerce, de procéder à toutes publicités, communications d'actes ou décisions, selon les formes et délais prévus par la loi ;

Dit enfin qu'une exécution provisoire partielle de plein droit est attachée à la présente décision et ce, nonobstant appel ;

Mets les dépens à la charge des frais privilégiés de la liquidation ;

Ainsi fait, jugé et prononcé en audience publique les jour, mois et an que dessus ;

En foi de quoi, le présent jugement a été signé après lecture faite par Monsieur le Président qui l'a rendu et par le Greffier audiencier.

---------SUIVENT LES SIGNATURES DU PRESIDENT  ET DU GREFFIER---------------
----------SUIT LA MENTION D'ENREGISTREMENT-------------------------------------------
----------ENREGISTRE A BRAZZAVILLE/POTO-POTO------------------------------------
----------LE 08 NOVEMBRE 2012---F°198/2—N°3126-----------------------------------
----------LE RECEVEUR-----------------------------------------------------------------------------
----------Armande M.A. TCHICAYA, INSPECTEUR PRINCIPAL DES IMPOTS-----
-----------------------------------------------------------------------------------------------------------
----------POUR EXPEDITION CERTIFIEE CONFORME A L'ORIGINAL--------------
-----------------------BRAZZAVILLE, LE 09 NOVEMBRE 2012----------------------------
----------------------------------LE GREFFIER EN CHEF----------------------------------------

Maître
Georges Ebalé
Greffier en Chef
Chef de Greffe

27