UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COMMISSIONS IMPORT EXPORT S.A.,

         *Petitioner*,

         v.     Civil Action No. 1:13-cv-713-RJL

REPUBLIC OF THE CONGO,

         *Respondent.*

## SECOND DECLARATION OF GASTON MOSSA

  I, the undersigned, Gaston Mossa, hereby declare pursuant to Art.28 U.S.C. § 1746:

  1. I am one of three members of the committee of trustee liquidators appointed by the courts in the Republic of Congo ("Congo") to represent the interests of Commissions Import Export, S.A. ("Commisimpex").  This is the second declaration that I submit in this matter.

  2. Since I was appointed to serve on the liquidating trust by the Commercial Court of Brazzaville on October 30, 2012, and subsequently reappointed by the Court of Appeals of Brazzaville on May 13, 2013, the committee of trustee liquidators has appeared or intervened in various court proceedings involving Commisimpex.

3. Pursuant to a summons issued on November 28, 2012, the trustee liquidators intervened in proceedings before the Tribunal de Grande Instance [Court of First Instance] where Commisimpex sought to attach the assets held by the Agence Française de Développement [French Development Bank] to satisfy the amounts awarded to Commisimpex in an international arbitration.[1]

4. In said action, the Court rejected Commisimpex's attempt to block the trustee liquidators from intervening in the dispute and instead found that they may appear in the proceedings.[2] The Court ruled that once "the liquidation judgment is confirmed and recognized as applicable in France . . . the trustee liquidators . . . would thereupon become the legal representatives of the appellant creditor [Commisimpex]."[3] The Court further held that it could not rule on the enforcement of the October 30, 2012 liquidation decision because the decision was subject to appeal; declared null and void the attachment of assets of the Agence Française de Développement; and finally ordered Commisimpex to pay costs and fees to the l'Agence Française de Développement and to the Congo.[4]

5. The trustee liquidators also intervened in, and were party to, a separate action before the Tribunal de Grande Instance brought by Commisimpex seeking to have the Congolese liquidation judgment of October 30, 2012 deemed unenforceable in France.[5]

---

[1] *Agence française de développement et Republic of the Congo v. Commisimpex*: Tribunal de Grande Instance [TGI] [ordinary court of original jurisdiction], Paris, March 28, 2013, 12/80130.

[2] *Id.* at p. 8 (holding that "summoning the liquidating trust of COMMISIMPEX is perfectly valid" and the liquidators had standing to submit their defenses in the present action.)

[3] *Id.* at p.9.

[4] *Id.* at p. 14.

[5] *Commisimpex and Mr. Moshin Hajaij v. Mr Gaston Mossa, Mr. Aimery Tati, Mr. Emile Nzondo and Caisse nationale de securite sociale*: Tribunal de Grande Instance [TGI] [ordinary court of original jurisdiction], Paris, Summary proceedings, April 10, 2013, 13/52008.

In these proceedings, the trustee liquidators argued that Commisimpex did not have the ability to act in the French proceedings because the company had been liquidated.[6] The Tribunal de Grande Instance held that Commisimpex and Mr. Hajaij could not block enforcement of the Congolese liquidation judgment because it was on appeal.[7] Accordingly, the Court dismissed Commisimpex's petition, finding that that only a final judgment on the liquidation of Commisimpex may be enforced in France.[8]

6. The liquidation trustees have also been involved in the appeal in cassation filed by Commisimpex before the Common Court of Justice and Arbitration (hereinafter "CCJA") located in Abidjan, Ivory Coast, registered under the Acte Uniforme Portant Organisation des Procedures Collectives d'Apurement du Passif [OHADA Uniform Act organizing collective proceeding for wiping off debts] (hereinafter "OHADA Uniform Act"). This is the final appeal that can be made of the liquidation judgment rendered by the courts of the Congo. Once this last appeal is resolved, if the decision of the Brazzaville Court of Appeal is affirmed, the liquidation of Commisimpex will be final and binding on the parties, including in France under Article 49 of the Cooperation Convention on judicial matters between the Congo and France.

---

[6] *Id.* at pp. 4-5.

[7] *Id.* at p. 5.

[8] *Id.*

7. As part of the liquidation trustees' duties as representatives of the liquidated Commisimpex, we have been exploring the best means to achieve a resolution with the Congo of the disputes between the Congo and Commisimpex. Those efforts are ongoing.

8. As noted in my earlier declaration, the liquidation trustees have neither consented to nor authorized the filing of this action or on behalf of or in the name of the liquidated Commisimpex entity. The filing and the continuation of this action by Commisimpex does not serve the efforts of the trustee liquidators to reach a comprehensive solution between Commisimpex and the Congo.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Brazzaville, Republic of the Congo
19 December 2014

**<u>Maître Gaston MOSSA</u>**

[Seal of Gaston MOSSA, Attorney of Law]

**TRANSLATOR CERTIFICATION**

450 7th Ave
6th Floor
New York, NY 10123
Tel 212.643.8800
Fax 212.643.0005
www.morningtrans.com

**County of San Francisco
State of California**

Date: December 22, 2014

To whom it may concern:

This is to certify that the attached translation from French into English is an accurate representation of the documents received by this office.

