UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A., )<br>)<br>*Petitioner*, )<br>)<br>v. )<br>)<br>REPUBLIC OF THE CONGO, )<br>)<br>*Respondent*. )<br>) | Civil Action No. 1:13-cv-713-RJL |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COMMISIMPEX'S MOTION TO COMPEL REPUBLIC OF THE CONGO TO ANSWER POST-JUDGMENT INTERROGATORIES**

**WHITE & CASE** LLP

Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Nicolle Kownacki (D.C. Bar No. 1005627)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 626-3600

*Counsel for Commissions Import Export, S.A.*

October 22, 2015

## **TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................1

ARGUMENT ...................................................................................................................................3

I.     Commisimpex Is Entitled to Post-Judgment Discovery .......................................................3

II.    The Congo Has Refused to Cooperate With Commisimpex To Produce the Required Post-Judgment Interrogatory Responses ...............................................................4

III.   Commisimpex Is Entitled to Costs and Attorney's Fees Incurred To Compel the Congo's Compliance With the Post-Judgment Interrogatories ...........................................6

CERTIFICATION OF GOOD FAITH MEET AND CONFER ....................................................7

CONCLUSION................................................................................................................................8

# INTRODUCTION

Petitioner Commissions Import Export S.A. ("Commisimpex") hereby moves, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Respondent, the Republic of the Congo ("the Congo"), to answer the post-judgment interrogatories Commisimpex served on the Congo on August 25, 2015.[1]

On September 28, 2015, the Congo responded to Commisimpex's interrogatories with an exaggerated list of objections, including 38 general objections and specific objections to six out of nine total "definitions," all four "instructions," and all thirteen interrogatories. Counsel for the parties conferred by telephone, and Commisimpex requested that the Congo make a good faith effort to respond to the interrogatories with at least preliminary information outside the scope of the Congo's principal objections. The Congo refused to do so – yet another tactic in its long history of attempting to avoid payment to Commisimpex.

Left with no alternative, Commisimpex now moves this Court for an order compelling the Congo to provide substantive answers to the post-judgment interrogatories, and, additionally, directing the Congo to compensate Commisimpex for costs incurred to enforce compliance with the requests.

# BACKGROUND

This matter arises from a longstanding dispute due to the Congo's failure to meet its debt obligations. In an attempt to recover the payments it is owed, Petitioner Commisimpex has arbitrated and litigated against the Congo in multiple fora around the world. The Congo, at every step, has sought to evade the consequences of its wrongdoing.

---

[1] Commisimpex's Motion to Compel Republic of the Congo to Answer Post-Judgment Interrogatories is supported by the Declaration of Francis A. Vasquez, Jr., executed October 22, 2015, and the exhibits attached thereto ("Vasquez Decl.").

The present proceeding arose from confirmation of an arbitral Award pursuant to the New York Convention and Federal Arbitration Act, 9 U.S.C. § 201, *et seq*. This Court entered judgment against the Congo on September 30, 2013 (Dkt. No. 16), and amended it to specify the amounts owed on October 9, 2013 (Dkt. No. 18) (the "Amended Judgment"). The Amended Judgment requires the Congo to pay Commisimpex €567,184,160.72, $855,000, and post-judgment interest at the statutory rate.

In a further attempt to avoid its payment obligations to Commisimpex, the Congo filed a motion to vacate this Court's Amended Judgment (Dkt. No. 23) nearly a year after judgment was entered. This Court ultimately denied the Congo's motion on all grounds (Dkt. No. 35), and the Congo filed a Notice of Appeal of that denial (Dkt No. 36).

In an effort to identify Congolese assets that might be subject to post-judgment enforcement proceedings, Commisimpex issued post-judgment interrogatories to the Congo on August 25, 2015. *See* Declaration of Francis A. Vasquez, Jr. dated Oct. 22, 2015 ("Vasquez Decl."), Ex. A. These interrogatories asked the Congo to identify various assets and investments owned by the Congo or by an agency or instrumentality of the Congo in the United States and around the world.

