# Exhibit B

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A., | |
| *Petitioner,* | |
| v. | Civil Action No. 1:13-cv-713-RJL |
| REPUBLIC OF THE CONGO, | |
| *Respondent.* | |

**THE CONGO'S RESPONSES AND OBJECTIONS TO COMMISIMPEX'S
FIRST SET OF POST-JUDGMENT INTEROGATORIES TO RESPONDENT**

Respondent the Republic of the Congo (the "Congo") hereby responds and objects as follows to Commisimpex's First Set of Post-Judgment Interrogatories to Respondent dated and served August 25, 2015 (the "Interrogatories").

**GENERAL OBJECTIONS**

1.  The Congo objects to the Interrogatories to the extent that they may purport to impose upon the Congo obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure and the local rules of this Court.

2.  The Congo objects to the Interrogatories to the extent that they purport to call for the disclosure of communications or other information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection or immunity. The Congo states that it shall provide such notification and information as may be required by Rule 26(b)(5) of the Federal Rules of Civil Procedure with respect to any assertions of privilege, protection or immunity in response to the Interrogatories.

3.   To the extent that there may be any inadvertent or mistaken disclosure by the Congo in response to the Interrogatories of any communications or other information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection or immunity, or any information the disclosure of which is prohibited by law, such disclosure shall be without prejudice to any claim that the matter disclosed is so protected, and such inadvertent or mistaken disclosure shall not be deemed to have waived any rights of the Congo; provided, however, that nothing in this objection is intended to waive or limit any right or protection to which the Congo would otherwise be entitled under Rule 26(b)(5) of the Federal Rules of Civil Procedure or Rule 502 of the Federal Rules of Evidence.  In the event of any such inadvertent or mistaken disclosure by the Congo, such disclosure shall not constitute a waiver of any privilege, claim of confidentiality, legal right or duty, or other objection, either generally or specifically, with respect to  the matter disclosed.  Upon receipt of a written notice identifying any such inadvertent or mistaken disclosure by the Congo and requesting that it be clawed back, Commisimpex shall promptly return or certify the destruction of all copies of any documents, work product, or portions of any work product containing or reflecting such disclosure or the substance thereof.

4.   The Congo objects to the Interrogatories on the ground that an appeal from the denial of the Congo's motion to vacate the October 9, 2013 amended default judgment herein [Dkt. No. 18] (the "Judgment") was noticed by the Congo on August 5, 2015 [Dkt. No. 36], and is now pending before the United States Court of Appeals for the District of Columbia Circuit, Case No. 15-7076 (the "2013 Award Appeal"), and that therefore the Interrogatories are premature, unduly burdensome, wasteful and an unreasonable and inefficient use of judicial and party resources in view of the pendency of the 2013 Award Appeal, and that therefore any

responses to the Interrogatories should be deferred pending resolution of the 2013 Award Appeal, irrespective of whether any stay of execution of the Judgment by supersedeas bond or otherwise has been or will be obtained under Fed. R. Civ. P. 62(d).

5.   The Congo objects to the Interrogatories on the ground that responses thereto should be stayed where and while the Congo's challenges to this Court's subject-matter jurisdiction and personal jurisdiction over the Congo in this action are under review in the pending 2013 Award Appeal.

6.   The Congo objects to the Interrogatories on the ground that the pendency of the 2013 Award Appeal has divested this Court of jurisdiction over this action and accordingly the Interrogatories could not properly be served subsequent to the noticing of the 2013 Award Appeal and thus need not be answered at this time.

7.   The Congo objects to each individual item of the Interrogatories to the extent that any such item is overly broad and/or unduly burdensome.

8.   The Congo objects to each individual item of the Interrogatories to the extent that any such item purports to call for information not reasonably calculated to lead to assets that can be levied upon in execution of the Judgment, so as to make such discovery not "[i]n aid of the judgment or execution" within the meaning of Fed. R. Civ., P. 69(a)(2), and thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2).

