# Exhibit C

# Kownacki, Nicolle

| | |
|---|---|
| **From:** | Schwinger, Robert A. <RSchwinger@chadbourne.com> |
| **Sent:** | Friday, October 02, 2015 1:59 PM |
| **To:** | Vasquez, Francis; Kownacki, Nicolle |
| **Cc:** | Frix, Dana; Thorn, Rachel W.; Suskin, Marc; Zafran, Kimberly; Ingenito, Adriana |
| **Subject:** | RE: Commisimpex v. Congo -- Meet and Confer |

Dear Frank,

Thank you for your message. I am writing to clarify a few points from our fairly brief meet-and-confer conversation, in which you addressed only a few of the objections that we raised to your post-judgment interrogatories.

Our client has directed us to assert all legitimate objections available to the interrogatories and has not authorized us to withdraw or waive any of them.

We noted that one of our blanket objections to this discovery arose from the subject-matter jurisdiction cloud over this action, which is under review on appeal, and that we had objected (in General Objection 4) that in such circumstances responses to the interrogatories should be deferred pending resolution of that appeal irrespective of whether any stay of execution of the judgment has been or will be obtained. Accordingly, we objected to any response even to interrogatories like Numbers 11 and 12 whose scope theoretically could be narrowed based upon, for example, our objection to extraterritoriality. We also stated that the law is not entirely clear with respect to our General Objection 6, but that it is possible our position on that objection could be changed if shown otherwise.

With respect to the issue that you raised regarding *Republic of Argentina v. NML Capital, Ltd.* 134 S. Ct. 2250 (2014), we stated that our position was that the Supreme Court's holding in that case was limited simply to the proposition that the Foreign Sovereign Immunities Act (FSIA) does not provide any immunity from post-judgment discovery of information concerning a judgment debtor's extraterritorial assets. We did not assert any objection to that effect in our interrogatory responses, however.

The Court in *Republic of Argentina* notably did not hold on any other issues, such as whether such discovery might be improper on other legal bases like the ones set forth in our General Objections. Indeed, with regard to extraterritoriality, the Supreme Court was explicit that it was merely assuming without deciding that in certain cases discovery about the judgment debtor's assets located outside the United States could be ordered. The Supreme Court was also explicit that it was expressing no view on other possible defenses to such post-judgment discovery and indeed cautioned that "[a]lthough this appeal concerns only the meaning of the [FSIA], we have no reason to doubt that . . . 'other sources of law' ordinarily will bear on the propriety of discovery requests of this nature and scope." We thus have legitimately raised such issues in our objections, and accordingly any demand for attorney's fees here would be misplaced.

Best regards,

   R. A. S.

**Robert A. Schwinger**
**Chadbourne & Parke LLP**
1301 Avenue of the Americas, New York, NY 10019
**tel** +1 (212) 408-5364 | **fax** +1 (646) 710-5364
rschwinger@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/rschwinger.vcf

---

**From:** Vasquez, Francis [mailto:fvasquez@whitecase.com]
**Sent:** Thursday, October 01, 2015 9:20 PM
**To:** Schwinger, Robert A.

**Cc:** Frix, Dana; Thorn, Rachel W.; Suskin, Marc; Zafran, Kimberly; Ingenito, Adriana; Kownacki, Nicolle
**Subject:** Commisimpex v. Congo -- Meet and Confer

Dear Bob,

Thank you for the meet and confer teleconference regarding the post-judgment interrogatories issued to the Congo. We write to summarize our positions as stated on the call.

As an initial matter, you stated that the Congo had not authorized you to agree to produce any information or documents responsive to the interrogatories. We discussed that the Congo had made a number of blanket objections to discovery – specifically that you believe you do not need to produce information or documents during the pendency of the appeal, notwithstanding the fact that you have not requested a stay of execution, and that the Congo has raised jurisdictional issues.

You noted that you had made many "to the extent that" objections, largely concerning the the FSIA and extraterritoriality. We do not believe that these objections are at all viable in light of *Republic of Argentina v. NML Capital, Ltd.* 134 S. Ct. 2250 (2014) and related cases.

We maintained that the Congo should, at a minimum, comply with the discovery requests within the scope of what you deem appropriate in light of your objections. We noted that certain interrogatories were already limited in scope, referencing Interrogatory Numbers 11 and 12 in particular. You declined our request for the Congo to produce any information or documents that would not be subject to your objections.

Given the circumstances and without any agreement or inclination from the Congo to produce any information at all, we believe that further negotiations will not be fruitful. Accordingly, we intend to file a motion to compel to obtain the discovery we are entitled to under, *inter alia,* Federal Rule of Civil Procedure 69 and *NML Capital, Ltd*. Because the Congo refuses to accede to any discovery whatsoever, we will also be seeking attorney's fees for the expense of filing the motion.

Best regards,

Frank

**Francis A. Vasquez, Jr.** | Partner
T +1202 6263603    E fvasquez@whitecase.com
White & Case LLP | 701 Thirteenth Street, NW | Washington, DC 20005-3807

**WHITE & CASE**

================================================================================

PLEASE NOTE: The information contained in this message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please contact sender or call (202) 626-3600. Thank you.

==========================================================================

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com