UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A., ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| *v.* ) | Civil Action No. 1:13-cv-713-RJL |
| ) | |
| REPUBLIC OF THE CONGO, ) | |
| ) | |
| *Respondent.* ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
COMMISIMPEX'S MOTION FOR SANCTIONS**

WHITE & CASE LLP

Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Nicolle Kownacki (D.C. Bar No. 1005627)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 626-3600

*Counsel for Commissions Import Export, S.A.*

April 4, 2016

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................2

ARGUMENT..........................................................................................................................4

      A.      The Congo's Misconduct Warrants Sanctions Under the Law of this Circuit ...................................................................................................................4

      B.      This Court Should Preclude the Congo from Asserting Immunities Under the FSIA for Execution of the Judgment ............................................................6

      C.      This Court Should Impose Civil Contempt Sanctions for the Congo's Failure to Comply with the Discovery Order ......................................................8

      D.      This Court Must, Pursuant to Rule 37(b)(2)(C), Order the Congo and Its Attorneys to Compensate Commisimpex for the Cost of Securing the Congo's Compliance with the Discovery Order................................................11

CONCLUSION.....................................................................................................................14

# TABLE OF AUTHORITIES

Cases                                                                                                                  Page(s)

*Beck v. Test Masters Educ. Servs.*,
　289 F.R.D. 374 (D.D.C. 2013)..................................................................................................13

*Bonds v. District of Columbia*,
　93 F.3d 801 (D.C. Cir. 1996)......................................................................................................6

*Cine Forty-Second Street Theatre Corp. v. Allied Artists*,
　602 F.2d 1062 (2d Cir. 1979)......................................................................................................5

*Cobell v. Babbitt*,
　37 F. Supp. 2d 6 (D.D.C. 1999)............................................................................................4, 8, 9

*Continental Transfert Technique, Ltd. v. Fed. Gov't of Nigeria*,
　308 F.R.D. 27 (D.D.C. 2015)......................................................................................................2

*Cope v. McPherson*,
　781 F.2d 207 (D.C. Cir. 1985)....................................................................................................6

*Dellums v. Powell*,
　566 F.2d 231 (D.C. Cir. 1977)................................................................................................4, 6

*United States v. Dynamic Visions, Inc.*,
　307 F.R.D. 299 (D.D.C. 2015)......................................................................................11, 12, 13

*Embassy of the Federal Republic of Nigeria v. Ugwuonye*,
　292 F.R.D. 53 (D.D.C. 2013)....................................................................................................13

*FG Hemisphere Assocs. v. Democratic Republic of Congo*,
　603 F. Supp. 2d 1 (D.D.C. 2009).............................................................................2, 10, 11, 13

*FG Hemisphere Assocs. v. Democratic Republic of Congo*,
　637 F.3d 373 (D.C. Cir. 2011)...........................................................................2, 9, 10, 11, 13

*Founding Church of Scientology v. Webster*,
　802 F.2d 1448 (D.C. Cir. 1986)..................................................................................................4

*Myrdal v. District of Columbia*,
　248 F.R.D. 315 (D.D.C. 2008)............................................................................................12, 13

*NLRB v. Blevins Popcorn Co.*,
　659 F.2d 1173 (D.C. Cir. 1981)..................................................................................................8

*NML Capital v. Republic of Argentina*,
  1:08-cv-06978 (S.D.N.Y. Aug. 3, 2015)..........................................................................7, 8

*Parsi v. Daioleslam*,
  778 F.3d 116 (D.C. Cir. 2015) ...................................................................................4, 12

*Perkinson v. Houlihan's/D.C., Inc.*,
  108 F.R.D. 667 (D.D.C. 1985).........................................................................................5

*United States v. Philip Morris USA, Inc.*,
  287 F. Supp. 2d 5 (D.D.C. 2003) ..............................................................................10, 11

*Republic of Argentina v. NML Capital, Ltd.*,
  134 S. Ct. 2250 (2014).....................................................................................................2

*SEC v. Showalter*,
  227 F. Supp. 2d 110 (D.D.C. 2002) ................................................................................9

*SEIU Nat'l Indus. Pension Fund v. Artharee*,
  48 F. Supp. 3d 25 (D.D.C. 2014) ....................................................................................9

