UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A., )<br>)<br>*Petitioner*, )<br>)<br>v. )<br>)<br>REPUBLIC OF THE CONGO, )<br>)<br>*Respondent*. )<br>) | Civil Action No. 1:13-cv-713-RJL |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
COMMISIMPEX'S MOTION TO COMPEL ANTOINETTE SASSOU NGUESSO
TO COMPLY WITH THE JUNE 9, 2016 SUBPOENA**

WHITE & CASE LLP

Francis A. Vasquez, Jr. (DC Bar No. 442161)
Nicolle Kownacki (DC Bar No. 1005627)
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600

*Counsel for Commissions Import Export, S.A.*

July 6, 2016

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

BACKGROUND ..........................................................................................................................1

ARGUMENT .................................................................................................................................4

I.  Commisimpex Is Entitled to Post-Judgment Discovery from Ms. Sassou Nguesso ...........4

  A.  Commisimpex Is Entitled to Seek Depositions and Documents from Nonparties Possessing Information Relevant to Locating the Congo's Assets ........................................................................................................................4

  B.  Ms. Sassou Nguesso Possesses Information Relevant to Locating the Congo's Assets...................................................................................................5

II.  Ms. Sassou Nguesso's Failure to Appear for Her Deposition Necessitates that She Now Be Compelled To Do So ..............................................................................................6

III.  FURTHER SERVICE OF PROCESS ..................................................................................7

CONCLUSION...............................................................................................................................8

## INTRODUCTION

Petitioner Commissions Import Export S.A. ("Commisimpex") hereby moves, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to compel Ms. Antoinette Sassou Nguesso to comply with the subpoena that Commisimpex caused to be served on her.[1]

On June 9, 2016, Commisimpex served on Ms. Sassou Nguesso a subpoena commanding her to appear for a deposition and to bring with her to that deposition certain documents and other information in her possession pertaining to assets held by her, her family, and other associates that could be connected in any way to Respondent Republic of the Congo ("the Congo") or any of the Congo's agencies or instrumentalities. Despite the clear terms of the subpoena, Ms. Sassou Nguesso failed to attend the deposition and did not produce any documents. Moreover, neither she, nor a representative on her behalf, contacted counsel for Commisimpex regarding the subpoena or registered any objections to it.

Left with no alternative, Commisimpex now moves this Court for an order compelling Ms. Sassou Nguesso to comply fully with the subpoena's command to appear for a deposition at, and to bring with her all documents and other information that it requests to, the offices of White & Case LLP ("White & Case"), 701 Thirteenth Street, NW, Washington, DC 20005, within 30 days of the Court's ruling on this motion or by agreement between Commisimpex and Ms. Sassou Nguesso.

## BACKGROUND

This matter arises from a longstanding dispute due to the Congo's failure to meet its debt obligations. In an attempt to recover the payments it is owed, Commisimpex has arbitrated and

---

[1] Commisimpex's Motion to Compel Antoinette Sassou Nguesso to Comply with the June 9, 2016 Subpoena is supported by the Declaration of Francis A. Vasquez, Jr., executed July 5, 2016, and the exhibits attached thereto ("Vasquez Decl.").

–1–

litigated against the Congo in multiple fora around the world. The Congo, at every step, has sought to evade the consequences of its wrongdoing.

The present proceeding arose from confirmation of an arbitral Award pursuant to the New York Convention and Federal Arbitration Act, 9 U.S.C. § 201, *et seq*. This Court entered judgment against the Congo on September 30, 2013 (Dkt. No. 16), and amended it to specify the amounts owed on October 9, 2013 (Dkt. No. 18) (the "Amended Judgment"). The Amended Judgment requires the Congo to pay Commisimpex €567,184,160.72; $855,000; and post-judgment interest at the statutory rate.

In a further attempt to avoid its payment obligations to Commisimpex, the Congo filed a motion to vacate this Court's Amended Judgment (Dkt. No. 23) nearly a year after judgment was entered. This Court ultimately denied the Congo's motion on all grounds (Dkt. No. 35), and the Congo filed a Notice of Appeal of that denial (Dkt No. 36). The Congo subsequently moved to withdraw that appeal on February 12, 2016 (*see* Mot. to Dismiss Appeal and for Counsel to be Relieved, *Commissions Import Export S.A. v. Republic of the Congo*, Case No. 15-7076 (D.C. Cir.) (Dkt. 1598773))—after Commisimpex had already filed a responsive brief in the Court of Appeals. On May 18, 2016, the Court of Appeals granted the Congo's motion and dismissed the appeal with prejudice. *Id*. (Dkt. 1613916).

