UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A., ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| *v.* ) | Civil Action No. 1:13-cv-713-RJL |
| ) | |
| REPUBLIC OF THE CONGO, ) | |
| ) | |
| *Respondent.* ) | |

**DECLARATION OF FRANCIS A. VASQUEZ, JR. IN SUPPORT OF COMMISIMPEX'S MOTION TO COMPEL ANTOINETTE SASSOU NGUESSO TO COMPLY WITH THE JUNE 9, 2016 SUBPOENA**

I, Francis A. Vasquez, Jr., hereby declare as follows:

1. I am a member of the bar of this Court and a partner with the law firm of White & Case LLP ("White & Case"). I am the attorney of record for Petitioner Commissions Import Export S.A. ("Commisimpex") in the above-captioned action. Commisimpex is a judgment creditor to a judgment entered by this Court against Respondent Republic of the Congo ("the Congo") on October 9, 2013 (the "Amended Judgment").

2. I make this declaration in support of Commisimpex's motion to compel Antoinette Sassou Nguesso to comply with a subpoena to testify at a deposition in the above-captioned action. Dkt. 55. On June 9, 2016, Commisimpex caused Ms. Sassou Nguesso to be served with a subpoena in the District of Columbia, pursuant to Federal Rule of Civil Procedure 45(c). *Id*. at 6. Commisimpex filed a notice of subpoena the following day on the docket in this case. *Id*. at 2. The subpoena commanded Ms. Sassou Nguesso to appear for this deposition, and to bring with her specified documents, at 10:00am on June 27, 2016, at the offices of White &

Case LLP, 701 Thirteenth Street, NW, Washington, DC 20005.  *Id*. at 5.  Ms. Sassou Nguesso failed to appear for her deposition, thereby necessitating this motion to compel.

## Background

4. This submission relates to the judgment entered by this Court against the Congo on September 30, 2013 (Dkt. 16), and amended on October 9, 2013 (Dkt. 18).  The Amended Judgment requires the Congo to pay Commisimpex €567,184,160.72, $855,000, and post-judgment interest at the statutory rate.

4. The Congo filed a motion to vacate this Court's Amended Judgment (Dkt. 23) nearly a year after its entry, a motion this Court denied on all grounds on July 6, 2015 (Dkt. 35).  The Congo filed a Notice of Appeal of that denial (Dkt. 36) but ultimately moved to withdraw that appeal on February 12, 2016 (*see* Mot. to Dismiss Appeal and for Counsel to be Relieved, *Commissions Import Export S.A. v. Republic of the Congo*, Case No. 15-7076 (D.C. Cir.) (Dkt. 1598773))—after Commisimpex had already filed a responsive brief in the Court of Appeals.  On May 18, 2016, the Court of Appeals granted the Congo's motion and dismissed its appeal with prejudice.  *Id*. (Dkt. 1613916).

5. Meanwhile, because this Court's Amended Judgment was enforceable, on August 25, 2015, Commisimpex served the Congo with a list of post-judgment interrogatories.  *See* Dkt. 38-3, at 2.  On September 28, 2015, the Congo responded to Commisimpex's interrogatories with a long list of objections.  *See* Dkt. 38-4.  Following the meet-and-confer, during which the Congo declined to withdraw any of its objections, Commisimpex filed a motion to compel the Congo to answer the interrogatories.  Dkt. 38.  On December 16, 2015, this Court granted that motion and ordered the Congo to answer Commisimpex's post-judgment interrogatories, as well as to pay Commisimpex the attorney's fees and costs associated with

preparing its motion to compel and reply. Dkt. 42. Because the Congo failed to produce any documents or even indicate when it would comply, on April 4, 2016, Commisimpex filed a motion for sanctions against the Congo and its counsel (Dkt. 48) and respectfully awaits a decision from this Court on that motion. The Congo to this day has not produced any responses to the interrogatories, nor given any indication that it will at some point respond.

6. Faced with the Congo's continued intransigence, Commisimpex also has begun to seek post-judgment discovery from members of the Congolese government, their family members, and other associates connected with assets of the Congo or its agencies or instrumentalities. These individuals likely possess nonprivileged information relevant to the satisfaction of Commisimpex's judgment.

**Service of Subpoena**

7. The subpoena directed at Ms. Sassou Nguesso (Dkt. 55) is the first of such efforts in the District of Columbia. Ms. Sassou Nguesso is the wife of Denis Sassou Nguesso, the current President of the Congo. Commisimpex seeks information related to property and other assets held by, or otherwise connected with, the President, his family, and his associates. It is widely known that corruption is pervasive in the Congolese government and that state-owned enterprises are under the control of the President and his family and are used to siphon money to the President's favored associates.[1] Accordingly, Commisimpex served this subpoena on Ms. Sassou Nguesso to procure information on potentially vast assets which, though currently held by her family and other affiliates, may be traced to the Congo or its agencies or instrumentalities.

