**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| COMMISSIONS IMPORT EXPORT S.A., | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| *v.* | ) | Civil Action No. 1:13-cv-713-RJL |
| | ) | |
| REPUBLIC OF THE CONGO, | ) | |
| | ) | |
| *Respondent.* | ) | |

## <u>NOTICE OF SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION</u>

### TO ALL PARTIES AND COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 45, Petitioner, by and through its attorneys, hereby gives notice of the service of the attached subpoena on **Denis-Christel Sassou Nguesso** ("Mr. Sassou Nguesso") on September 19, 2016.  The subpoena commands Mr. Sassou Nguesso to appear for the taking of a deposition upon oral examination commencing at 10:00 am on Monday, October 3, 2016, at the offices of White & Case LLP, 701 13th Street, N.W. Washington DC, 20005, before an officer authorized by law to administer oaths.  The deposition will be recorded by stenographic means and will be videotaped.

**PLEASE TAKE FURTHER NOTICE** that the subpoena commands Mr. Sassou Nguesso, or his representatives, to bring with him to the deposition documents, electronically stored information, and objects identified in Schedule A hereto and to permit inspection, copying, testing, or sampling of the material identified in Schedule A.

Dated: September 19, 2016

/s/ *Francis A. Vasquez, Jr.*
Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Nicolle E. Kownacki (D.C. Bar No. 1005627)
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
fvasquez@whitecase.com
nkownacki@whitecase.com

*Counsel for Petitioner*
*Commissions Import Export S.A.*

<u>**CERTIFICATE OF SERVICE**</u>

I, Francis A. Vasquez, Jr., hereby certify that on September 19, 2016, a copy of the

ACCOMPANYING SUBPOENA was served in person upon Denis-Christel Sassou Nguesso.


By: <u>/s/  *Francis A Vasquez, Jr.*    </u>
        Francis A. Vasquez, Jr.

# Exhibit A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| Commissions Import Export S.A. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:13-cv-713-RJL |
| Republic of the Congo | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                    Denis-Christel Sassou Nguesso

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   White & Case LLP<br>701 13th Street, N.W.<br>Washington, DC 2000510 | Date and Time:<br><br>10/03/2016 10:00 am |
|---|---|

The deposition will be recorded by this method:   Video and stenograph

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See attached Schedule A

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/14/2016

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Petitioner
Commissions Import Export S.A.                                      , who issues or requests this subpoena, are:

Francis A. Vasquez, Jr., White & Case LLP, 701 13th Street, N.W., Washington, DC 20005, fvasquez@whitecase.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   1:13-cv-713-RJL

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Denis-Christel Sassou Nguesso

was received by me on *(date)*  9/1/2016  .

☐ I served the subpoena by delivering a copy to the named individual as follows:

Denis-Christel Sassou Nguesso,

1250 I Street, N.W., Washington, DC                          on *(date)*  9/19/2016  ; or
                                                                        11:18 AM

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date:   9/19/2016

_____
*Server's signature*

Gene Kassman, Process Server
_____
*Printed name and title*

PO Box 18647, Washington DC 20036
_____
*Server's address*

Additional information regarding attempted service, etc:

Denis-Christel Sassou Nguesso Gender: Male     Race/Skin: Black        Age: 42-48 yrs. old     Weight: 225 lbs
          Height: 6'2"     Hair: Black     Glasses:     Other:

Documents Served: Subpoena To Testify At A Deposition In A Civil Action, Schedule A and $50.000 Witness Fee

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND RULES OF CONSTRUCTION

1.      "Document" means any designated documents or electronically stored information (as defined below) – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  Fed. R. Civ. P. 34(a).

2.      "Electronically Stored Information" (or "ESI") includes, without limitation, the following:

     i.    Information that is generated, received, processed, and recorded by computers and other electronic devices including, without limitation, voicemail;

    ii.    Internal or external websites;

   iii.    Output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messaging programs or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and

   iv.    Activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to a personal digital assistant, e.g., iPhone, BlackBerry, or similar device, and file folder tabs, or containers and labels

appended to, or relating to, any physical storage device associated with each
original or copy of all documents requested herein.

