UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>REPUBLIC OF THE CONGO, )<br>)<br>Respondent. ) | Civil Case No. 13-713 (RJL)<br><br>**FILED**<br>MAR 3 1 2017<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

<u>MEMORANDUM ORDER</u>
March 3 0, 2017 [Dkts. # 44, 48]

Currently pending before the Court are the Motion to Relieve Chadbourne & Parke LLP as Counsel [Dkt. #44] and the petitioner's Motion for Sanctions [Dkt. # 48]. After considering the parties' pleadings, the factual record, and the relevant law, I will GRANT both motions.

In March 2016, Chadbourne & Parke LLP filed a motion to withdraw as counsel for the Republic of Congo ("the Congo" or "respondent"). [Dkt. # 44]. The motion states that the Congo instructed Chadbourne & Parke to cease all representation in February 2016 and is no longer paying for its legal services. *Id.* at 2, 5. Petitioner Commissions Import Export S.A. ("Commisimpex" or "petitioner") opposes the motion, and argues that the Court should not grant the motion until substitute counsel enters an appearance. [Dkt. # 46].

The decision to grant or deny counsel's motion to withdraw is committed to the Court's discretion. *Laster v. D.C.*, 460 F. Supp. 2d 111, 113 (D.D.C. 2006). The Local Rules of our District state that the "[t]he court may deny an attorney's motion for leave

to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interests of justice." LCvR 83.6(d). Commisimpex argues that permitting Chadbourne & Parke to withdraw as counsel would unfairly prejudice its ability to conduct post-judgment discovery and would allow the Congo to further evade post-judgment discovery, and asks the Court to deny the motion until substitute counsel enters an appearance. [Dkt. # 46].

I disagree. Chadbourne & Parke remains in an untenable and inequitable position. The Congo has formally terminated counsel, has not paid its invoices, and is not communicative with counsel. Commisimpex fails to explain how requiring Chadbourne to nevertheless continue as record counsel will make the Congo any more responsive to post-judgment discovery. To the extent that Chadbourne & Parke's withdrawal may cause a delay in post-judgment discovery, the 45-day deadline for complying with Commisimpex's post-judgment interrogatories (and the specter of monetary fines) that I impose below will hopefully spur the Congo to engage new counsel with haste and comply with post-judgment discovery, minimizing any prejudice to Commisimpex. As a result, I will grant Chadbourne & Parke's motion to withdraw as counsel.

As for the sanctions motion, petitioner issued post-judgment interrogatories to the Congo on August 25, 2015. The Congo refused to respond to them, and petitioner filed a motion to compel the Congo to answer the interrogatories. [Dkt. # 38]. On December 16, 2015, I granted petitioner's motion and ordered the Congo to answer Commisimpex's post-judgment interrogatories and pay the attorney's fees and costs associated with preparing the motion to compel and reply. [Dkt. # 42]. In April 2016, Commisimpex moved for Rule

37 sanctions on the grounds that the Congo had yet to comply with my December 2015 Order. In light of the Congo's ongoing refusal to comply with this Court's clear Order, I find that sanctions are warranted and will grant Commisimpex's Motion for Sanctions.[1] As a result, it is hereby

**ORDERED** that Chadbourne & Parke's Motion to Withdraw [Dkt. # 44] and Commisimpex's Motion for Sanctions [Dkt. # 48] are **GRANTED**; and it is further

**ORDERED** that Chadbourne & Park LLP is relieved as counsel for the Congo; and it is further

**ORDERED** that pursuant to Local Rule 83.7(d), the Clerk shall mail copies of this Order to the Congo at the last known addresses provided by counsel in the certificate of service to its motion [Dkt. # 44 at 8]; and it is further

**ORDERED** that the Congo is in **CIVIL CONTEMPT**, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(ii) and the Court's inherent power to enforce compliance with its orders, *Armstrong v. Executive Office of the President, Office of Admin.*, 1 F.3d 1274, 1289 (D.C.Cir.1993), for its refusal to comply with this Court's December 16, 2015 Order; and it is further

**ORDERED** that the Congo, within 45 days from the date of the entry of this Order on the docket, shall answer petitioner's post-judgment interrogatories, and it is further

---

[1] To clarify, I deny Commisimpex's request to impose sanctions on Chadbourne & Parke, as Commisimpex has not met the high burden of showing that counsel was culpable for Congo's noncompliance with my Order. Further, I also deny Commisimpex's request that the "Congo be precluded from asserting that its property is immune from attachment or execution under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1610 on the basis that it is not being used for commercial activity."

**ORDERED** that if the Congo fails to answer the post-judgment interrogatories within 45 days of the entry of this Order, the Congo shall show cause on or before the expiration of the 45-day period why a fine payable to petitioner should not be imposed in the amount of $5000 per week, doubling every four weeks until reaching a maximum of $80,000 per week, unless and until DRC satisfies its discovery obligations under this Order; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 37(b)(2), Congo shall pay to petitioner the reasonable expenses, including attorney's fees, Commisimpex incurred in making its motion for sanctions.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge