UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A., ) <br> ) <br> *Petitioner*, ) <br> ) <br> *v.* ) <br> ) <br> REPUBLIC OF THE CONGO, ) <br> ) <br> *Respondent.* ) <br> ) | Civil Action No. 1:13-cv-713-RJL |

**MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1610(c)
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Pursuant to Section 1610(c) of the Foreign Sovereign Immunities Act ("FSIA"), Petitioner Commissions Import Export S.A. ("Commisimpex") respectfully moves the Court for an order ruling that (i) a "reasonable period of time" has elapsed since entry of the 2013 amended default judgment ("Judgment") and notice thereof to Respondent the Republic of the Congo ("Congo"); and, accordingly, (ii) Commisimpex may proceed with enforcement of the Judgment.  *See* 28 U.S.C. § 1610(c).  As detailed below, the nearly *four years* that have elapsed since the Judgment, and service of the Judgment pursuant to FSIA requirements, far exceed the *three-month* period commonly accepted by federal courts as "reasonable" under Section 1610(c).

**BACKGROUND**

The Court entered the Judgment in favor of Commisimpex on October 9, 2013. Dkt. No. 18. On November 5, 2013, pursuant to the FSIA service requirements of 28 U.S.C. § 1608(a)(3) and § 1608(e), Petitioner caused the Clerk to serve two copies of the Judgment and the Clerk's Entry of Default, together with translations into the official language of the Congo, on the head of the Ministry of Foreign Affairs of the Congo by DHL shipment.

Dkt. Nos. 20–21.  On September 24, 2014—nearly a year later—the Congo appeared and filed a motion to vacate the Judgment.  Dkt. Nos. 22–23.  The Court denied that motion on July 6, 2015.  Dkt. No. 35.

On August 5, 2015, the Congo noticed an appeal of the denial of its motion to vacate.  Dkt. No. 36.  On December 21, 2015, the Congo filed its first appellate brief.  On February 3, 2016, Commisimpex filed its opposition.  Days later, on February 12, the Congo moved to withdraw its appeal, having apparently terminated its relationship with its counsel, Chadbourne and Park LLP.  *See* Mot. to Dismiss Appeal and for Counsel to be Relieved, *Commissions Import Export S.A. v. Republic of the Congo*, Case No. 15-7076 (D.C. Cir. Feb. 12, 2016) (Dkt. 1598773).  Chadbourne and Park also moved to withdraw as counsel from the District Court proceedings.  Dkt. No. 44.  The D.C. Circuit later granted the Congo's motion and dismissed the appeal with prejudice.  Dkt. No. 52.

Meanwhile, Commisimpex sought post-judgment discovery from the Congo—including through interrogatories, which the Congo refused to answer.  On December 16, 2015, this Court ordered the Congo to answer Commisimpex's post-judgment interrogatories, as well as to pay Commisimpex attorney's fees and costs associated with preparing a motion to compel.  Dkt. No. 42.  Well over a year later, the Congo still has refused to comply with the Court's discovery order.  Accordingly, on March 31, 2017, the Court granted Commisimpex's motion for Rule 37 sanctions, and held the Congo in civil contempt.  Dkt. No. 84.  The Court also granted Chadbourne and Park's motion to withdraw as counsel.  Under the sanctions order, the Congo's deadline to answer the post-judgment interrogatories is May 15, 2017.  The Congo has not responded in any way to the order, let alone given any indication that it will comply.

## ARGUMENT

The FSIA governs the attachment and execution upon assets of the Congo in the United States for enforcement of the Judgment. *See* 28 U.S.C. §§ 1609-1611. Section 1610(c) states that "[n]o attachment or execution . . . shall be permitted until the court has ordered such attachment and execution after having determined that a ***reasonable period of time*** has elapsed following entry of judgment and the giving of any notice required under section 1608(e) of this chapter." 28 U.S.C. § 1610(c) (emphasis added). This is "designed to ensure that a foreign power is always given an opportunity to evaluate and respond to any court judgment entered against it which could subject its property and interests in the United States to attachment or execution." *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 271 (D.D.C. 2011).