The documents are designated as:

- Second Declaration of Maitre Mossa (EN).docx

Ilaria Taylor, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

*[Signature]*

_____

Signature of Ilaria Taylor

Accurate Translation Services 24/7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A., <br><br> Petitioner, <br><br> v. <br><br> REPUBLIC OF THE CONGO, <br><br> Respondent. | Civil Action No. 1:13-cv-713-RJL |

## DEUXIEME DECLARATION DE GASTON MOSSA

Je soussigné, Maître Gaston MOSSA, déclare par la présente, en vertu de l'article 28 U.S.C. § 1746, les faits suivants :

1. Je suis un des trois membres du syndic liquidateur nommés par les juridictions de la République du Congo (« Congo ») afin de représenter les intérêts de Commissions Import Export, S.A. (« Commisimpex »). C'est la deuxième déclaration que j'effectue dans cette affaire.

2. Depuis que j'ai été nommé au syndic liquidateur par le Tribunal Commercial de Brazzaville le 30 octobre 2012, et renommé par la Cour d'Appel de Brazzaville le 13 mai 2013, le syndic liquidateur est apparu ou est intervenu dans plusieurs procédures judiciaires impliquant Commisimpex.

3.  Suivant une assignation en date du 28 novembre 2012, le syndic liquidateur est intervenu devant le Tribunal de Grande Instance où Commisimpex a tenté de saisir des sommes détenues par l'Agence Francaise de Développement afin de satisfaire une créance lui étant due en vertu d'un arbitrage international.[1]

4.  Dans cette procédure, le Tribunal a rejeté la tentative de Commisimpex d'empêcher le syndic liquidateur d'intervenir dans ce litige, et au contraire l'a autorisé à intervenir dans des procédures de saisie.[2] Le Tribunal a déclaré qu'une fois que « le jugement d'ouverture de la procédure de liquidation judiciaire . . . serait confirmé et reconnu comme applicable de droit en France . . . [les] syndics liquidateurs . . . deviendraient a posteriori les représentants légaux du créancier saisissant [Commisimpex] ».[3] Le Tribunal a également déclaré qu'il ne pouvait statuer sur l'exécution du jugement de liquidation du 30 octobre 2012 car la décision était susceptible d'appel ; a prononcé la nullité de la saisie pratiquée entre les mains de l'Agence Francaise de Développement ; et enfin a condamné Commisimpex à payer les frais et dépens à l'Agence Francaise de Développement et au Congo.[4]

5.  Le syndic liquidateur est également intervenu, et était partie à, une autre procédure devant le Tribunal de Grande Instance de Paris initiée par Commisimpex par laquelle elle demandait à la juridiction de déclarer inopposable en France le jugement congolais de 30

---

[1] *Agence française de développement et République du Congo c. Commisimpex*, Tribunal de Grande Instance, Paris, 28 Mars 2013, 12/80130.

[2] *Id.*, p.8 (« Dès lors, l'assignation en justice des syndics liquidateurs de la société COMMISIMPEX est parfaitement valable et n'est pas de nature à rendre irrecevable leur action en défense à la présente instance ».

[3] *Id.*, p.9.

[4] *Id.*, p.14.

2

Octobre 2012 prononçant la liquidation de Commisimpex.[5] Dans cette procédure, le syndic liquidateur a contesté la qualité à agir de Commisimpex en raison de sa liquidation.[6] Le Tribunal de Grande Instance a déclaré que Commisimpex et M. Hajaij ne pouvaient demander l'inopposabilité du jugement congolais de liquidation qui faisait l'objet d'un appel.[7] Par conséquent, le Tribunal a déclarée irrecevable la demande de Commisimpex étant donné que seul le jugement de dernier recours concernant la liquidation de Commisimpex peut être exécutoire en France.[8]

6.  Le syndic liquidateur a également été impliqué dans le pourvoi en cassation introduit par Commisimpex auprès de la Cour Commune de Justice et d'Arbitrage (ci-après « CCJA »), à Abidjan en Côte d'Ivoire, saisie en vertu de l'Acte Uniforme Portant Organisation des Procédures Collectives d'Apurement du Passif de l'OHADA (ci-après « Acte Uniforme de l'OHADA »). Ce pourvoi en cassation est une procédure de dernier recours du jugement de liquidation prononcé par les juridictions congolaises. A la fin de cette procédure, si la décision de la cour d'Appel de Brazzaville est Confirmée, la liquidation de Commisimpex sera définitive et exécutoire pour les parties, notamment en France en vertu de l'article 49 de la Convention de coopération en matière judiciaire entre le Congo et la France.

---

[5] *Commisimpex et M. Moshin Hajaij c. M. Gaston Mossa, M. Aimery Tati, M. Emile Nzondo et Caisse nationale de sécurité sociale*, Tribunal de Grande Instance, Paris, Ordonnance en la forme de référé, 10 Avril 2013, 13/52008.

[6] *Id.* pp. 4-5.

[7] *Id.* p. 5.

[8] *Id.*

3

7.    Tel qu'il est du devoir du syndic liquidateur en tant que représentant de Commisimpex en liquidation, nous avons exploré les meilleurs moyens de parvenir à un accord avec le Congo pour résoudre les litiges entre le Congo et Commisimpex. Ces efforts sont toujours en court.

8.    Comme je l'ai mentionné dans ma déclaration précédente, le syndic liquidateur n'a ni donné son accord ni autorisé l'introduction de cette action en tant que représentant de ou au nom de Commisimpex en liquidation. L'introduction et la poursuite de cette procédure par Commisimpex ne servent pas aux efforts du syndic liquidateur afin de parvenir à une solution globale entre Commisimpex et le Congo.

Je déclare, sous peine de parjure, en vertu des lois des Etats-Unis d'Amérique, que les informations ci-dessus sont vraies et correctes.

Signée à Brazzaville, République du Congo
    19 Décembre, 2014



4