The Congo responded to the post-judgment interrogatories on September 28, 2015. *See* Vasquez Decl., Ex. B. In its response, the Congo failed to answer, in whole or in part, even one of the interrogatory requests, and instead set forth 38 general objections, as well as specific objections to six out of nine total "definitions," all four "instructions," and all thirteen interrogatories. *Id.*

Counsel for the parties participated in a meet-and-confer on October 1, 2015 to discuss the scope of discovery. On that call, counsel for the Congo stated that they were not authorized

to agree to modify or withdraw any of its objections, and that the Congo would not produce any substantive responses to the interrogatories.  Vasquez Decl. ¶ 5.  Accordingly, Commisimpex has brought this motion to compel, because the Congo has made it more than clear that it will not produce *any* responsive information absent a court order.

## ARGUMENT

### I.    COMMISIMPEX IS ENTITLED TO POST-JUDGMENT DISCOVERY

"The rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 2254 (2014).  Federal Rule of Civil Procedure 69(a)(2) states that, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  *See* 12 C. Wright, A. Miller, & R. Marcus, *Federal Practice and Procedure* § 3014, p. 160 (2d ed. 1997) (noting that the court "may use the discovery devices provided in [the federal rules] or may obtain discovery in the manner provided by the practice of the state in which the district court is held").  As the Supreme Court has stated, "'[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *NML Capital*, 134 S. Ct. at 2254 (quoting Fed. R. Civ. P. 26(b)(1)).

Moreover, the Supreme Court has made clear that foreign sovereigns will not be immune from post-judgment discovery under the Foreign Sovereign Immunities Act or any other sovereign-based objections, including with respect to information regarding sovereign assets that may ultimately be found immune from execution. *See NML Capital*, 134 S. Ct. at 2258 (authorizing subpoenas that requested "information about Argentina's worldwide assets generally, so that NML can identify where Argentina may be holding property that *is* subject to execution").  Under governing Supreme Court precedent – flaunted now by the Congo –

–3–

Commisimpex is entitled as a matter of law to undertake wide-ranging post-judgment discovery in this proceeding compelling the Congo to disclose the nature and location of assets located *anywhere*, regardless of whether the assets are ultimately subject to execution proceedings in or outside of the United States.

II. **THE CONGO HAS REFUSED TO COOPERATE WITH COMMISIMPEX TO PRODUCE THE REQUIRED POST-JUDGMENT INTERROGATORY RESPONSES**

Despite Commisimpex's indisputable entitlement to post-judgment discovery, the Congo has lodged numerous unfounded objections and failed to engage in productive negotiations about the scope of the discovery requests.  Although Commisimpex suggested during the meet-and-confer that the Congo answer the interrogatories to the extent possible given its objections – and, in particular, provide interrogatory responses regarding U.S.-based assets and information that would not be implicated by the majority of the Congo's objections – counsel for the Congo informed Commisimpex that their client refused to authorize them to withdraw or waive any of their objections.  *See* Vasquez Decl. ¶ 5, Ex. C.  Rather, the Congo continues to maintain a blanket objection to compliance on the basis that it has appealed the Amended Judgment on subject-matter and personal-jurisdiction grounds.  *See* Vasquez Decl., Exs. B (Objections 5-6), C.

Such an objection is frivolous as a matter of law and is of a sort never tolerated in this District.  Indeed, this Court has already found that it has subject-matter and personal jurisdiction in this matter, and the Amended Judgment has been enforceable for over two years.  The Congo has not moved for a stay of execution of the Amended Judgment, has not agreed to post a bond, and cannot point to any law that permits a *de facto* stay merely because jurisdictional issues have been raised on appeal.

–4–

Counsel for the Congo also disingenuously claimed that, in accordance with the Supreme Court's holding in *NML Capital* that FSIA immunity imposes no limit on discovery of extraterritorial assets, the Congo has not asserted any objections based on FSIA immunity.  *See* Vasquez Decl., Ex. C.  Yet, in its Responses and Objections, the Congo invoked FSIA immunity as a basis for ten of its 38 general objections (Objections 10-19), and invoked other similarly inapplicable forms of purported immunity as a basis for six more objections (Objections 20-25).  None of these objections carry any weight, as the Supreme Court has clearly directed that sovereigns may not object to discovery merely because it concerns information regarding assets that may ultimately be immune from execution.  *See* 134 S. Ct. at 2258 (authorizing subpoenas on Argentina while noting, "[t]o be sure, that request [for subpoenas] is bound to turn up information about property that Argentina regards as immune").  The Congo's attempt to re-litigate *NML Capital* is a bad faith tactic that only further evidences the Congo's longstanding goal of frustrating the lawful judgments of our courts.