9.   The Congo objects to each individual item of the Interrogatories as overly broad and unduly burdensome to the extent that any such item seeks information about assets whose

value in comparison to the amount of the Judgment is too small to be reasonably practical for enforcement of the Judgment.

10. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, a foreign state, that are immune from execution under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1330, 1602 *et seq.* ("FSIA").

11. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, a foreign state, that are immune from execution under the FSIA pursuant to 28 U.S.C. § 1609.

12. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, a foreign state, that are immune from execution under the FSIA pursuant to 28 U.S.C. § 1610.

13. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, a foreign state, that are immune from execution under the FSIA pursuant to 28 U.S.C. § 1611.

14. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, a foreign state, based on an order confirming an arbitral award rendered against such foreign state, where such assets are located outside the United States or are otherwise outside the jurisdictional reach of this Court, as per the FSIA, 28 U.S.C. §§ 1609, 1610.

15. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, a foreign state, based on an order confirming an arbitral award rendered against such foreign state, where such assets, if in the United States, are not used for a commercial activity in the United States, as per the FSIA, 28 U.S.C. §§ 1609, 1610.

16. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, a foreign state, based on an order confirming an arbitral award rendered against such foreign state, where such assets are the property of organizations designated by the President of the United States as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act, as per the FSIA, 28 U.S.C. §§ 1609, 1611(a).

17. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, a foreign state, based on an order confirming an arbitral award rendered against such foreign state, where such assets are the property of a foreign central bank or monetary authority held for its own account, as per the FSIA, 28 U.S.C. §§ 1609, 1611(b)(1).

18. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, a foreign state, based on an order confirming an arbitral award rendered against such foreign state, where such assets are property that is, or is intended to be, used in connection with a military activity, and is of a military character or is under the control of a military authority or defense agency, as per the FSIA, 28 U.S.C.§§ 1609, 1611(b)(2).

19. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, a foreign state, that are immune from execution under any statute similar to the FSIA that is in effect in any jurisdiction where such assets may be located.

20.  The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, a foreign state, that are immune from search, requisition, attachment or execution under the Vienna Convention on Diplomatic Relations, April 18, 1961, 500 U.N.T.S. 95, including without limitation Arts. 22, 30 and 31 thereof.

21. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, a foreign state, that are immune from requisition or execution under the Vienna Convention on Consular Relations, April 24, 1963, 596 U.N.T.S. 261.

22.  The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, wherever located, which would be immune from execution under any customary international law norm, either generally or when owned, held, controlled, in custody, used, dedicated or intended for state purposes, or purposes relating to the activities of any international body or international organization, by a sovereign state or its government, agencies or instrumentalities.

23. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, wherever located, which would be immune from execution under any public international law, either generally or

6

when owned, held, controlled, in custody, used, dedicated or intended for state purposes, or purposes relating to the activities of any international body or international organization, by a sovereign state or its government, agencies or instrumentalities.

24. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, wherever located, which would be immune from execution under any foreign law or European Union regulation, directive or other legal instrument, either generally or when owned, held, controlled, in custody, used, dedicated or intended for state purposes, or purposes relating to the activities of any international body or international organization, by a sovereign state or its government, agencies or instrumentalities.

25. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo, wherever located, which would be immune from execution under the laws of any jurisdiction where such assets are located, either generally or when owned, held, controlled, in custody, used, dedicated or intended for state purposes, or purposes relating to the activities of any international body or international organization, by a sovereign state or its government, agencies or instrumentalities.

26. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo located outside the United States in a jurisdiction that would not recognize or enforce a United States judgment, or would only do so after procedures that have not yet been undertaken or brought to resolution.

27. The Congo objects to each individual item of the Interrogatories to the extent that any such item may seek information concerning any assets of the Congo located outside the

United States absent a showing, or in any event where it is not the case, that such assets are subject to execution based on a United States judgment in the jurisdictions where such assets are found.