*Shatsky v. Syrian Arab Republic*,
  Civil Action No. 02-02280 (RJL),
  2015 U.S. Dist. LEXIS 157319 (D.D.C. Nov. 20, 2015) ...........................................6, 8

*Shepherd v. ABC*,
  62 F.3d 1469 (D.C. Cir. 1995).....................................................................................4, 5

*Walters v. People's Republic of China*,
  72 F. Supp. 3d 8 (D.D.C. 2014) ....................................................................................10

Statutes & Rules

28 U.S.C. § 1610(a) ...............................................................................................................1

Fed. R. Civ. P. 37................................................................................................1, 4, 5, 6, 13

Fed. R. Civ. P. 37(b) ......................................................................................4, 6, 8, 11, 12, 13

Other Authorities

*Republic of the Congo*, The World Bank,
  http://www.worldbank.org/en/country/congo.........................................................11

*Authorities upon which Petitioner chiefly relies are marked with an asterisk.

Petitioner Commissions Import Export S.A. ("Commisimpex") hereby moves, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for sanctions against Respondent, the Republic of the Congo ("the Congo"), for willfully disregarding this Court's December 16, 2015, order ("Discovery Order") compelling it to produce post-judgment discovery.

## INTRODUCTION

Commisimpex issued its post-judgment interrogatories to the Congo on August 25, 2015, over seven months ago, and the Congo refused to provide any substantive responses to these requests or even negotiate the scope of the requests in good faith. After due consideration of Commisimpex's motion to compel, the Court issued the Discovery Order. Even after the issuance of the Discovery Order, however, the Congo's stance has not changed. The Congo continues to ignore both its obligation to respond to Commisimpex's requests and this Court's order compelling it to do so. At this late stage in the parties' ongoing discovery dispute, Rule 37 sanctions are the only measure that can enforce the Congo's compliance with the Discovery Order.

The Court has wide discretion to craft sanctions under Rule 37. Under the circumstances here, where the Congo has continually obstructed Commisimpex's efforts to learn information necessary to locate attachable assets, significant sanctions are warranted. First, this Court should prohibit the Congo from contesting that its property is being used for a commercial activity within the United States whenever Commisimpex relies on any of 28 U.S.C § 1610(a)'s exceptions to immunity from attachment or execution. Indeed, the Court should deem that the Congo's property in the United States is being used for commercial activity. Second, this Court should impose civil contempt sanctions against the Congo for $5,000 per week, doubling every week until it reaches a maximum of $80,000 per week, unless and until the Congo complies with

the Discovery Order.  *See FG Hemisphere Assocs. v. Democratic Republic of Congo*, 603 F. Supp. 2d 1, 3 (D.D.C. 2009) (imposing same contempt sanctions on the Democratic Republic of the Congo), *aff'd*, 637 F.3d 373, 380 (D.C. Cir. 2011).  Finally, this Court should order the Congo and its counsel to compensate Commisimpex for the expense, including attorneys' fees, of bringing the Congo into compliance with the Discovery Order.  These sanctions are appropriate in the circumstance presented here where the Congo has persistently defied its discovery obligations and has indicated that it intends to continue to do so indefinitely.

To the extent that the Congo believes that its status as a foreign sovereign excuses its delay, this misconception should be corrected immediately.  The Supreme Court in *Republic of Argentina v. NML Capital, Ltd.* held expressly that post-judgment discovery may proceed against a foreign sovereign—in that case, Argentina—and that nothing in the Foreign Sovereign Immunities Act ("FSIA") precludes such discovery.  134 S. Ct. 2250 (2014).  This Court already has applied this principle to foreign sovereigns (*see, e.g.*, *Continental Transfert Technique, Ltd. v. Fed. Gov't of Nigeria*, 308 F.R.D. 27 (D.D.C. 2015)), and it is the law in this Circuit that "the FSIA does not abrogate a court's inherent power to impose contempt sanctions on a foreign sovereign."  *FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 637 F.3d 373, 380 (D.C. Cir. 2011).  It is therefore necessary and proper that this Court now penalize the Congo's noncompliance with the sanctions requested here.