To identify Congolese assets that might be subject to post-judgment enforcement proceedings, Commisimpex served post-judgment interrogatories on the Congo on August 25, 2015. *See* Dkt. 38-3, at 2. The Congo refused to answer any of those interrogatories (Dkt. 38-4), Commisimpex moved to compel the Congo to do so (Dkt. 38), and this Court ordered the Congo to respond in full (Dkt. 42). Because the Congo has yet to comply, Commisimpex has moved for sanctions (Dkt. 48) and respectfully awaits this Court's decision on that motion.

In the meantime, faced with the Congo's failure to produce the requested information, Commisimpex continues to pursue post-judgment discovery to recover on its judgment against the Congo. The subpoena directed at Ms. Sassou Nguesso is part of this ongoing effort. Ms. Sassou Nguesso is the wife of Denis Sassou Nguesso, the current President of the Congo. Vasquez Decl. ¶ 7. Commisimpex is focusing its post-judgment discovery process on finding information related to property and other assets held by, or otherwise connected with, the President, his family, and his associates. *Id.* Commisimpex is doing so largely because state-owned enterprises in the Congo are under the direct control of the President and his family and are used to siphon money to the President's favored associates. *Id*. The subpoena at issue in this Motion seeks to discover potentially vast assets which, though currently held by Ms. Sassou Nguesso's family and other affiliates, may be traced back to the Congo itself.

In early June 2016, Commisimpex learned that Ms. Sassou Nguesso would be visiting the United States and staying in the District of Columbia. *Id*. ¶ 8. Commisimpex engaged a professional process-serving company to serve a subpoena on Ms. Sassou Nguesso while she was present in the District. *Id*. On June 9, 2016, at Howard University Hospital in the District of Columbia, Commisimpex effected personal service on the person of Ms. Sassou Nguesso. *Id*. ¶¶ 9-10. This subpoena commanded Ms. Sassou Nguesso to appear at a deposition on June 27, 2016, to be held at 10:00am at the offices of White & Case. *Id*. ¶ 11. The subpoena also directed Ms. Sassou Nguesso to bring with her to the deposition documents and other information regarding assets held by her, her family members, and other associates. *Id*. The purpose of the deposition was to discover any connection between such assets and the Congo and its agencies or instrumentalities. *Id*. ¶ 12.

Despite extensive preparation by White & Case, including the engagement of a court reporter and videographer, Ms. Sassou Nguesso failed to appear or even to contact White & Case regarding her nonappearance.  *Id.* ¶¶ 13-14.

## **ARGUMENT**

I. **COMMISIMPEX IS ENTITLED TO POST-JUDGMENT DISCOVERY FROM MS. SASSOU NGUESSO**

   A. **Commisimpex Is Entitled to Seek Depositions and Documents from Nonparties Possessing Information Relevant to Locating the Congo's Assets**

"The rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 2254 (2014).  Rule 69 of the Federal Rules states that, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from *any* person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2) (emphasis added); *see also Falicia v. Advanced Tenant Servs.*, 235 F.R.D. 5, 7 (D.D.C. 2006) ("The judgment creditor may therefore utilize the discovery devices provided in Rule 26."); 12 C. Wright, A. Miller, & R. Marcus, *Federal Practice and Procedure* § 3014, p. 160 (2d ed. 1997) (noting that the court "may use the discovery devices provided in [the federal rules] or may obtain discovery in the manner provided by the practice of the state in which the district court is held").  As the Supreme Court has stated, "'[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'"  *NML Capital*, 134 S. Ct. at 2254 (quoting Fed. R. Civ. P. 26(b)(1)).

Federal courts, including this one, "afford[] judgment creditors broad opportunities to discover concealed assets of judgment debtors *including acquiring such information from non-parties*."  *Falicia*, 235 F.R.D. at 7 (emphasis added).  Where nonparties fail to comply with such requests for discovery, as the Congo has done here, this Court will compel nonparties to comply

–4–

and provide information relevant to locating the assets of judgment debtors.  *See, e.g.*, *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 194 (D.D.C. 2003) (compelling nonparty to comply with subpoena because "financial documents and billing records" in nonparty's possession were "reasonably calculated to lead to admissible evidence which [would] provide . . . an opportunity to enforce the judgment rendered.").