8. In early June 2016, Commisimpex learned that Ms. Sassou Nguesso would be visiting the United States, including the District of Columbia, during the week of June 6

---

[1] *See, e.g.*, *Congo, Republic of (Brazzaville)*, Freedom House, https://freedomhouse.org/report/freedom-world/2015/congo-republic-brazzaville (last visited July 5, 2016).

through 10. Commisimpex engaged a professional process-serving company to serve the subpoena on Ms. Sassou Nguesso while she was present in the District of Columbia.

9. On June 9, 2016, Commisimpex learned that Ms. Sassou Nguesso had arrived in the District of Columbia and that she would be visiting Howard University Hospital that afternoon. Upon learning of this information, I instructed Commisimpex's process server to travel to Howard University Hospital in order to serve the subpoena on Ms. Sassou Nguesso.

10. At approximately 3:30pm that day, I received a call from Commisimpex's process server notifying me that she had served the subpoena on the person of Ms. Sassou Nguesso at Howard University Hospital. During the call, I learned that Ms. Sassou Nguesso's personal security officer was attempting to detain Commisimpex's process server for questioning. The process server informed me that several men dressed in blue uniforms with guns were detaining her at the hospital and would not let her go. I asked to speak to the men, but they refused. Following that refusal, I immediately called 911 and informed the emergency dispatcher that Commisimpex's process server faced imminent unlawful detention. I asked that local police be sent to assist her. While I was still on that call (I was speaking on two lines at once), Ms. Sassou Nguesso's security stood down and permitted Commisimpex's process server to leave peaceably.

### Failure to Appear at Deposition

11. The subpoena that Commisimpex caused to be served on Ms. Sassou Nguesso commanded her to appear for a deposition at 10:00am on Monday, June 27, 2016, at the offices of White & Case LLP, 701 13th Street, NW, Washington, DC 20005. Dkt. 55, at 5. Furthermore, the subpoena directed that Ms. Sassou Nguesso "bring with her to the deposition . . . documents, electronically stored information, or objects" that Commisimpex

4

outlined in Schedule A to the subpoena and that she "permit inspection, copying, testing, or sampling of th[at] material." *Id*. at 5, 8.

12. In anticipation of the deposition, Commisimpex directed White & Case to prepare a voluminous set of questions and exhibits regarding the matters outlined in the subpoena, including questions regarding assets held by Ms. Sassou Nguesso and any of her family members or other affiliates. The purpose of this deposition was to discover any connection between assets held by Ms. Sassou Nguesso, her family, and other associates and the Congo and its agencies or instrumentalities.

13. On the morning of June 27, 2016, I, along with Timothy L. Wilson, Jr., Esq., an associate at White & Case, waited for Ms. Sassou Nguesso to appear for the deposition, in compliance with the terms of the subpoena. Waiting with us was a court reporter and videographer, both engaged to record Ms. Sassou Nguesso's deposition. Ms. Sassou Nguesso failed to appear at 10:00am, nor did she appear afterwards, though we continued to wait for another hour and a half. I was not contacted by Ms. Sassou Nguesso or by an attorney or representative on her behalf. Nor have I heard from her since, although it was reported in the press that lawyers for the Congo in France were aware of the subpoena. *See Congo-Brazzaville: Antoinette Sassou-Nguesso Called by Lawyers in the US*, RFI Africa (June 27, 2016), http://www.rfi.fr/afrique/20160627-congo-brazza-antoinette-sassou-nguesso-cabinet-avocats-americain-dette-homme-affair (attached hereto, with translation, as Exhibit A). Thus it is clear that Ms. Sassou Nguesso has actual notice and is simply electing not to respond.

14. Attached hereto as Exhibit B is the Certificate of Non-Attendance executed by the court reporter, which indicates that Ms. Sassou Nguesso failed to appear for her deposition between 10:00am and 11:30am on June 27, 2016.

## Service of Process

15.     I have been made aware of a number of addresses connected with Antoinette Sassou Nguesso, including an official address for her foundation and certain local addresses. Accordingly, I have included all of the addresses in the Certificate of Service for this Motion, as well as the Proposed Order.


Dated: Washington, DC
       July 6, 2016

                                                      /s/ *Francis A. Vasquez, Jr.*
                                                      Francis A. Vasquez, Jr.