3.     "Including" means including but not limited to the referenced subject.

4.     "Congo" refers to Respondent, the Republic of the Congo or the Government of
the Republic of the Congo.

5.     "You" and "Your" refer to Denis-Christel Sassou Nguesso and any person who
may have acted for or on his behalf.

6.     "Your Family Members" includes but is not limited to the following:

   i.     "Denis Sassou Nguesso" refers to Your father of that name, the current
President of the Republic of the Congo, and any person who may have acted for or on his
behalf.

   ii.     "Antoinette Sassou Nguesso" refers to Your mother of that name, and any
person who may have acted for or on her behalf.

   iii.     "Ninelle Ngouélondélé" refers to Your relative, family relation, or
affiliate of that name, and any person who may have acted for or on her behalf.

   iv.     "Claudia Sassou Nguesso Lemboumba" refers to Your relative, family
relation, or affiliate of that name, and any person who may have acted for or on her
behalf.

   v.     "Émilienne Ines Sassou Nguesso" refers to Your relative, family relation,
or affiliate of that name, and any person who may have acted for or on her behalf.

   vi.     "Judith Cendrine Sassou Nguesso" refers to Your relative, family relation,
or affiliate of that name, and any person who may have acted for on her behalf.

vii.      "Julienne Johnson" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

viii.      "Hugues Ngouélondélé" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

ix.      "Fabio Ottonello" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

x.      "Guy Philippe Amissan Jordan" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xi.      "Yacine Junior Bongo Ondimba" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

xii.      "Maurice Nguesso" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xiii.      "Rosalie Brigitte Akoli" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

xiv.      "Edna Ambende Nguesso" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

xv.      "Pascaline Bongo" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

xvi.      "Emmanuel Aimé Yoka" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xvii.      "Marguerite Ambende Nguesso" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

3

xviii.       "Serge Tchicou" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xix.       "Jean-Dominique Okemba" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xx.       "Hilaire Moko" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xxi.       "Edgard Sassou Nguesso" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xxii.       "Wildred Guy Cesar Nguesso" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xxiii.       "Llona Anaella Sassou Nguesso" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

xxiv.       "Madame Olassa" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

xxv.       "Wamba Sassou Nguesso" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xxvi.       "Andrea Sassou" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

xxvii.       "Valentin Ambende Nguesso" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xxviii.       "Eugene Ambende Nguesso" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xxix.       "Emmanuel Ngouélondélé Mongo" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xxx.        "Lily Mapapa" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

xxxi.       "Marie-Claire Dira" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

xxxii.      "Lily Kaniki" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

xxxiii.     "Edith Lucie Bongo Ondimba" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

xxxiv.      "Omar Denis Bongo Ondimba" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xxxv.       "Denis Nguesso" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xxxvi.      "Claude Wilfrid Etoka" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xxxvii.     "Denise Ambende Nguesso" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

xxxviii.    "Wilfried Nguesso" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xxxix.      "Blandine Malila" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

xl.        "Antonella Goma" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

xli.        "Nianga Ngatse Mbouala" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

xlii.        "Denis Herman Sassou Nguesso" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on his behalf.

xliii.        "Prismel Sassou Nguesso" refers to Your relative, family relation, or affiliate of that name, and any person who may have acted for or on her behalf.

7.        "Your Affiliates" includes but is not limited to the following:

i.        "Gaston Mossa" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

ii.        "Emile Nzondo" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

iii.        "Aimery-Patrick Tati" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

iv.        "Edouard Taty-Makaya" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

v.        "Charles Emile Appesse" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

vi.        "Leonie Dzama" refers to Your affiliate of that name, and any person who may have acted for or on her behalf.

vii.        "Gilbert Ondongo" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

viii.      "Amélie Saboga" refers to Your affiliate of that name, and any person who may have acted for or on her behalf.

ix.      "Denis Gokana" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

x.      "Blaise Elenga" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

xi.      "Bruno Jean Richard Itoua" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

xii.      "Jean Jacques Bouya" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

xiii.      "Lucien Ebata" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

xiv.      "Jean Yves Ollivier" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

xv.      "Jose Veiga" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

xvi.      "Paulo Santana Lopes" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

xvii.      "Maria Barbosa" refers to Your affiliate of that name, and any person who may have acted for or on her behalf.

xviii.      "Ikanna Okoli" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

xix.      "Jean-Philippe Amvame Ndong" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

xx.      "Philippe Chironi" refers to Your affiliate of that name, and any person who may have acted for or on his behalf.