The Congo has benefitted from far more than a "reasonable period of time" in this case. In fact, courts interpreting Section 1610(c) have held that a reasonable period elapses within three months—or less—of the entry of judgment. *See, e.g.*, *Owens v. Rep. of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) ("[C]ourts have found periods of three months and less reasonable.") (citing *Ned Chartering & Trading, Inc. v. Rep. of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (six weeks); *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No. H-01-0634, 2002 U.S. Dist. LEXIS 3976, at *2 (S.D. Tex. Jan. 25, 2002) (50 days); *Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (three months)); *Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 101 (D.D.C. 2011) (a reasonable time had elapsed because "[m]ore than 90 days have passed since the judgment was entered and the defendants noted their appearance"); *Agudas*, 798 F. Supp. 2d at 270 ("[A] period of a few months—a shorter period than in this case—has been repeatedly

found sufficient under the [FSIA]."); *Gadsby & Hannah v. Socialist Rep. of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (two months); *see also BCB Holdings Ltd. v. Gov't of Belize*, No. 14-1123 (CKK), 2017 U.S. Dist. LEXIS 17070, at * 3-4, 14 (D.D.C. Feb. 6, 2017) (where over a year and a half had elapsed since entry of judgment confirming an arbitral award, respondent conceded that petitioners were entitled to a Section 1610(c) order).

The relevant time period in this case far exceeds the three-month standard. The Judgment was entered on October 9, 2013 (*i.e.*, more than three and a half years ago), the Congo was served copies of the Judgment pursuant to FSIA procedures, and the Congo appeared and filed its motion to vacate on September 24, 2014 (*i.e.*, more than two and a half years ago). Dkt. Nos. 18, 20–23. As another court in this Circuit ruled under similar circumstances, where the defendants had "chosen default as their litigation strategy" and appeared only after entry of default judgment, "no further notice of the final judgment was required after the defendants filed an appearance in the case and noted their appeal." *Baker*, 810 F. Supp. 2d at 95, 101. Indeed, the fact that the Congo appeared and actively contested the Judgment confirms that the requirements and purpose of Section 1610(c) have been met: the Congo was "given an opportunity to evaluate and respond to any court judgment entered against it," and did so. *Agudas*, 798 F. Supp. 2d at 271.

There should be no doubt that a "reasonable period of time" has elapsed in this case. This is further confirmed by certain factors identified in the legislative history which courts have taken into account when assessing the reasonableness of shorter time periods: "the procedures necessary for the foreign state to pay the judgment . . . , evidence that the foreign state is actively taking steps to pay the judgment, and evidence that the foreign state is attempting to evade payment of the judgment." *Ned Chartering*, 130 F. Supp. 2d at 67 (citing H.R. Rep. 1487, 94th

Cong. 2d Sess. 1, 30 (1976), reprinted in 1976 U.S.C.C.A.N. 6604, 6629).  Here, the Congo has had more than adequate opportunity to undertake the necessary actions to pay the Judgment—let alone the underlying arbitration award, issued on January 21, 2013 (Dkt. No. 1-4)—but instead has made it abundantly clear that it does not intend to satisfy its obligations absent compulsion.  No further time is warranted for the Congo to continue evading payment.

To be clear, the remedy that Commisimpex seeks at this stage is purely a procedural one, necessitated by the FSIA's requirement that a foreign sovereign judgment debtor receive sufficient notice of a judgment entered against it before attachment and execution proceedings may begin.  *See, e.g.*, *BCB Holdings*, 2017 U.S. Dist. LEXIS 17070, at *15 (granting Section 1610(c) motion and ordering that "[p]etitioners are authorized to seek to enforce their judgment via attachment or execution . . . in the appropriate jurisdiction," while clarifying that the court "does not make any determination as to the propriety of attachment or execution of any particular property"); *Agudas*, 798 F. Supp. 2d at 270 ("A 1610(c) order . . . *does not* authorize the attachment or execution of particular property—or any property at all.").  The Court's prompt issuance of a Section 1610(c) order simply will permit Commisimpex to proceed with steps to secure satisfaction of the Judgment which, the record makes plain, the Congo has no intent of paying.

**CONCLUSION**

For the foregoing reasons, Commisimpex respectfully requests that the Court enter an order ruling that a "reasonable period of time" under 28 U.S.C. § 1610(c) has elapsed following the entry and notice of the Judgment, and that Commisimpex may pursue all applicable methods of attachment in aid of execution, and execution, of the Judgment.

Dated: Washington, DC
May 5, 2017

Respectfully submitted,

**WHITE & CASE** LLP

/s/ *Francis A. Vasquez, Jr.*
Francis A. Vasquez, Jr. (DC Bar No. 442161)
Jonathan Ulrich (DC Bar No. 500832)
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600

*Counsel for Commissions Import Export S.A.*