And finally, the Congo has made several objections suggesting that the interrogatory requests are overly broad, unduly burdensome, or pertaining to assets whose values are unreasonably small compared to the monetary award at issue.  *See* Vasquez Decl., Ex. B (*e.g.* Objections 7, 9, 28-33 and each of the specific objections).  Such objections should be subject to productive negotiations between the parties before need for a court order.  *See Continental Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 308 F.R.D. 27, 38 n.10 (D.D.C. 2015) (noting that "[i]f the defendants believe that the [] portion of the definition is overly broad and/or unduly burdensome, and if the parties are unable to agree on its narrowing, defendants [then] may seek further relief from the Court").  Yet, as noted above, the Congo has refused to participate in ***any***

such productive negotiations, and refuses to even produce information that would not be, by the Congo's interpretation, unduly burdensome.

The Congo has obstructed all of Claimants' good faith efforts to obtain post-judgment discovery. Such dilatory conduct should not be condoned by this Court. *See, e.g.*, *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F.Supp.2d 508, 521 (S.D.N.Y. 2013) (sustaining court's order compelling foreign sovereign to respond to discovery requests to prevent judgment creditor "from further stalling these already prolonged post judgment discovery proceedings").

### III.  COMMISIMPEX IS ENTITLED TO COSTS AND ATTORNEY'S FEES INCURRED TO COMPEL THE CONGO'S COMPLIANCE WITH THE POST-JUDGMENT INTERROGATORIES

Commisimpex is also entitled to an award of costs and attorney's fees. Federal Rule of Civil Procedure 37(a)(5) provides that when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). This Court routinely issues awards for attorney's fees and costs to the moving party pursuant to Rule 37. *See, e.g.*, *Beck v. Test Masters Educ. Servs., Inc.*, 289 F.R.D. 374, 381 (D.D.C. 2013) (awarding attorney's fees where movant prevailed in Rule 37 motion to compel discovery); *Kister v. Dist. of Columbia*, 229 F.R.D. 326, 332 (D.D.C. 2005) (same).

An award of expenses under Rule 37 is mandatory unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

None of the stated exceptions to this rule apply here.  First, as documented above, Commisimpex engaged in a good faith effort to obtain discovery before resorting to a motion to compel, and indeed suggested that the Congo prepare limited responses consistent with the scope of its objections, which the Congo refused to do.  *See* Fed. R. Civ. P. 37(a)(5)(A)(i).  Second, the Congo's refusal to answer the interrogatories or engage in a productive discussion as to their scope is not "substantially justified" because the objections fly in the face of a recent and definitive decision of the Supreme Court.  Fed. R. Civ. P.  37(a)(5)(A)(ii).

"A party is 'substantially justified' in opposing discovery . . . [only] 'if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Parsi v. Daioleslam*, 778 F.3d 116, 127 (D.C. Cir. 2015) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  Here, there is no genuine dispute that the Amended Judgment is enforceable, nor that the Congo has declined to seek a stay of enforcement pending appeal.  Moreover, the Congo's blanket, sovereign-based objections are plainly inapplicable in the wake of the Supreme Court's *NML Capital* decision.  Thus, there is no reasonable basis for the Congo's deliberate stonewalling of Commisimpex's attempt to identify assets that may be used to satisfy a judgment against the Congo that has been outstanding for over two years.  Finally, there are no "other circumstances" that would make an award of expenses unjust.  Fed R. Civ. P. 37(a)(5)(A)(iii). For these reasons, an award of attorney's fees is proper.

## CERTIFICATION OF GOOD FAITH MEET AND CONFER

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Commisimpex hereby certifies that it has engaged in good faith efforts to resolve these discovery disputes without Court Action, as detailed above and in the accompanying declaration of Francis A. Vasquez, Jr.

## CONCLUSION

For the foregoing reasons Commisimpex respectfully requests that the Court grant its Motion to Compel the Congo to Answer Post-Judgment Interrogatories and award Commisimpex all costs and fees associated with bringing the present motion.

Dated: Washington, D.C.  
       October 22, 2015

Respectfully submitted,

**WHITE & CASE** LLP

/s/ Francis A. Vasquez, Jr.  
Francis A. Vasquez, Jr. (D.C. Bar No. 442161)  
Nicolle E. Kownacki (D.C. Bar No. 1005627)  
701 Thirteenth Street, N.W.  
Washington, D.C. 20005  
(202) 626-3600

*Counsel for Commissions Import Export S.A.*