28. The Congo objects to each item of the Interrogatories to the extent that they purport to call for information that concerns non-public diplomatic matters, national security matters, or international security matters, including but not limited to classified or secret information the disclosure of which is barred under the laws of the United States, the laws of the Congo, or the laws of any other relevant jurisdiction.

29. The Congo objects to the Interrogatories on grounds of comity interests, including those relating to the burden that the Interrogatories might cause to the Congo, a foreign state, the Interrogatories' potential for undermining international comity, and their potential for invading the sovereignty of foreign states.

30. The Congo objects to each item of the Interrogatories to the extent that any such item is unduly burdensome because it purports to call for disclosure of information obtainable only from electronically stored sources that are not reasonably accessible because of undue burden or cost.

31. The Congo objects to the Interrogatories insofar as the Interrogatories (a) fail to specify a time frame, or (b) specify a time frame that is overly broad, unduly burdensome or would purport to call for information not reasonably calculated to lead to assets that can be levied upon in execution of the Judgment, so as to make such discovery not "[i]n aid of the judgment or execution" within the meaning of Fed. R. Civ., P. 69(a)(2), and thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2).

32. The Congo objects to the Interrogatories to the extent that they purport to call for information not reasonably known to the Congo.

33. The Congo objects to the Interrogatories to the extent they purport to call upon the Congo to disclose information that is publicly or commercially available.

34. The Congo objects to the Interrogatories to the extent that they purport to call for information the disclosure of which is barred or restricted by the laws of any jurisdiction to which the Congo or any of its assets may be subject, including but not limited to where any good-faith efforts to obtain leave from the relevant authorities in such jurisdiction to make such disclosure without fear of adverse consequences have proved unsuccessful.

35. The Congo objects to the Interrogatories to the extent they seek to obtain information about assets in any country that has recognized or has not refused to recognize the October 30, 2012 judgment of the Commercial Court of Brazzaville in the case *La Caisse Nationale de Sécurité Sociale v. La Société Commisimpex* (Commercial Docket No. 173, Folio 145/248, Commercial Decision No. 076 of October 30, 2012), as affirmed in part and modified in part by the May 13, 2013 judgment of the Appellate Court of Brazzaville *sub nom. Société Commisimpex, S.A. v. La Caisse Nationale de Sécurité Sociale* (Docket No. 399, Commercial Decision No. 19 of May 13, 2013), and as further affirmed by the January 14, 2015 decision of the supranational OHADA Common Court of Justice and Arbitration (CCJA) *sub nom. Société Commissions Import Export dite Commisimpex v. Caisse Nationale de Sécurité Sociale dite CNSS* (Appeal No. 119/2013/PC, Judgment No. 001/2015) (the "Commisimpex Liquidation Judgment"), on the basis that the persons now seeking to enforce the Judgment in the name of Commisimpex will not be able to obtain execution upon any assets in any such country due to

the Commisimpex Liquidation Judgment which, for the duration of the liquidation of the assets of Commisimpex, conferred all power and authority to act in the name of Commisimpex exclusively upon a panel of liquidation trustees consisting of Gaston Mossa, Emile Nzondo and Edouard Tati Makaya (collectively, the "Liquidation Trustees") acting alone.

36. The Congo objects to the Interrogatories to the extent they seek to obtain information about assets located outside the jurisdiction of the United States on the ground that such purported extraterritorial application of Fed. R. Civ. P. 69(a)(2) is improper, because there is "no clear indication" in the Rules Enabling Act, 28 U.S.C § 2072, that Congress intended to authorize such extraterritorial application of rules adopted pursuant to that act, and that accordingly such application of this rule exceeds the rule's purported Congressional authorization, as per *Morrison v. National Australia Bank*, 561 U.S. 247 (2010), and *Kiobel v. Royal Dutch Petroleum Co*., 133 S. Ct. 1659 (2013), and improperly disregards the "presumption that United States law governs domestically but does not rule the world." *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437 (2007).