## BACKGROUND

On October 9, 2013, this Court entered an amended default judgment ("the Judgment") in favor of Commisimpex and against the Congo, under which the Congo owes Commisimpex €567,184,160.72 and US$ 855,000.  Dkt. 18.  The Congo moved on September 24, 2014—

nearly a year later—to vacate the Judgment (Dkt. 23) and this Court denied that motion on July 6, 2015. Dkt. 35.

On August 5, 2015, the Congo noticed an appeal of the denial of its motion to vacate. Dkt. 36. The Congo did not move in this Court or in the Court of Appeals for a stay of enforcement of the Judgment. On December 21, 2015, the Congo filed its opening brief and, on February 3, 2016, Commisimpex filed its opposition in response. Just days later, on February 12, 2016, the Congo moved to withdraw its appeal, having apparently terminated its relationship with its counsel, Chadbourne and Park LLP. *See* Mot. to Dismiss Appeal and for Counsel to be Relieved, *Commissions Import Export S.A. v. Republic of the Congo*, Case No. 15-7076 (D.C. Cir.) (Dkt. 1598773).

Meanwhile, because the Judgment remained final and enforceable, on August 25, 2015, Commisimpex served the Congo with a list of post-judgment interrogatories. *See* Dkt. 38-1, at 2. On September 28, 2015, the Congo responded to Commisimpex's interrogatories with a long list of exaggerated objections. *See id*. Following the meet-and-confer, during which the Congo declined to withdraw any of its objections, Commisimpex filed a motion to compel the Congo to answer the interrogatories. Dkt. 38. On December 16, 2015, this Court granted that motion and ordered the Congo to answer Commisimpex's post-judgment interrogatories, as well as to pay Commisimpex the attorney's fees and costs associated with preparing its motion to compel and reply. Dkt. 42. More than three and a half months later, the Congo still refuses to produce discovery as required by the Discovery Order. There is no stay of the Discovery Order, and, particularly given that the Congo has dismissed its appeal—the pendency of which was one of its principle objections to discovery (Opp. to Mot. to Compel (Nov. 23, 2015) (Dkt. 40) at 17-20)—there is simply no basis for the Congo's non-compliance.

**ARGUMENT**

Rule 37 of the Federal Rules of Civil Procedure authorizes a court to issue sanctions against a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A); *see also Parsi v. Daioleslam*, 778 F.3d 116, 128 (D.C. Cir. 2015) ("As Rule 37(b)'s text suggests, a production order is generally needed to trigger sanctions.") (internal quotation marks omitted). Rule 37 specifies several permissible sanctions, including: "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," or "prohibiting the disobedient party from supporting or opposing designated claims or defenses." Fed. R. Civ. P. 37(b)(2)(A)(i), (ii). Additionally, the Court may "treat[] as contempt of court the failure to obey any order . . . ." *Id.* at 37(b)(2)(A)(vii). A finding of civil contempt warrants the imposition of monetary sanctions to coerce the contemnor to comply with the order of the court. *See, e.g.*, *Cobell v. Babbitt*, 37 F. Supp. 2d 6, 38 (D.D.C. 1999) (imposing monetary sanctions on defendants for failing to comply with discovery order). In addition to permitting the issuance of such sanctions, Rule 37(b) obliges this Court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey a court order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

A. **The Congo's Misconduct Warrants Sanctions Under the Law of this Circuit**

The D.C. Circuit has held that parties who exhibit a "conscious disregard" of their discovery obligations merit Rule 37 sanctions. *E.g.*, *Founding Church of Scientology v. Webster*, 802 F.2d 1448, 1458 (D.C. Cir. 1986) (citing *Dellums v. Powell*, 566 F.2d 231, 235 (D.C. Cir. 1977)). In such circumstances, "a district court may impose issue-related sanctions [like an

4

adverse evidentiary determination] whenever a preponderance of the evidence establishes that a party's misconduct has tainted the evidentiary resolution of the issue." *Shepherd v. ABC*, 62 F.3d 1469, 1478 (D.C. Cir. 1995). Here, there is more than a preponderance of the evidence that the Congo's actions have "tainted" the resolution (i.e. execution) of Commisimpex's Judgment. Indeed, the Congo has willfully and openly refused to comply with this Court's Discovery Order. *See id.* (holding that "fundamentally penal" sanctions issued under the district court's inherent power—dismissals and default judgments, as well as contempt orders, awards of attorneys' fees, and the imposition of fines—are available where there is "clear and convincing evidence" of a party's culpability).