        **B.**      **Ms. Sassou Nguesso Possesses Information Relevant to Locating the Congo's Assets**

Commisimpex issued and served the subpoena on Ms. Sassou Nguesso specifically to discover information relevant to locating assets belonging to the Congo.  As mentioned above, Ms. Sassou Nguesso is the wife of Congo's sitting President, Denis Sassou Nguesso.  Vasquez Decl. ¶ 7.  As such, she is likely privy to information regarding the many properties and other assets held by her family and other associates.  These properties and other assets potentially are subject to execution as it is widely known that the President and his family control many of the Congo's state-owned enterprises and transfer revenues from such state-owned entities to themselves and others.  *See id.*

Accordingly, Commisimpex served this subpoena on Ms. Sassou Nguesso to procure information on potentially vast assets which, though currently held by her family and other affiliates, may be traced to the Congo or its agencies or instrumentalities.  Hence, the subpoena enumerated an extensive list of family members and non-family associates to whom the subpoena's requests for information applied.  Dkt. 55, at 9-15.  For example, the subpoena sought information on bank accounts, real property, and corporations and other entities, which Ms. Sassou Nguesso, her family, or other associates either held or in which any of them possessed an interest.  *See id.* at 20.  The subpoena also sought information on liquid and tangible assets owned by the Congo or its agencies and instrumentalities.  *See id.* at 21.  These

requests included demands for information regarding the Congo's oil resources and revenues (*id.*), which Ms. Sassou Nguesso's family members and associates directly control. Vasquez Decl. ¶ 7.

**II.   MS. SASSOU NGUESSO'S FAILURE TO APPEAR FOR HER DEPOSITION NECESSITATES THAT SHE NOW BE COMPELLED TO DO SO**

Despite Commisimpex's entitlement to conduct post-judgment discovery on Ms. Sassou Nguesso, Ms. Sassou Nguesso neither appeared for her deposition nor communicated in any way with Commisimpex or its counsel regarding the subpoena. Vasquez Decl. ¶¶ 13-14. It cannot be disputed that Ms. Sassou Nguesso was aware of her duty to attend. On June 9, 2016, Commisimpex caused the subpoena to be served personally on Ms. Sassou Nguesso. *Id.* ¶ 10. The service of the subpoena took place within the District of Columbia at Howard University Hospital. *Id.* The subpoena expressly commanded Ms. Sassou Nguesso to appear for the deposition in question at 10:00am on Monday, June 27, 2016, at the offices of White & Case and it clearly directed her to bring documents and other information that would further Commisimpex's judgment enforcement efforts. *Id.* ¶ 11.

Notwithstanding the subpoena's personal service and clear commands, Ms. Sassou Nguesso failed to attend the deposition or to even notify Commisimpex whether she would comply with her obligations under the subpoena. *Id.* ¶ 13. On June 27, 2016, counsel for Commisimpex convened prior to 10:00am to take Ms. Sassou Nguesso's deposition, along with a court reporter and videographer engaged specifically for that purpose. *Id.* Ms. Sassou Nguesso failed to appear at 10:00am, nor did she appear afterwards, though Commisimpex continued to wait for another hour and a half. *Id.* ¶¶ 13-14.

Ms. Sassou Nguesso's failure to attend her deposition or even respond to the subpoena only adds to the expense and effort undertaken by Commisimpex to hold the Congo to account

for its debts. Commisimpex and its counsel engaged in extensive preparations for the deposition, preparing a voluminous series of questions and exhibits regarding the matters outlined in the subpoena, including questions regarding assets held by Ms. Sassou Nguesso and any of her family members or other affiliates. *Id.* ¶ 12; *see also Caisson Corp. v. Cnty. W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974) (holding that a judgment creditor is free to undertake "a broad inquiry to discover hidden or concealed assets of the judgment debtor").

Ms. Sassou Nguesso's wholesale failure to comply only further frustrates Commisimpex's long-running and good-faith efforts to obtain post-judgment discovery. Such dilatory conduct should not be condoned by this Court. *See, e.g.*, *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F.Supp.2d 508, 521 (S.D.N.Y. 2013) (sustaining court's order compelling foreign sovereign to respond to discovery requests to prevent judgment creditor "from further stalling these already prolonged post-judgment discovery proceedings").

## III. FURTHER SERVICE OF PROCESS

To facilitate the resolution of this Motion, through further notice, Commisimpex has identified a set of addresses where Antoinette Sassou Nguesso is known to be found or is otherwise connected, including local addresses. Vasquez Decl. ¶ 15. These addresses are provided in the Certificate of Service included with this Motion, as well as with the Proposed Order.

## CONCLUSION

For the foregoing reasons Commisimpex respectfully requests that the Court grant its Motion to Compel Antoinette Sassou Nguesso to Comply with the June 9, 2016 Subpoena within 30 days of the Court's ruling on this motion or by agreement between Commisimpex and Ms. Sassou Nguesso.

Dated: Washington, DC
July 6, 2016

Respectfully submitted,

**WHITE & CASE**LLP

/s/ *Francis A. Vasquez, Jr.*
Francis A. Vasquez, Jr. (DC Bar No. 442161)
Nicolle E. Kownacki (DC Bar No. 1005627)
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600

*Counsel for Commissions Import Export S.A.*