8.      "Liquid Asset" as used herein refers to any cash or currency in any national denomination, any claim for receipt of money, any contract claim or chose in action, any interest in a commercial venture, or any stocks, bonds, letters of credit, or any other financial property.

9.      "Tangible Asset" as used herein refers to any tangible property, including but not limited to real property, hotels or resorts, offices, buildings, dwelling places, houses, apartments, condominiums, vehicles, valuable jewelry, paintings, or any works of art.

10.      "Oil Resources" as used herein refers to any petroleum or petroleum products produced in Congo, including without limitation any such petroleum or petroleum products extracted onshore or from its territorial waters, together with any legal or equitable interests in the same.

11.      "Instrumentality" as used herein refers to any agency, administrative agency, government-owned corporation or any subsidiary of such corporation and government-controlled corporation or any subsidiary of such corporation.

12.      "Foreign" refers to any entity that does not reside in Congo, or in the case of a business or corporation, is not incorporated in Congo.

13.      "State" refers to any sovereign nation.

14.      "Commercial activity" means any activity engaged in for the purposes of commerce, including continuous commercial activity or a single commercial transaction or act.

15.     "Creditor" refers to all individuals, foreign states and/or other entities to whom Congo is in default in any obligation.

16.      "Debtor" refers to all individuals, foreign states and/or other entities who owe a debt to Congo.

## INSTRUCTIONS

1.     <u>Production Obligations</u>.  You are required to produce all responsive Documents that are in Your possession, custody or control, which includes, without limitation, any responsive Document that was or is prepared, kept, or maintained for personal use, in the personal files, or as the personal property of any of Your Affiliates or representatives and any non-privileged Documents in the possession, custody or control of Your present and former attorneys, agents, or any other persons currently acting or who previously acted on Your behalf.

2.     <u>Redaction</u>.  Each request for Documents seeks production of the Document in its entirety, without abbreviation, modification, or redaction, including, but not limited to, all attachments, actual, proposed or contemplated envelopes, transmittal sheets, cover letters, exhibits, enclosures, or other matters affixed thereto.

3.     <u>Drafts</u>.  A request for Documents shall be deemed to include a request for all actual, proposed, or contemplated drafts or mark-ups thereof, revisions, modifications, or amendments thereto, and non-identical copies thereof, in addition to the Document itself.

4.     <u>Continuing Requests</u>.  These requests are continuing.  If, after producing the requested Documents, You obtain or become aware of any further Documents responsive to the requests in the Subpoena, You are required to produce such additional Documents.

5.      Privileged or Proprietary Matter.  In the event that You withhold any Document

on the basis of any legal objection or privilege, You shall indicate the following information for

each such withheld Document;

a)      date of Document;

b)      general character or type of Document (i.e. letter, memorandum,
        notes of meeting, etc.);

c)      the identity of the person in possession of the Document;

d)      the identity of the author of the Document;

e)      the identity of the original recipient or holder of the Document;

f)      relationship of the author, addressee and any other recipient;

g)      the general subject matter of the Document; and

h)      the legal basis, including, but not limited to, any legal objection or
        privilege for withholding the Document.

6.      Lost or Destroyed Documents.   If any Document that is the subject of these

requests was at one time in existence, but was subsequently lost, discarded or destroyed, identify

such Document as completely as possible, including the following information:  (a) type of

Document, (b) date of Document, (c) date when the Document became lost, discarded or

destroyed, (d) circumstances under which the Document was lost, discarded or destroyed and (e)

identity of all persons having knowledge of the contents of the Document.

7.      Partial Production.  If any Document cannot be produced in full, produce it to the

extent possible, stating the reasons for Your inability to produce the remainder, as well as any

information, knowledge or belief You have concerning the unproduced portion.