37. The Congo objects to the Interrogatories to the extent they seek to provide discovery to persons who, as a result of the Commisimpex Liquidation Judgment, are improperly purporting to litigate in the name of Commisimpex, and thus lack the capacity to do so and are not the real party in interest, and are thus are purporting to do so in this or any other action where the federal courts by reason of these circumstances lack subject-matter jurisdiction, all these being issues under review in the 2013 Award Appeal.

38. The Congo objects to the Interrogatories to the extent that responding thereto may provide information that could be used, directly or indirectly, to facilitate the transfer of any

assets to persons or entities on any sanctions list issued by the United States Treasury Department and/or the Office of Foreign Assets Control (OFAC) (including without limitation the Specially Designated Nationals (SDN) list, the Blocked Persons list, the Non-SDN Palestinian Legislative Council (NS-PLC) List, the Part 561 List, the Non-SDN Iran Sanctions Act (NS-ISA) List, the Foreign Sanctions Evaders (FSE) List, and the Sectoral Sanctions Identifications (SSI) List), or any persons or entities associated with the persons or entities on such lists.

39. Where the response to an item of the Interrogatories indicates that information is or will be provided subject to, as limited by, and/or without waiver of referenced objections, the scope of such response shall not extend to those aspects or portions of that item of the Interrogatories that are the subject of such objections.

40. These General Objections are hereby incorporated in the Congo's responses below to each specific item of the Interrogatories set forth hereafter, as if fully set forth at length therein.

41. Nothing herein shall be interpreted as an admission that any particular item of information requested in the Interrogatories or disclosed in response to the Interrogatories exists, is known or reasonably known to the Congo, is or will be relevant or admissible at any trial, hearing, motion or other proceeding in this or any other action, or in any judgment enforcement proceedings, whether in the United States or any other jurisdiction, or will not be protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection or immunity, is not barred from disclosure by any applicable law, or that executable assets of the Congo may exist in any particular jurisdiction.

42. The Congo expressly reserves the right to amend, supplement and/or correct these responses and objections in response to the Interrogatories at any time.

## OBJECTIONS TO DEFINITIONS

### DEFINITION NO. 1:

"Congo" refers to Respondent, the Republic of the Congo or the Government of the Republic of the Congo.

The Congo objects to this Definition as vague and ambiguous to the extent that it fails to make clear whether "Congo" is intended to encompass agencies, instrumentalities and the like.

### DEFINITION NO. 2:

"Liquid Asset" as used herein refers to any cash or currency in any national denomination, any claim for receipt of money, any contract claim or chose in action, any interest in a commercial venture, or any stocks, bonds, letters of credit, or any other financial property.

The Congo objects to this Definition to the extent that it purports to include assets not commonly regarded as being "liquid."

### DEFINITION NO. 3:

"Tangible Asset" as used herein refers to any tangible property, including but not limited to real property, hotels or resorts, offices, buildings, dwelling places, houses, apartments, condominiums, vehicles, valuable jewelry, paintings, or any works of art.

The Congo objects to this Definition as overly broad and unduly burdensome to the extent its application anywhere in the context of these Interrogatories would purport to call for information about assets whose value in comparison to the amount of the Judgment is too small to be reasonably practical for enforcement of the Judgment.

**DEFINITION NO. 4:**

> "Instrumentality" as used herein refers to any agency, administrative agency, government-owned corporation or any subsidiary of such corporation and government-controlled corporation or any subsidiary of such corporation.

The Congo objects to this Definition to the extent (1) its definition differs from the definition of "instrumentality" under the FSIA, 28 U.S.C. § 1603(b), (2) it is otherwise overbroad, or (3) its application anywhere in the context of these Interrogatories would purport to call for information concerning "the property of one agency or instrumentality" of a sovereign state in aid of "satisfy[ing] a judgment against another, unrelated agency or instrumentality" of a sovereign state, as (a) execution upon such property is not permitted under the FSIA, 28 U.S.C. § 1610(b), per *First National City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 627-28 (1983); (b) accordingly, such application of this Definition would purport to call for information that is not reasonably calculated to lead to assets that can be levied upon in execution of the Judgment; (c) therefore making such discovery not "[i]n aid of the judgment or execution" within the meaning of Fed. R. Civ., P. 69(a)(2); and (d) thus rendering such discovery outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2).