The purposes of Rule 37 sanctions are to ensure that the party will not benefit from its failure to comply with a court order, to obtain the party's compliance, and to serve as a deterrent. *See, e.g.*, *Perkinson v. Houlihan's/D.C., Inc.*, 108 F.R.D. 667, 683 (D.D.C. 1985) (quoting *Cine Forty-Second Street Theatre Corp. v. Allied Artists*, 602 F.2d 1062, 1066 (2d Cir. 1979)) ("Rule 37 strictures are . . . . specific deterrents and, like civil contempt, they seek to secure compliance with the [discovery] order at hand."). In this instance, sanctions are necessary to eradicate any incentive that the Congo may have to delay its responses to Commisimpex's post-judgment discovery requests and to bring about the Congo's compliance with the court order.

Accordingly, Commisimpex respectfully requests that the Court (1) preclude the Congo from asserting any immunities under the FSIA by declaring all assets located in the jurisdiction to be used for "commercial activity;" (2) find the Congo in civil contempt and award coercive monetary sanctions of $5,000 per week, doubling every week until it reaches a maximum of $80,000 per week, unless and until the Congo complies with the Discovery Order; and (3) award Commisimpex attorneys' fees and costs associated with bringing the present motion.

### B. This Court Should Preclude the Congo from Asserting Immunities Under the FSIA for Execution of the Judgment

This Court should preclude the Congo from claiming, in any action enforcing or executing the Judgment, that its property is immune from attachment or execution under the FSIA, thus deeming the property as used for commercial activity. Such a preclusion order would be a fair and just sanction in light of the Congo's repeated efforts to thwart post-judgment discovery thus far.

Rule 37(b)(2) provides that a court may prohibit "the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). A preclusion order furthers the purpose of Rule 37 such that "a party that does not provide discovery cannot profit from its own failure." *Dellums v. Powell*, 566 F.2d 231, 235 (D.C. Cir. 1977). Therefore, preclusion is an appropriate sanction when a party fails to comply with a discovery order, even where such noncompliance is not willful. *See Cope v. McPherson*, 781 F.2d 207, 209 (D.C. Cir. 1985).

In determining whether to issue a preclusion order, courts "must decide whether the sanction is 'necessary to avoid prejudice' to the aggrieved party and, to the extent the sanction is designed to deter future abuses, whether it is 'supported by a finding of flagrant or egregious misconduct.'" *Shatsky v. Syrian Arab Republic*, Civil Action No. 02-02280 (RJL), 2015 U.S. Dist. LEXIS 157319, at *21 (D.D.C. Nov. 20, 2015) (quoting *Bonds v. District of Columbia*, 93 F.3d 801, 809 (D.C. Cir. 1996)). In exercising its discretion, the Court "may consider the nature of the resulting prejudice, 'whether deterrence is necessary to protect the integrity of the judicial system,' and what effect, if any, plaintiffs' dilatory or 'contumacious conduct [has had] on the court's docket.'" *Id.* (quoting *Bonds*, 93 F.3d at 808).

Here, the facts amply justify a preclusion order against the Congo. There is no question that the Congo's noncompliance has prejudiced Commisimpex by thwarting its ability to locate assets and enforce the Judgment against the Congo. Since entry of the Judgment, Commisimpex is no closer to recovering a single penny from the Congo because the Congo has not disclosed what assets it holds in this jurisdiction or anywhere. On the contrary, Commisimpex (and this Court) has been forced to expend significant resources to address the Congo's numerous delay tactics. Furthermore, the Congo has no reasonable basis for refusing to obey the Discovery Order; indeed, its only reason for doing so is to avoid paying the Judgment. This is particularly evident now that the Congo has moved to dismiss its appeal—the principal basis for its initial objections to producing any discovery. *See* Mot. to Dismiss Appeal and for Counsel to be Relieved, *Commissions Import Export S.A. v. Republic of the Congo*, Case No. 15-7076 (D.C. Cir.) (Dkt. 1598773); Opp. to Mot. to Compel (Nov. 23, 2015) (Dkt. 40) at 17-20; Resps. and Objs. to Commisimpex's First Set of Post-Judgment Interrogs. (Sept. 28, 2015) (Dkt. 38-4) at 2-3, 10 (General Objections 4, 5, 6, and 37). Commisimpex seeks basic information needed to collect the lawfully obtained Judgment, i.e. whether the Congo has property in the United States and elsewhere that could be used to satisfy the Judgment. The Congo's defiant refusal to provide this information, even in the face of this Court's Discovery Order and despite the Congo's decision to abandon its appeal of the Judgment, establishes the egregious nature of its misconduct in this case.