8.      No Responsive Documents.  If there are no Documents responsive to a particular

request, state so in writing.

9.      Pursuant to Federal Rule of Civil Procedure 34(b), documents shall be produced as they are kept in the usual course of business or organized according to the specific request to which they are responsive.  If documents and things are produced as they are maintained in the normal course of business: (a) all associated file labels, file headings thereon, and file folders shall be produced together with the responsive documents from each file; (b) all documents containing markings thereon that cannot be legibly or accurately copied shall be produced in their original form; otherwise, You may produce photocopies; and (c) each page shall be given a discrete production number.

10.     Documents attached to each other should not be separated.

11.     When asked to "describe the location" of an asset, including but not limited to an account at a financial institution, the description should include:

1.      the name, address, and telephone number of the entity where the asset is located;

2.      if the asset is located at a financial institution: identification of the account, including the name of the account holder and the account number; and

3.      the value of the asset as of (a) the date this subpoena is received by You, and (b) the date these interrogatories are answered by You.

12.     When asked to "identify" a person, if that person is an individual, specify the person's:

a.      full name;

b.      last known business address;

c.      last known residence address;

d.      last known occupation or employer (or business affiliation);

11

     e.     last known title or position;

     f.     employer and position at the time relevant to the particular inquiry; and

     g.     a brief description of the duties and responsibilities of the person at the time relevant to the particular inquiry.

13.     Pursuant to Federal Rule of Civil Procedure 34(b), all electronically stored information should be produced in image or native format and given a discrete production number.  All files, regardless of whether they are produced in image format or as native files should include all associated metadata.

14.     If You object to production of any requested document on the ground that production is unduly burdensome, please describe in writing the burden or expense of complying.

15.     In producing the documents requested by this Subpoena please indicate the specific request(s) by paragraph(s) in response to which each document or group of documents is being produced.

16.     If, in responding to this Subpoena, You encounter any ambiguities when construing a request or definition, please set forth in writing the matter deemed ambiguous and the construction used in responding.

17.     Federal law requires You to maintain all documents responsive to this Subpoena. You similarly are required to maintain any documents that are relevant to the litigation while it is pending.  The party issuing the Subpoena reserves the right to seek the production of any such documents at a future date, including those documents that may come into existence after the effective date of this Subpoena.

## DOCUMENTS SOUGHT BY THE SUBPOENA

1.      All Documents concerning any bank accounts maintained by You, Your Family Members, or Your Affiliates outside of Congo.

2.      All Documents concerning any credit accounts, including, but not limited to, credit card accounts maintained by You, Your Family Members, or Your Affiliates outside of Congo.

3.      All Documents concerning any real estate owned by You, Your Family Members, or Your Affiliates, or in which You, Your Family Members, or Your Affiliates have any form of legal or beneficial interest, located outside of Congo.

4.      All Documents concerning any corporations or other legal entities in which You, Your Family Members, or Your Affiliates have a share ownership or any other form of legal or beneficial interest, whether held directly or indirectly through other entities, nominees or natural persons.

5.      All Documents concerning any amounts paid to You, Your Family Members, or Your Affiliates by Congo or any Instrumentality of Congo, including without limitation any amounts paid to You, Your Family Members, or Your Affiliates representing direct or indirect proceeds of Oil Resources, which includes, but is not limited to:

        a.      All Documents concerning any payment, transfer, or other transaction in which You, Your Family Members, or Your Affiliates received or otherwise came into the possession of any Liquid Asset representing direct or indirect proceeds of Oil Resources;

b.      All Documents concerning any purchase, transfer, or other transaction in which You, Your Family Members, or Your Affiliates gave or otherwise exchanged any Liquid Asset representing direct or indirect proceeds of Oil Resources in return for any Tangible Asset;

c.      All Documents concerning any payment, transfer, or other transaction in which You, Your Family Members, or Your Affiliates received or otherwise came into the possession of any Liquid Asset or Tangible Asset in return for granting to third parties any legal or beneficial interest pertaining to Oil Resources; and

d.      All Documents concerning any payment, transfer, or other transaction in which You received or otherwise came into the possession of any Liquid Asset or Tangible Asset pertaining to your positions, activity, or other connections with the National Petroleum Company of the Congo (SNPC) or the now defunct Cotrade.