**DEFINITION NO. 5:**

> "Foreign" refers to any entity that does not reside in Congo, or in the case of a business or corporation, is not incorporated in Congo.

The Congo objects to this Definition as ambiguous as to whether, as used in these Interrogatories, "Foreign" purports to refer to individuals, and/or purports to refer to sovereign states or international organization, and if so whether those include the United States and/or the Congo. The Congo further objects to this Definition insofar as it purports to define an adjective in terms of nouns, namely various entities.

**DEFINITION NO. 7:**

"Commercial activity" means any activity engaged in for the purposes of commerce, including continuous commercial activity or a single commercial transaction or act.

The Congo objects to this Definition to the extent that it differs from the definition of

"commercial activity" under the FSIA, 28 U.S.C. § 1603(d), or is otherwise overbroad.

## OBJECTIONS TO INSTRUCTIONS

**INSTRUCTION NO. 1:**

These interrogatories are continuing in nature so as to require Congo to supplement its answers as required by Fed. R. Civ. P. 26(e).

The Congo objects to this Instruction to the extent that it may purport to impose upon it

obligations greater than or at variance with those imposed by the Federal Rules of Civil

Procedure and the local rules of this Court.

**INSTRUCTION NO. 2:**

Unless otherwise specified, the applicable time period shall be from August 23, 2003 to the present.

The Congo objects to this Instruction as purporting to render the Interrogatories overly

broad and burdensome; or to call for information not reasonably calculated to lead to assets that

can be levied upon in execution of the Judgment, so as to make such discovery not "[i]n aid of

the judgment or execution" within the meaning of Fed. R. Civ., P. 69(a)(2), and thus outside the

scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2), to the extent that the

specified time period predates the commencement of this action.

**INSTRUCTION NO. 3:**

When asked to "describe the location" of an asset, including but not limited to an account at a financial institution, the description should include:

a. the name, address, and telephone number of the entity where the asset is located;

b. if the asset is located at a financial institution: identification of the account, including the name of the account holder and the account number; and

c. the value of the asset as of (a) the date these interrogatories are received by Congo, and (b) the date these interrogatories are answered by Congo.

The Congo objects to this Instruction as purporting to render the Interrogatories overly broad and burdensome, and further objects to subpart (c) as purporting to call for information not commonly regarded as part of an asset's "location."

**INSTRUCTION NO. 4:**

When asked to "identify" a person, if that person is an individual, specify the person's:

a. full name;

b. last known business address;

c. last known residence address;

d. last known occupation or employer (or business affiliation);

e. last known title or position;

f. employer and position at the time relevant to the particular inquiry; and

g. a brief description of the duties and responsibilities of the person at the time relevant to the particular inquiry.

The Congo objects to this Instruction as purporting to render the Interrogatories overly broad and burdensome, and further objects to subpart (g) as purporting to call for information not commonly regarded as part of a person's "identity."

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify and describe the location of any bank accounts maintained by Congo or by any Instrumentality of Congo, within or without Congo. For each account, set forth the following:

a.   The name, address and telephone number of the bank or entity where the asset is located;

b.   The name of the account holder;

c.   The account number;

d.   The value of the account as of the date these interrogatories are received by Congo;

e.   The value of the account as of the date these interrogatories are answered by Congo;

f.   A detailed description of the purpose for the funds in the account; and

g.   A detailed description of the account's activity from August 23, 2003 to the present date.

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, the Congo objects to subparts (f) and (g) of this Interrogatory as overly broad and burdensome and purporting to call for information not reasonably calculated to lead to assets that can be levied upon in execution of the Judgment, so as to make such discovery not "[i]n aid of the judgment or execution" within the meaning of Fed. R. Civ. P. 69(a)(2), and thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2).