The sanction Commisimpex seeks is an appropriate one against foreign sovereigns refusing to comply with post-judgment discovery. *See* Order, *NML Capital v. Republic of Argentina*, 1:08-cv-06978 (S.D.N.Y. Aug. 13, 2015) (ECF No. 814) (attached to the present motion as <u>Exhibit A</u>) (granting the judgment creditor's motion for discovery sanctions and

holding that "any property of the Republic [of Argentina] in the United States except diplomatic or military property is deemed to be used for commercial activity").  Commisimpex's discovery requests seek information regarding the location and purposes of the Congo's bank accounts and other assets and investments.  This information would allow Commisimpex to determine whether the Congo has any property that is being used for a commercial activity in the United States and may be subject to attachment and execution.  An order precluding the Congo from asserting that any property located in the United States is not being used for commercial activity would be "just" and "proportional to the discovery infraction," (*Shatsky*, 2015 U.S. Dist. LEXIS 157319, at \*18), and should be ordered here.

> **C.** **This Court Should Impose Civil Contempt Sanctions for the Congo's Failure to Comply with the Discovery Order**

Pursuant to Rule 37(b)(2)(A)(vii), a court may issue contempt sanctions for a party's failure to comply with a discovery order.  *See* Fed. R. Civ. P. 37(b)(2)(A)(vii) ("[J]ust orders" include "treating as contempt of court the failure to obey any order . . . ."); *Cobell*, 37 F. Supp. at 9 ("A federal district court . . . can hold in contempt and sanction a party for" failure to obey a discovery order.).

A party may be held in civil contempt for failure to comply with a court order if: (1) the order [the disobedient party] failed to comply with is "clear and reasonably specific"; (2) the disobedient party violated the order; and (3) the proof of noncompliance is clear and convincing.  *Id*.  Moreover, the contemnor's failure to comply with the court decree need not be intentional for a civil contempt finding.  *See NLRB v. Blevins Popcorn Co.*, 659 F.2d 1173, 1183 (D.C. Cir. 1981).  Finally, the contemnor can rebut a prima facie showing of civil contempt only by showing "good faith substantial compliance."  *Cobell*, 37 F. Supp. at 9-10 (noting that "the

contemnor bears the burden of proving that it took all reasonable steps within its power to comply with the court's order.") (internal quotation marks omitted).

A finding of civil contempt is fully warranted here. First, the Discovery Order unambiguously requires the Congo to respond to Commisimpex's interrogatory requests, and the Congo cannot in good faith argue otherwise. *See* Dkt. 42. Second, it is undisputed that the Congo has not responded to the requests and in fact has produced no documents whatsoever. Third, the Congo cannot seriously contend that it has shown any, let alone substantial, compliance. *See SEIU Nat'l Indus. Pension Fund v. Artharee*, 48 F. Supp. 3d 25, 30 (D.D.C. 2014) (finding defendant in civil contempt of discovery order because "the record does not indicate that the Defendant has taken any steps, let [] alone reasonable steps, to comply with the Court's Order"); *Cobell*, 37 F. Supp at 39 (imposing contempt sanctions where defendants "took no action whatsoever to bring [the contemnor] into compliance" with discovery order).

The Congo has had more than ample time to comply with the requests, which were issued more than seven months ago. The Congo's complete avoidance of its discovery obligations, particularly after it moved to dismiss its pending appeal of the Judgment, demonstrate a total lack of good faith to comply with the Court's order. Accordingly, contempt sanctions are appropriate here. *See SEC v. Showalter*, 227 F. Supp. 2d 110, 123 (D.D.C. 2002) (affirming earlier finding of contempt due to defendant's "bad faith" and ordering additional contempt sanctions "to motivate [defendant] to demonstrate good faith and to comply with the court's Final Judgment and [discovery] orders").