6.      All Documents concerning the case *Kensington v. Republic of Congo*, decided by the High Court of Justice of England and Wales on November 28, 2005, including but not limited to:

a.      All Documents concerning the use of entities controlled by Denis Gokana, including but not limited to Africa Oil and Gas Corporation (AOGC) and Sphynx Bermuda, to conceal the sale of Oil Resources by Congo to third parties outside of Congo;

b.      All Documents concerning the proceeds of any such sale of Oil Resources;

      c.      All Documents concerning fees, expenses, or other charges imposed by You or entities controlled by You on any such sale of Oil Resources, including, but not limited to, fees for consulting services provided by entities controlled by You;

      d.      All Documents concerning the use of such fees, expenses, or other charges imposed by You or entities controlled by You on any such sale of Oil Resources, including, but not limited to, the use of fees for consulting services provided by entities controlled by You;

      e.      All Documents concerning the use of any entities controlled by You, Your Family Members, or Your Affiliates, to conceal the sale of Oil Resources by Congo to third parties outside of Congo; and

      f.      All Documents concerning the proceeds of any such sale of Oil Resources.

7.      All Documents concerning any travel by You, Your Family Members, or Your Affiliates, whether undertaken under a legal name or an alias, to or from the United States in 2016, including, but not limited to:

      a.      Copies of travel documents held by You, Your Family Members, or Your Affiliates;

      b.      All Documents concerning the source or sources of funding for such travel by You, Your Family Members, or Your Affiliates;

      c.      All receipts and other documents concerning any stay by You, Your Family Members, or Your Affiliates at a hotel or other public accommodation;

     d.     All receipts and other documents concerning any meals had by You, Your Family Members, or Your Affiliates at a restaurant or other public accommodation; and

     e.     All receipts and other documents concerning any consumer goods purchased by You, Your Family Members, or Your Affiliates or on behalf of You, Your Family Members, or Your Affiliates.

8.     All Documents concerning any bank accounts maintained by Congo or by any Instrumentality of Congo, within or without Congo, or by You, Your Family Members, or Your Affiliates on behalf of Congo.

9.     All Documents concerning any bank accounts that are not maintained by Congo or by an Instrumentality of Congo, but in which Congo or any Instrumentality of Congo has money deposited at this time, within or without Congo.

10.     All Documents concerning any and all Liquid Assets owned by Congo or by any Instrumentality of Congo, located within or without Congo.

11.     All Documents concerning any and all Tangible Assets owned by Congo or by any Instrumentality of Congo, located within or without Congo.

12.     All Documents concerning any Oil Resources owned by Congo or by any Instrumentality of Congo.

13.     All Documents concerning any entities, persons or states, who owe a debt to Congo, or an Instrumentality of Congo.

14.     All Documents concerning any Creditors of Congo or an Instrumentality of Congo.

15.     All Documents concerning any Congolese official who resides, temporarily or permanently, within the United States.

16.     All Documents concerning all Foreign assistance that Congo, or an Instrumentality of Congo, receives from any Foreign entity (including any Foreign nation, business, corporation, consortium, or person).

17.     All Documents concerning any contract, agreement, or relationship between Congo or any Instrumentality of Congo and a Foreign entity (including any Foreign nation, business, corporation, consortium of person), by which such Foreign entity invests in any way in Congo, or an Instrumentality of Congo.

18.     All Documents concerning any person possessing personal knowledge of Congo or an Instrumentality of Congo's Liquid Assets, Tangible Assets, accounts or monies in any financial institution, monies, debts owed to Congo, or an Instrumentality of Congo, Congo's creditors, and foreign investments in Congo or in an Instrumentality of Congo.

19.     All Documents amounting to, or otherwise concerning, any books or records maintained by Congo, or an Instrumentality of Congo, that concern Congo or an Instrumentality of Congo's Liquid Assets, Tangible Assets, accounts or monies in any financial institution, monies, debts owed to Congo, or an Instrumentality of Congo, Congo's creditors, and foreign investments in Congo or in an Instrumentality of Congo.