**INTERROGATORY NO. 2:**

Identify and describe the location of any bank accounts that are not maintained by Congo or by an Instrumentality of Congo, but in which Congo or any Instrumentality of Congo has money deposited at this time, within or without Congo.  For each account, set forth the following:

a.      The name, address and telephone number of the bank or entity where the asset is located;

b.      The name of the account holder;

c.      The account number;

d.      The value of the account as of the date these interrogatories are received by Congo;

e.      The value of the account as of the date these interrogatories are answered by Congo;

f.      A detailed description of the purpose for the funds in the account; and

g.      A detailed description of the account's activity from August 23, 2003 to the present date.

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, the Congo objects to subparts (f) and (g) of this Interrogatory as overly broad and burdensome and purporting to call for information not reasonably calculated to lead to assets that can be levied upon in execution of the Judgment, so as to make such discovery not "[i]n aid of the judgment or execution" within the meaning of Fed. R. Civ., P. 69(a)(2), and thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2).

## INTERROGATORY NO. 3:

Identify and describe the location, ownership (including name and address), and purpose of any and all Liquid Assets owned by Congo or by any Instrumentality of Congo, located within or without Congo.

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, the Congo objects to this Interrogatory's request for information as to the "purpose" of any assets as overly broad and burdensome and purporting to call for information not reasonably calculated to lead to assets that can be levied upon in execution of the Judgment, so as to make such discovery not "[i]n aid of the judgment or execution" within the meaning of

Fed. R. Civ. P. 69(a)(2), and thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2), and further objects to the term "describe," as used in this Interrogatory with respect to an asset's "ownership" or "purpose," as undefined, vague and ambiguous.

**INTERROGATORY NO. 4:**

> Identify and describe the location, ownership (including name and address), and purpose of any and all Tangible Assets owned by Congo or by any Instrumentality of Congo, located within or without Congo.

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, the Congo objects to this Interrogatory's request for information as to the "purpose" of any assets as overly broad and burdensome and purporting to call for information not reasonably calculated to lead to assets that can be levied upon in execution of the Judgment, so as to make such discovery not "[i]n aid of the judgment or execution" within the meaning of Fed. R. Civ. P. 69(a)(2), and thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2), and further objects to the term "describe," as used in this Interrogatory with respect to an asset's "ownership" or "purpose," as undefined, vague and ambiguous.

**INTERROGATORY NO. 5:**

> As to each Liquid and Tangible Asset identified in Interrogatories 3 and 4, identify all persons or entities with knowledge or information regarding the particular Liquid or Tangible Asset.

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, the Congo objects to this Interrogatory's request for identification of "all" persons with the specified knowledge or information as overly broad and burdensome and purporting to call for information not reasonably calculated to lead to assets that can be levied upon in execution of the Judgment, so as to make such discovery not "[i]n aid of the judgment or

execution" within the meaning of Fed. R. Civ. P. 69(a)(2), and thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2).

**INTERROGATORY NO. 6:**

Set forth, identify and describe any entities, persons or states, who owe a debt to Congo, or an Instrumentality of Congo. For each Debtor, set forth the following:

      a.     The name, address and telephone number of each debtor;

      b.     The amounts owed;

      c.     The underlying reason for the debt;

      d.     Whether or not there is written evidence of this indebtedness, and if so, the location and custodian of the written indebtedness;

      e.     Whether there is any payment schedule that is in place, and if so, describe the schedule; and

      f.     Whether Congo, or an Instrumentality of Congo, has commenced any litigation or enforcement proceedings concerning the amounts owed, and if so, describe the litigation or enforcement proceedings.