A district court's discretion to enforce compliance with its orders extends to imposing sanctions for civil contempt on foreign sovereigns. *See FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 637 F.3d 373, 380 (D.C. Cir. 2011). In *FG Hemisphere*, the

9

D.C. Circuit affirmed the district court's order imposing civil contempt sanctions of $5,000 per week on the Democratic Republic of Congo ("DRC")[1], doubling every week until either reaching a maximum of $80,000 per week or until the Democratic Republic of the Congo complied with the post-judgment discovery order.  *Id.* at 376; *see also FG Hemisphere Assocs. v. Democratic Republic of Congo*, 603 F. Supp. 2d 1, 3 (D.D.C. 2009).  In determining the appropriate amount of a civil contempt sanction, this Court considers what size award "will coerce the contemnor into compliance, compensate the complainant for losses due to the noncompliance, or both." *Walters v. People's Republic of China*, 72 F. Supp. 3d 8, 11 (D.D.C. 2014).  To make this determination, the Court looks to past sanctions imposed for civil contempt.  *See, e.g.*, *United States v. Philip Morris USA, Inc.*, 287 F. Supp. 2d 5, 15 n.11 (D.D.C. 2003) (comparing contempt sanctions imposed on Philip Morris with those imposed on another corporate defendant in the Second Circuit).

To successfully "coerce the [Congo] into compliance" with the Discovery Order, this Court should impose a substantial monetary sanction on the Congo of $5,000 per week, doubling every week until it reaches a maximum of $80,000 per week, until it comes into full compliance. First, the harm to Commisimpex as a result of the Congo's noncompliance is clear: Commisimpex cannot locate assets belonging to the Congo that may be subject to attachment and therefore cannot enforce the Judgment.  Instead, every passing day that the Congo defies the Discovery Order renders satisfaction of the Judgment more and more remote.  Second, only a strong sanction is likely to compel the Congo to comply with the Discovery Order.  Given the Congo's willful disregard of the Discovery Order, along with its years-long resistance to paying its debt obligations to Commisimpex, a lesser sanction would be meaningless and ineffective.

---

[1] For the avoidance of any confusion, the sovereign defendant in *FG Hemisphere*, the Democratic Republic of the Congo, is distinct from the Republic of the Congo, which is the Respondent in the present case.

Third, there is no question that the Congo—a foreign sovereign with an annual GDP of approximately $14.18 billion USD$^2$—has the financial resources to pay a substantial monetary sanction. "In light of [the Congo's] continued intransigence" (*FG Hemisphere*, 637 F.3d at 379), the Congo has no basis to claim that such a sanction would be punitive or unduly burdensome.

Notably, the sanction in *FG Hemisphere*—$5,000 per week, doubling every week until reaching $80,000 per week—was awarded where the DRC had failed to *adequately* comply with the court ordered discovery plan, because it had produced duplicative documents and only produced documents related to assets in Washington, DC. *FG Hemisphere*, 603 F. Supp. 2d at 2. Here, in contrast, the Congo has produced *nothing* in response to the requests. Imposing the same sanctions on the Congo today is a fair comparison—the DRC and the Congo are neighboring foreign states—and therefore comports with this Court's practice of imposing similar sanctions on similar contemnors. *See Philip Morris USA*, 287 F. Supp. 2d at 15 n.11. Because a lesser sanction will not galvanize the Congo into action, Commisimpex respectfully requests that the Court impose a coercive sanction of $5,000 per week, doubling every week until it reaches a maximum of $80,000 per week, unless and until the Congo complies with the Discovery Order.

        **D.**     **This Court Must, Pursuant to Rule 37(b)(2)(C), Order the Congo and Its Attorneys to Compensate Commisimpex for the Cost of Securing the Congo's Compliance with the Discovery Order**

Commisimpex is also entitled to an award of attorneys' fees based on the Congo's failure to comply with the Discovery Order. Rule 37(b)(2)(C) provides for such sanctions, which are "eminently appropriate" when a party intransigently defies a court order compelling discovery.

---

[2] *Republic of the Congo*, The World Bank, http://www.worldbank.org/en/country/congo (last visited Mar. 31, 2016).