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, the Congo objects to subparts (c), (d) and (f) of this Interrogatory as overly broad and burdensome and purporting to call for information not reasonably calculated to lead to assets that can be levied upon in execution of the Judgment, so as to make such discovery not "[i]n aid of the judgment or execution" within the meaning of Fed. R. Civ. P. 69(a)(2), and thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2).  The Congo further objects to the terms "set forth" and "describe," as used in this Interrogatory, as undefined, vague and ambiguous given the meaning specified in Instruction No. 4 for the term "identify" that is also used in this Interrogatory, and further objects to this Interrogatory as overly broad and

burdensome, if not abusive, in that it ostensibly calls for the Congo to identify nearly every taxpayer in the Congo.

**INTERROGATORY NO. 7:**

Set forth, identify, and describe any Creditors of Congo or an Instrumentality of Congo.  For each Creditor, set forth the following:

    a.    The name, address, and telephone number of each Creditor;

    b.    The amounts owed;

    c.    The underlying reason for the obligation;

    d.    Whether there is any payment schedule that is in place, and if so, describe the schedule; and

    e.    Whether any such Creditor has commenced any litigation or enforcement proceedings concerning amounts owed, and if so, describe the litigation or enforcement proceeding.

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, the Congo objects to this Interrogatory in its entirety as overly broad and burdensome and purporting to call for information not reasonably calculated to lead to assets that can be levied upon in execution of the Judgment, so as to make such discovery not "[i]n aid of the judgment or execution" within the meaning of Fed. R. Civ. P. 69(a)(2), and thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2)The Congo further objects to the terms "set forth" and "describe," as used in this Interrogatory, as undefined, vague and ambiguous given the meaning specified in Instruction No. 4 for the term "identify" that is also used in this Interrogatory.

**INTERROGATORY NO. 8:**

Identify every Congolese official who resides, temporarily or permanently, within the United States.

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, the Congo objects to this Interrogatory as overly broad and unduly burdensome, and further objects to the terms "temporarily" and "permanently," as used in this Interrogatory, as vague and ambiguous.

## INTERROGATORY NO. 9:

Identify and describe all Foreign assistance that Congo, or an Instrumentality of Congo, receives from any Foreign entity (including any Foreign nation, business, corporation, consortium, or person).

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, the Congo objects to the term "Foreign assistance," as used in this Interrogatory, as vague and ambiguous, and further objects to the terms "identify" and "describe," as used in this Interrogatory, as undefined, vague and ambiguous.

## INTERROGATORY NO. 10:

Identify and describe any contract, agreement, or relationship between Congo or any Instrumentality of Congo and a Foreign entity (including any Foreign nation, business, corporation, consortium of person), by which such Foreign entity invests in any way in Congo, or an Instrumentality of Congo.  Include in such description:

    a.    The name and location of the Foreign entity;

    b.    The date of execution of any contract or agreement, or of initiation of the relationship and current status of the contract, agreement, or relationship;

    c.    The location and custodian of a copy of any contract or agreement;

    d.    A description of the terms of any contract, including, but not limited to, the obligations and liabilities of the Foreign entity to Congo or an Instrumentality of Congo, including any payment or royalty obligations to Congo or an Instrumentality of Congo;

e.    A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship, including an identification of any bank or financial institution that participated in the transfer of the funds;

f.    A description of any and all transfers of funds intended to take place within the next five years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds; and

g.    A description of the ownership or interest, if any, of Congo or an Instrumentality of Congo in the Foreign entity.

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, the Congo objects to this Interrogatory as overly broad and burdensome and purporting to call for information not reasonably calculated to lead to assets that can be levied upon in execution of the Judgment, so as to make such discovery not "[i]n aid of the judgment or execution" within the meaning of Fed. R. Civ. P. 69(a)(2), and thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2), the Congo further objects to the terms "identify," "describe" and "relationship," as used in this Interrogatory, as undefined, vague and ambiguous.  The Congo further objects to subpart (e) of this Interrogatory as overly broad due to its unlimited timeframe, and to subpart (f) of this Interrogatory as overly broad and speculative.