*United States v. Dynamic Visions, Inc.*, 307 F.R.D. 299, 302 (D.D.C. 2015).  In relevant part, the rule provides:

> Instead of or in addition to [other enumerated sanctions], the court ***must*** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).  Thus, cost shifting under Rule 37(b)(2)(C) is mandatory unless one of two exceptions—substantial justification or other circumstances—applies.  *See Myrdal v. District of Columbia*, 248 F.R.D. 315, 316-17 (D.D.C. 2008) (noting that, unlike the discretionary sanctions provided for in Rule 37, a court "must" order the noncompliant party to pay the other party's reasonable expenses and attorneys' fees).

Here, the Congo cannot meet its burden of showing that Rule 37's mandatory monetary sanctions should not be imposed.  *See Parsi v. Daioeslam*, 778 F.3d 116, 128 n.13 (D.C. Cir. 2015) (Rule 37 "places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust.  Allocating the burden in this way . . . is particularly appropriate when a court order is disobeyed.") (internal quotation marks omitted).  The Congo has no basis to claim justification, let alone substantial justification, for its intentional violation of the Discovery Order.  *See id.* at 127 (internal quotation marks omitted) ("A party is substantially justified in opposing discovery or disobeying an order if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.").  There is no dispute as to the Congo's obligations under the clear terms of the Discovery Order, and there are no other circumstances that would make an award of expenses unjust.

On the contrary, monetary sanctions would be "eminently appropriate" because they represent costs Commisimpex would not have incurred but for the Congo's deliberate noncompliance with the Discovery Order. *Dynamic Visions, Inc.*, 307 F.R.D. at 302. As discussed above, the Congo's refusal to comply with the Discovery Order prejudices Commisimpex and deprives it of key tools available to judgment creditors to enforce the Judgment. Because Rule 37 generally obligates a court to award attorneys' fees and costs to the moving party, there can be no doubt that such a sanction is appropriate here.

Moreover, as the Rules make clear, it is appropriate in these situations for the Court to order counsel for the recalcitrant defendant to pay for costs and fees associated with the defendant's non-compliance with discovery. Fed. R. Civ. P. 37(b)(2)(C) (providing that the "attorney advising th[e disobedient] party" may be compelled to pay attorneys' fees and other reasonable expenses); *see also Myrdal*, 248 F.R.D. at 316-17. Therefore Chadbourne, in addition to the Congo, is liable to Commisimpex for attorneys' fees and other costs incurred in bringing the Congo into compliance with the Discovery Order.

This Court routinely issues awards for attorneys' fees and costs to compensate the moving party for the legal fees and other expenses incurred to compel compliance with the relevant order. *See, e.g.*, *Dynamic Visions, Inc.*, 307 F.R.D. at 304; *Beck v. Test Masters Educ. Servs.*, 289 F.R.D. 374, 387 (D.D.C. 2013); *Embassy of the Federal Republic of Nigeria v. Ugwuonye*, 292 F.R.D. 53, 60 (D.D.C. 2013); *Myrdal*, 248 F.R.D. at 318. Further, this Court has imposed similar monetary sanctions on recalcitrant foreign governments (and their counsel) for non-compliance with a discovery order. *See, e.g.*, *FG Hemisphere*, 603 F. Supp. 2d at 3 (imposing monetary sanctions on a foreign sovereign under Rule 37(b)(2)), *aff'd*, 637 F.3d at 380.

Accordingly, this Court should order the Congo and its counsel to pay attorneys' fees and all other costs Commisimpex incurred in bringing the Congo into compliance with the Discovery Order.

## **CONCLUSION**

For the reasons stated above, Commisimpex requests that its motion for sanctions against the Congo be granted, and that the Congo (i) be precluded from claiming, in any action enforcing or executing the Judgment, that its property is immune from attachment or execution under the FSIA (such property being deemed as being used for commercial activity), (ii) pay a coercive sanction of $5,000 per week, doubling every week until it reaches a maximum of $80,000 per week, and (iii) pay attorneys' fees and all other costs Commisimpex incurred in bringing the Congo into compliance with the Discovery Order, with all sanctions in force until the Congo complies with the Court's December 16, 2015, order.

Dated: Washington, D.C.
April 4, 2016

Respectfully submitted,

**WHITE & CASE**LLP

/s/ Francis A. Vasquez, Jr.
Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Nicolle E. Kownacki (D.C. Bar No. 1005627)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 626-3600

*Counsel for Commissions Import Export S.A.*