**INTERROGATORY NO. 11:**

Identify the five persons most knowledgeable about Congo or an Instrumentality of Congo's Liquid Assets, Tangible Assets, accounts or monies in any financial institution, monies, debts owed to Congo, or an Instrumentality of Congo, Congo's creditors, and foreign investments in Congo or in an Instrumentality of Congo.

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, the Congo objects to this Interrogatory on the ground that there is no basis to

compare or rank relative overall knowledge of separate individuals with regard to an agglomeration of multiple discrete topics, particularly when one such topic is as broad as "Congo."

## INTERROGATORY NO. 12:

Identify and describe any books or records maintained by Congo, or an Instrumentality of Congo, that concern Congo or an Instrumentality of Congo's Liquid Assets, Tangible Assets, accounts or monies in any financial institution, monies, debts owed to Congo, or an Instrumentality of Congo, Congo's creditors, and foreign investments in Congo or in an Instrumentality of Congo.

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions; the Congo objects to this Interrogatory as overly broad and unduly burdensome, and as purporting to call for information not reasonably calculated to lead to assets that can be levied upon in execution of the Judgment, so as to make such discovery not "[i]n aid of the judgment or execution" within the meaning of Fed. R. Civ., P. 69(a)(2), and thus outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1) and 69(a)(2).  The Congo further objects to the terms "identify" and "describe," as used in this Interrogatory, as undefined, vague and ambiguous, and to the phrase "that concern Congo," as used in this Interrogatory, as overly broad, vague, and ambiguous.

## INTERROGATORY NO. 13:

Identify the names and titles, if any, of all individuals who participated or assisted in preparing these interrogatories, or who prepared or supplied any information, indicating in the case of each such individual the interrogatory number which he prepared or for which he supplied any information or answer.

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, the Congo objects to the phrase "preparing these interrogatories" in this

Interrogatory as vague and ambiguous given that the Interrogatories were prepared by the propounding counsel and not the Congo.  The Congo further objects to this Interrogatory as vague and ambiguous as to the "titles" it purports to call for, given the instruction in Instruction 4(e) that to "identify" a person already includes specifying that person's "last known title or position."  Subject to, as limited by, and without waiver of these objections and the foregoing General Objections, Objections to Definitions and Objections to Instructions, the objections set forth herein were prepared by the Congo's undersigned counsel, and there is no information in these responses and objections that was prepared or supplied by any other person.

Dated:   New York, New York
September 28, 2015

CHADBOURNE & PARKE LLP

By _____
Robert A. Schwinger (DC Bar ID # NY0092)
Rachel W. Thorn (admitted *pro hac vice*)
Marc Suskin (admitted *pro hac vice*)
Members of the Firm
Attorneys for Respondent
Republic of the Congo
1301 Avenue of the Americas
New York, NY  10019
(212) 408-5100
*rschwinger@chadbourne.com*
*rthorn@chadbourne.com*
*msuskin@chadbourne.com*

Dana Frix
CHADBOURNE & PARKE LLP
1200 New Hampshire Avenue, N.W.
Washington, DC  20036
Tel. (202) 974-5600

Of Counsel

## CERTIFICATE OF SERVICE

I, Robert A. Schwinger, hereby certify that on September 28, 2015, I caused to be served a copy of The Congo's Responses and Objections to Commisimpex's First Set of Post-Judgment Interrogatories to Respondent via Federal Express delivery and electronic mail upon:

> Francis A. Vasquez, Jr.  (D.C. Bar. No. 442161)
> Nicolle E. Kownacki (D.C. Bar No. 1005627)
> WHITE & CASE LLP
> 701 Thirteenth Street, N.W.
> Washington, DC 20005
> (202) 626-3603
> fvasquez@whitecase.com
> nkownacki@whitecase.com
>
> *Counsel for Petitioner Commissions Import Export S.A.*

Dated:   New York, New York
             September 28, 2015

_____
        Robert A. Schwinger (DC Bar ID # NY0092)
                 Attorney for Respondent
                 Republic of the Congo